**RAINES FELDMAN LLP**
JOHN S. CHA, ESQ. (SBN 129115)
jcha@raineslaw.com
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone:  (310) 440-4100
Facsimile:   (424) 239-1613

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
MARK E. ELLIOTT (SBN 157759)
mark.elliott@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone:  (213) 488-7100
Facsimile:   (213) 629-1033

Attorneys for Plaintiffs
TC RICH, LLC, Rifle Freight, Inc., Fleischer
Customs Brokers, Richard G. Fleischer, and
Jacqueline Fleischer

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TC RICH, LLC, a California Limited Liability Company, RIFLE FREIGHT, INC., a California corporation, FLEISCHER CUSTOMS BROKERS, a sole proprietorship, RICHARD G. FLEISCHER, an individual, and JACQUELINE FLEISCHER, an individual,<br><br>                    Plaintiffs,<br><br>          v.<br><br>HUSSAIN M. SHAIKH, an individual and SHAH CHEMICAL CORPORATION, a California Corporation.<br><br>                    Defendants. | Case No.  2:19-cv-2123<br><br>**COMPLAINT FOR:**<br><br>1.  **COST RECOVERY- OWNER LIABILTY;**<br>2.  **COST RECOVERY- OPERATOR LIABILTY;**<br>3.  **COST RECOVERY- ARRANGER LIABILTY;**<br>4.  **DECLARATORY RELIEF;**<br>5.  **CONTINUING PRIVATE NUISANCE;**<br>6.  **CONTINUING TRESPASS;**<br>7.  **NEGLIGENCE; and**<br>8.  **NEGLIGENCE PER SE**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs allege as follows:

## INTRODUCTION

1.      This action arises out of hazardous substance contamination at and released from the real property commonly known as 132 West 132nd Street, Los Angeles, California (the "Property").

2.      Plaintiff TC RICH, LLC, the current record owner of the Property, discovered chemical contamination at its Property in 2015.

3.      The contamination included significant subsurface concentrations of volatile organic compounds including tetrachloroethene (a.k.a. perchloroethylene or "PCE") a known toxic and carcinogenic compound commonly used as a cleaning solvent.  In addition to appearing in soil, soil vapor, and groundwater samples taken from the Property, airborne PCE has been detected within the structure on the Property at levels in excess of California Human Health Screening Levels ("CHHSLs") for indoor air concentrations for commercial/industrial sites.

4.      Plaintiffs bring this action under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601 *et seq.* ("CERCLA") to recover the costs of response to the contamination that have now been and will continue to be incurred in responding to the contamination at the Property.  Plaintiffs seek recovery of these costs from the prior owners, operators, and polluters that caused the ongoing contamination and release of hazardous substances at the Property.

5.      Plaintiffs have a complete third party defense to liability under CERCLA § 107(b)(3) (42 U.S.C. § 9607(b)(3)), having acquired ownership of the Property after all disposal of hazardous substances occurred as a result of actions or omissions solely by third parties, having no agency or contractual relationship with the third parties who solely caused the contamination through their actions or inactions, having exercised due care with respect to the contamination, and having taken precautions against foreseeable acts or omissions of the third parties.

---

6.      In the alternative, Plaintiffs qualify for the "innocent landowner" third party defense under CERCLA §§ 101(35)(A) & 107(b)(3) (42 U.S.C. §§ 9601(35)(A) & 9607(b)(3)), as Plaintiffs acquired the Property after all disposal of hazardous substances had occurred, the contamination is solely a result of the actions or omissions of third parties, and Plaintiffs made all appropriate inquiries regarding the Property prior to Plaintiffs' purchase of same through professional environmental investigations consistent with relevant ASTM standards.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction pursuant to 42 U.S.C. § 9607(a) and 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in the Western Division of the Central District of California pursuant to 42 U.S.C. § 9607(a) and 28 U.S.C. § 1391(b) because the events giving rise to this action, including the releases or threatened releases of hazardous substances, occurred and are occurring at the Property, which is real property located in this District, and Defendants reside within the District.

## PARTIES

9.      Plaintiff TC RICH, LLC ("TC RICH"), is a California limited liability company and is the legal/record owner of the Property.  TC RICH is a single purpose entity created to purchase and own the Property.  Its members are Richard Fleischer and Jacqueline Fleischer. TC RICH purchased the Property by way of conveyance from Eun H. Lee in 2005.

10.     Plaintiff FLEISCHER CUSTOMS BROKERS is a sole proprietorship of Richard G. Fleischer and conducts business on the Property and pays rent to TC RICH.  Plaintiff RIFLE FREIGHT, INC., is a California corporation and conducts business at the Property and pays rent to TC RICH.  Its shareholders are Richard Fleischer and Jacqueline Fleischer.  RICHARD and JACQUELINE FLEISCHER are individual citizens of California, with their residence in Los Angeles County,

1  California.

2      11.    Plaintiffs TC RICH, FLEISCHER CUSTOMS BROKERS, RIFLE

3  FREIGHT, INC., RICHARD FLEISCHER, and JACQUELINE FLEISCHER

4  (collectively "Plaintiffs") bring this action as a Potentially Responsible Party (herein

5  "PRP") pursuant to the authority of Section 107(a)(4)(B) of CERCLA (42 U.S.C. §§

6  9607(a)(4)(B)) but further allege that they each have a complete third party defense

7  to liability under Section 107(b)(3) of CERCLA (42 U.S.C. § 9607(b)(3)), or in the

8  alternative, have a complete defense to liability as "innocent landowners" within the

9  meaning of Section 101(35)(A) of CERCLA (42 U.S.C. §§ 9607(b)(3) and

10  9601(35)(A)), in that Plaintiffs did not participate in any way in the disposal of toxic

11  or hazardous substances on the Property; acquired the Property after the disposal of

12  hazardous substances; did not know or have any reason to know at the time of the

13  acquisition of the Property that any hazardous substances were disposed there; had

14  no agency or contractual relationship with the parties responsible for the disposal of

15  hazardous substances at the Property; and conducted all appropriate inquiries

16  through professional environmental site reviews prior to purchasing the Property,

17  which reviews did not uncover the contamination.

18      12.    Defendant SHAH CHEMICAL CORPORATION ("Shah Chemical") is

19  named herein as a PRP pursuant to CERCLA Section 107(a)(2), 107(a)(3) and

20  107(a)(4), 42 U.S.C. §§ 9607(a)(2), (a)(3) and (a)(4) in that said defendant was the

21  occupant and/or operator of the Property from approximately 1980 to 1983, during

22  which time said defendant actively transported to and disposed of hazardous

23  substances on the Property as more fully described herein.  Plaintiffs are informed

24  and believe that Shah Chemical was the predecessor entity to Pacifica Chemical

25  Incorporated ("Pacifica Chemical"), which took over site operations from Shah

26  Chemical beginning around 1983.

27      13.    Defendant Hussain M. Shaikh ("Shaikh") is named herein as a PRP

28  pursuant to CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2), in that said

1    defendant was the owner of the Property from approximately 1978 to 2003, during

2    which time hazardous substances were disposed of at the Property.

3         14.    Defendant Shaikh is currently and was at all relevant times herein the

4    owner of Shah Chemical and Pacifica Chemical.

## FACTUAL BACKGROUND

**The Property and Shah Chemical's Operations.**

7         15.    The Property is comprised of parcels of real property located in an

8    unincorporated portion of the County of Los Angeles, State of California,

9    commonly known as 132 W. 132nd Street, Los Angeles, California, bearing Los

10   Angeles County Assessor Parcel Numbers 05-300-19 and 05-300-20 and consisting

11   of approximately 1.62 acres in total size and an improvement of a two-story

12   industrial structure, which is approximately 36,750 square feet in size.  The structure

13   was developed in 1978 to be occupied by Shah Chemical for chemical

14   manufacturing and distribution. Shah Chemical used the Property for these purposes

15   until approximately 1983, at which time its successor entity, Pacifica Chemical, took

16   over operations. Pacifica Chemical continued to use the Property for chemical

17   manufacturing and distribution until approximately 2000.

18        16.    After TC RICH acquired the Property in May 2005 from an unrelated

19   third party, the Property has been utilized for warehouse and distribution purposes,

20   including Plaintiffs' current logistics operations focused businesses.

21        17.    Shaikh was the record title owner of the Property from 1978 to 2003,

22   which includes the entire periods of Shah Chemical's, and its successor Pacifica

23   Chemical's, operations.

24        18.    Shah Chemical occupied the Property from at least 1980 to 1983 for its

25   chemical manufacturing and distribution business, including the formulation of

26   fabric softeners, dyes, and light detergents.  The detergents and softeners were

27   blended in mixing tanks before distribution and sale.  Wastewater was generated

28   when the mixing tanks were rinsed in order to receive new materials every week.

19.     According to Los Angeles County Department of Public Works (DPW) and the Los Angeles County Sanitation District (LACSD) records, in June 1981 Shah Chemical was issued a notice of violation for discharge of liquid waste from the mixing tanks to the sewer by way of a floor sink.

20.     After Pacifica Chemical ceased operating at the Property, the County issued a notice to Shaikh in September 2000 notifying him that he was now responsible for the associated industrial wastewater discharge permit as the owner of the Property.

21.     Shaikh sold the Property to an unrelated third party in approximately 2003, and Plaintiffs are informed and believe that the new owners used the Property for garment storage purposes and/or held the Property vacant.

22.     The clarifier tank that was located on the Property was closed in place in 2004, and the concrete trenches were also filled in.

**Plaintiff's Purchase of and Appropriate Inquiry into the Property.**

23.     At or around the time of the purchase of the Property by TC RICH in May 2005, in connection with financing of the Property and as a matter of due diligence and reasonable inquiry, a Phase I Environmental Assessment Report for the Property was prepared by a registered environmental assessor at A/E West Consultants, Inc., of Irvine, California ("A/E West").  In preparing the report, A/E West also reviewed an April 2003 Phase I report performed by JMK Environmental Solutions, Inc., of Granada Hills, California, which was performed by the third party from whom TC RICH acquired the Property, that also recommended no further action or investigation.

24.     Based on its investigation and the historical operation of a clarifier on the Property, A/E West recommended a limited further investigation solely comprised of the creation of a closure report for the clarifier with an accompanying analysis of soil samples to be submitted for certification.

25.     In accordance with the recommendation by A/E West, Plaintiff

Fleischer contracted Aqua Science Engineers, Inc., of Irvine, California ("Aqua Science"), to perform the recommended subsurface analysis for closure of the clarifier. Aqua Science determined that a closure certificate for the Property and clarifier had already been issued by the DPW in 2004 based on representations made by Shaikh and Pacifica Chemical, but without any apparent soil sampling.

26.     Despite the certificate, Aqua Science coordinated with DPW to perform soil sampling, and took soil samples at the Property under the supervision of DPW on April 7, 2005.

27.     Having made a reasonable inquiry into the potential environmental issues and having received a finding of "no contamination" from the single identified recognized environmental condition, TC RICH proceeded with and completed its purchase of the Property.

**Plaintiff's Discovery of Contamination at the Property.**

28.     In connection with Plaintiffs' repayment of the purchase-money loan for the Property, which was a 10-year term loan, a new Phase I Environmental Site Assessment was performed by Andersen Environmental of Los Angeles, California, in early 2015. After completing its own review of businesses and environmental data and records for the Property, Andersen concluded that the prior operations of Shah Chemical and its successor constituted a recognized environmental condition.

29.     Andersen recommended further soil sampling near the clarifier and at locations along the associated concrete trenches.

30.     Plaintiffs engaged EEC Environmental of Orange, California, to perform a Phase II report and investigation to assess the recognized environmental conditions identified by Andersen and to determine if these recognized environmental conditions have resulted in a release of chemicals to the environment.

31.     Specifically, EEC conducted a limited subsurface investigation and indoor air sampling event at the Property in two separate stages. Following the testing, EEC reported detections of PCE in soil, soil gas and groundwater at the

Property in concentrations and locations consistent with discharge from Shah Chemical and Pacifica Chemical's operations at the Property during the ownership tenure of Shaikh.

32.     Plaintiffs notified the California Department of Toxic Substances Control (DTSC) of the sampling results, and together with DTSC, actively engaged with Pacifica Chemical to investigate the contamination at the Property.

## FIRST CAUSE OF ACTION

**(Cost recovery and contribution based on owner liability under the Comprehensive Environmental Response, Compensation, And Liability Act, 42 U.S.C. § 9601, *et seq*. - Against All Defendants)**

33.     Plaintiffs repeat and incorporate each and every allegation contained in Paragraphs 1 through 32, inclusive, as though fully set forth herein.

34.     Shaikh and Shah Chemical are each a person within the meaning of CERCLA § 101(21) (42 U.S.C. § 9601(21)).

35.     Shaikh was the owner of the Property from approximately 1978 to 2003.

36.     Shah Chemical owned equipment at the Property from which hazardous substances were released into the environment, and therefore Shah Chemical is a person who owned a facility at the time of disposal of hazardous substances within the meaning of Section 107(a)(2) of CERCLA (42 U.S.C. § 9607(a)(2)).

37.     At various times during Shaikh's ownership of the Property, hazardous substances were disposed of at the Property through a release and/or threatened release.  As such, Shaikh is a person who owned a facility at the time of disposal of hazardous substances within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

38.     Plaintiffs are investigating and remediating the contamination at the Property consistent with the National Contingency Plan and have incurred, and continue to incur, response costs that are necessary and are consistent with the

1  National Contingency Plan.

2      39.    The hazardous substances disposed of at the Property through a release
3  was caused solely by the acts of third-parties and Plaintiffs in no way contributed to
4  the Contamination.

5      40.    Pursuant to Sections 107(a)(4)(B) and 113(f)(1) of CERCLA, (42
6  U.S.C. §§ 9607(a)(4)(B) and 9613(f)(1)), and Sections 113(f)(3)(B) and 113(f)(1) of
7  CERCLA, (42 U.S.C. §§ 9613(f)(3)(B) and 9613(f)(1)), Plaintiffs are entitled to cost
8  recovery and contribution from Shaikh in connection with the Contamination at the
9  Property.

10     41.    Plaintiffs gave notice of this Complaint to the Attorney General of the
11 United States and Administrator of the United States Environmental Protection
12 Agency, as required by CERCLA § 113(l) (42 U.S.C. § 9613(l)).

13                    **SECOND CAUSE OF ACTION**

14    **(Cost recovery and contribution based on operator liability under the**
15  **Comprehensive Environmental Response, Compensation, And Liability Act,**
16             **42 U.S.C. § 9601, *et seq*. - Against All Defendants)**

17     42.    Plaintiffs repeat and incorporate each and every allegation contained in
18 Paragraphs 1 through 41, inclusive, as though fully set forth herein.

19     43.    Shaikh and Shah Chemical are each a person within the meaning of
20 CERCLA § 101(21) (42 U.S.C. § 9601(21)).

21     44.    Shah Chemical operated a business at the Property from approximately
22 1980 to 1983, which resulted in the release and disposal of hazardous substances.

23     45.    At various times before cessation of Shah Chemical's operations at the
24 Property, hazardous substances were disposed of at the Property through a release
25 and/or threatened release at a time when Shah Chemical managed, directed or
26 otherwise controlled operations at the Property, including operations and equipment
27 specifically related to the acquisition, storage, use and/or disposal (including
28 leakage) of hazardous substances.

46.   As such, Shah Chemical is a person who operated a facility at the time of disposal of hazardous substances within the meaning of Section 107(a)(2) of CERCLA (42 U.S.C.§ 9607(a)(2)).

47.   Shaikh was an operator of the Property, including but not limited to from 2000 to 2003 when the industrial wastewater permit associated with the Property was transferred from Pacifica Chemical to him.

48.   During the time when Shaikh managed, directed, or otherwise controlled operations at the Property, the clarifier and other equipment associated with hazardous substances at the Property remained operational and therefore additional hazardous substances were released and/or posed a substantial threat of release during Shaikh's period of operations.

49.   As such, Shaikh is a person who operated a facility at the time of disposal of hazardous substances within the meaning of Section 107(a)(2) of CERCLA (42 U.S.C.§ 9607(a)(2)).

50.   Plaintiffs are investigating and remediating the Property consistent with the National Contingency Plan and have incurred, and continue to incur, response costs that are necessary and are consistent with the National Contingency Plan.

51.   The hazardous substances disposed of at the Property through a release was caused solely by the acts of third-parties and Plaintiffs in no way contributed to the contamination.

52.   Pursuant to Sections 107(a)(4)(B) and 113(f)(1) of CERCLA, (42 U.S.C. §§ 9607(a)(4)(B) and 9613(f)(1)), and Sections 113(f)(3)(B) and 113(f)(1) of CERCLA, (42 U.S.C. §§ 9613(f)(3)(B) and 9613(f)(1)), Plaintiffs are entitled to cost recovery and contribution from Shaikh and Shah Chemical in connection with the contamination at the Property.

## **FOURTH CAUSE OF ACTION**

### **(Declaratory Relief – Plaintiffs Against All Defendants)**

53.   Plaintiffs repeat and incorporate each and every allegation contained in

Paragraphs 1 through 52, inclusive, as though fully set forth herein.

54.     CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), provides that in any action for recovery of response costs, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding in any subsequent action to recover further response costs or damages.

55.     The Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., provides that "[i]n a case of actual controversy within its jurisdiction ..., any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

56.     Plaintiffs are informed and believe that the Defendants have refused to acknowledge their fair and reasonable share of past and future investigatory and response costs related to the Property.

57.     Accordingly, there has arisen and now exists an actual controversy between Plaintiffs and each Defendant relating to liability and responsibility for the costs at the Property, and how such costs should be allocated. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

58.     Absent a judicial declaration setting forth the parties' rights and obligations, including the appropriate allocable shares under CERCLA, a multiplicity of actions may result, and Plaintiffs may be obligated in the future to pay costs and damages, that under CERCLA, are in fact the responsibility of the Defendants.

59.      Pursuant to CERCLA § 113(g)(2), (42 U.S.C. § 9613(g)(2)), the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and any other applicable statute, regulation or principle of law, Plaintiffs are entitled to a declaration from this Court, and request a judgment in their favor as set forth herein.  Such a declaration would avoid the potential for a multiplicity of actions related to future costs and effectuate a just and speedy resolution of the issues and liabilities.

60.     Plaintiffs seek the determination that should response costs be

necessary concerning the contamination at the Property, the Defendants shall jointly and severally be held liable for said costs, and that Plaintiffs shall have no liability.

### FIFTH CAUSE OF ACTION

**(Continuing Private Nuisance – By TC RICH Against All Defendants)**

61.     Plaintiff TC RICH repeats and incorporates each and every allegation contained in Paragraphs 1 through 60, inclusive, as though fully set forth herein.

62.     TC RICH is informed and believes and thereupon alleges that the Defendants collectively occupied and maintained, continued to occupy and maintain, and/or aided or assisted in creating conditions on the Property in such a manner as to cause the release and continued presence of hazardous substances into the soil and groundwater beneath the Property, and that the presence of said hazardous substances (due to the physical interference as well as potential site health and safety risks) is injurious to the free use and comfortable enjoyment of the Property by Plaintiffs.

63.     The above-referenced injuries and interference is specially injurious to TC RICH in a manner different in kind from that of the general public, in that the hazardous substances that remain in the soil and groundwater beneath the Property affected the physical condition of the Property, and has significantly interfered with and continues to significantly interfere with Plaintiffs' ability to use, develop, sell, let, insure or encumber the Property. The Defendants' release and maintenance of hazardous substances has substantially and unreasonably interfered with, and continues to substantially and unreasonably interfere with, Plaintiffs' use and enjoyment of the Property.

64.     At all material times, the Defendants had a duty not to permit or allow the continuance of a nuisance, and the Defendants have breached and are breaching that duty by allowing hazardous substances to remain in the subsurface of the Property.

65.     As set forth above, TC RICH is informed and believes and thereupon

1   alleges that the Defendants maintained, have continued to maintain, and created or

2   assisted in the creation of a situation leaving hazardous substances in the soil and

3   groundwater beneath the Property without the consent or permission of Plaintiffs.

4          66.    As set forth above, TC RICH is informed and believes and thereupon

5   alleges that it is both technically and economically feasible to complete a full and

6   comprehensive cleanup and removal of the hazardous substances knowingly

7   released by and maintained on the Property by the Defendants, and that because it is

8   technically and economically feasible to abate the subsurface hazardous substance

9   conditions on the Property such conditions are not of a permanent nature.

10          67.    As a direct and proximate result of said continuing private nuisance TC

11   RICH has been damaged in sums exceeding the jurisdictional minimum of this

12   court, including damages which Plaintiffs may sustain in the future due the assertion

13   of third-party claims.  TC RICH will seek leave of the court to amend its complaint

14   to state the true amount of said damages when the same has been ascertained.

15          68.    TC RICH has no adequate remedy at law against Defendants for the

16   ongoing and threatened injuries posed by the continuing private nuisance, in that TC

17   RICH would be required to maintain a multiplicity of judicial proceedings to protect

18   its interest. TC RICH does not have an adequate remedy at law for damages alone

19   because it is difficult to determine what the actual costs of remediating and

20   monitoring will be, and whether future claims will be asserted against Plaintiffs in

21   connection with the hazardous substances knowingly released by and maintained on

22   the Property by the Defendants.

23                          **SIXTH CAUSE OF ACTION**

24          **(Continuing Trespass – By TC RICH Against All Defendants)**

25          69.    Plaintiff TC Rich repeats and incorporates each and every allegation

26   contained in Paragraphs 1 through 68, inclusive, as though fully set forth herein.

27          70.    TC RICH is informed and believes and thereupon alleges that the

28   Defendants caused and allowed the release of hazardous substances into the soil and

1    groundwater beneath the Property during the periods when Shah Chemical and its
2    successor Pacifica Chemical occupied and operated the Property, and that this
3    release or releases occurred without the consent or permission of Plaintiffs.

4        71.    TC RICH is informed and believes and thereupon alleges that the
5    Defendants maintained the continued presence on the Property of hazardous
6    substances, and that this maintenance occurred without the consent or permission of
7    Plaintiffs.

8        72.    TC RICH is informed and believes and thereupon alleges the hazardous
9    substances released by and maintained on the Property by the Defendants currently
10   remain in the soil and groundwater beneath the Property and have not been
11   removed.

12       73.    TC RICH is informed and believes and thereupon alleges that it is both
13   technically and economically feasible to complete a full and comprehensive cleanup
14   and removal of the hazardous substances released on the Property by the
15   Defendants, and that because it is technically and economically feasible to abate the
16   subsurface conditions resulting from the release of hazardous substances on the
17   Property such conditions are not of a permanent nature.

18       74.    TC RICH is informed and believes and thereupon alleges the hazardous
19   substances released by and maintained on the Property by the Defendants have
20   interfered with, and continue to interfere with, Plaintiffs' possession, use and
21   enjoyment of the Property by requiring (among other things): the installation and
22   maintenance of numerous groundwater and soil/soil vapor sampling wells on the
23   Property that limit or render unusable certain portions of the Property; incurring
24   significant environmental consulting, testing and legal costs in connection with
25   responding to the Defendants' release and maintenance of hazardous substances on
26   the Property; and potential future liability for remediation costs, damages and third-
27   party claims associated with the Defendants' release and maintenance of hazardous
28   substances on the Property.

75.     As a direct and proximate result of said continuing trespass, TC RICH has been damaged in sums exceeding the jurisdictional minimum of this court, including damages which Plaintiffs may sustain in the future due the assertion of third-party claims. TC RICH will seek leave of the court to amend its complaint to state the true amount of said damages when the same has been ascertained.

76.     TC RICH has no adequate remedy at law against the Defendants for the ongoing and threatened injuries posed by the continuing trespass, in that TC RICH would be required to maintain a multiplicity of judicial proceedings to protect its interest. TC RICH does not have an adequate remedy at law for damages alone because it is difficult to determine what the actual costs of remediating and monitoring will be, and whether future claims will be asserted against Plaintiffs in connection with the hazardous substances released by and maintained on the Property by the Defendants.

## SEVENTH CAUSE OF ACTION

### (Negligence – By Plaintiffs Against All Defendants)

77.     Plaintiffs repeat and incorporate each and every allegation contained in Paragraphs 1 through 76, inclusive, as though fully set forth herein.

78.     The Defendants had a duty to use reasonable care to avoid discharging or releasing the contamination into the soil or groundwater on the Property, and had a duty to use reasonable care to remove and to remediate the contamination at the Property.

79.     The Defendants breached their duty of reasonable care by negligently allowing the release or discharge of the contamination into the soil and groundwater of the Property, and by failing to remove or remediate the contamination at the Property.

80.     As a direct and proximate result of the Defendants' failure to use reasonable care, Plaintiffs suffered damages in an amount to be proven at trial including, but not limited to, costs associated with investigation and remediation of

1  the contamination and consequential/special losses, including, but not limited to,

2  loss or impairment of use and increased cost of financing.

3       81.    Plaintiffs are therefore entitled to an award of damages according to

4  proof at trial.

5                           **<u>EIGHTH CAUSE OF ACTION</u>**

6              **(Negligence Per Se - By Plaintiffs Against All Defendants)**

7       82.    Plaintiffs repeat and incorporate each and every allegation contained in

8  Paragraphs 1 through 81, inclusive, as though fully set forth herein.

9       83.    California Fish and Game Code Section 5650 provides that:

10            (a)    It is unlawful to deposit in, permit to pass into, or place where it
                     can pass into the waters of this state any of the following:

11

12                   (1)    Any petroleum, acid, coal or oil tar, lampblack, aniline,
                            asphalt, bitumen, or residuary product of petroleum, or

13                          carbonaceous material or substance.

14                   (2)    Any refuse, liquid or solid, from any refinery, gas house,

15                          tannery, distillery, chemical works, mill or factory of any
                            kind.

16

17                   (3)    Any sawdust, shavings, slabs, edgings.

18                   (4)    Any factory refuse, lime, or slag.

19                   (5)    Any cocculus indicus.

20                   (6)    Any substance or material deleterious to fish, plant life, or

21                          bird life.

22

23       84.    California Health & Safety Code Section 5411 states that that:

24             "No person shall discharge sewage or other waste, or the
               effluent of treated sewage or other waste in any manner which

25             will result in contamination, pollution, or a nuisance."

26       85.    California Health & Safety Code Section 5410 provides the following

27  definitions applicable to California Health & Safety Code Section 5411:

28             "Industrial waste" means any and all liquid or solid waste

_TC RICH v. Shah Chemical, et al._                15                        **COMPLAINT**

substance, not sewage, from any producing, manufacturing or processing operation of whatever nature.

"Contamination" means an impairment of the quality of the waters of the State by sewage or industrial waste to a degree which creates an actual hazard to the public health through poisoning or through the spread of disease. "Contamination" shall include any equivalent effect resulting from the disposal of sewage or industrial waste, whether or not waters of the State are affected.

"Pollution" means an impairment of the quality of the waters of the State by sewage or industrial waste to a degree which does not create an actual hazard to the public health but which does adversely and unreasonably affect such waters for domestic, industrial, agricultural, navigational, recreational or other beneficial use.

"Nuisance" means damage to any community by odors or unsightliness resulting from unreasonable practices in the disposal of sewage or industrial wastes.

"Waters of the State" means any waters, surface or underground, including saline waters, within the boundaries of the State as defined and described in Section 1 of Article XXI of the Constitution and as given greater precision in Sections 170, 171, and 172 of the Government Code.

86.     The Defendants' conduct was legally required to conform with the requirements of Fish and Game Code Section 5650 and to Health and Safety Code Sections 5410 and 5411.

87.     The Defendants' conduct violated the above stated statutes by allowing factory refuse, industrial waste and other materials harmful to fish, plant and bird life to be discharged and to contaminate or pollute the groundwater below the Property, which constitutes waters of the State.

88.     The Defendants' violations of the above stated statutes proximately

1    caused the contamination at the Property.

2        89.    The above stated statutes were designed to prevent contamination of

3    the waters of the State, including groundwater, and the environmental harms

4    suffered by Plaintiffs and caused by the Defendants' conduct.

5        90.    Plaintiffs, including TC RICH as the owner of the Property and TC

6    RICH and Fleischer as persons affected by the contamination, are members of the

7    class of persons that the above stated statutes are designed to protect.

8        91.    As a direct and proximate result of the Defendants' failure to use

9    reasonable care, Plaintiffs suffered damages in an amount to be proven at trial

10   including, but not limited to, costs associated with investigation and remediation of

11   the contamination and consequential/special losses, including, but not limited to,

12   loss or impairment of use and increased cost of financing.

13       92.    Plaintiffs are therefore entitled to an award of damages according to

14   proof at trial.

15                          **PRAYER FOR RELIEF**

16       WHEREFORE, Plaintiffs pray for judgment jointly and severally against the

17   Defendants as follows:

18       1.    The recovery of such above-described toxic cleanup costs for the

19   Property from Defendants SHAH CHEMICAL CORPORATION and HUSSAIN M.

20   SHAIKH, and, further, that this court allocate such costs in an equitable manner

21   among said Defendants;

22       2.    A judgment of this court in declaratory relief against Defendants

23   SHAH CHEMICAL CORPORATION and HUSSAIN M. SHAIKH, for an

24   equitable allocation among said Defendants for the future clean-up costs to be

25   incurred for the removal of all toxic and hazardous substances from the Property

26   consistent with the NCP;

27       3.    For an award against the Defendants for past damages resulting from

28   the continuing trespass and continuing private nuisance caused by the release and

presence of hazardous substances on the Property;

4.      For injunctive relief to compel the Defendants to abate and remove the current continuing trespass and continuing private nuisance caused by the release and presence of hazardous substances on the Property;

5.      For general damages according to proof in an amount in excess of the jurisdiction of the above-entitled court;

6.      For all consequential damages and related incidental expenses according to proof, including but not limited to costs associated from loss of use or Plaintiffs' increased cost of financing the Property;

7.      For Plaintiffs' reasonable attorney fees based on statute and as a result of attorney fees expended as proper clean-up costs;

8.      For a declaration pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, and Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2) and any other applicable statutes, regulations or principles of law, adjudging and decreeing that the Defendants are jointly and severally liable to Plaintiffs for all response costs related to the Property, including but not limited to, investigation and remediation costs, and for such judgment to be binding in any subsequent action or actions to recover further response costs related to the Property;

9.      For an award of prejudgment interest calculated in accordance with the law on all sums awarded;

10.      For costs of suit herein incurred;

11.      For such other and further relief as this court may deem just and proper.

Dated: March 21, 2019    **RAINES FELDMAN LLP**

By: _____

John S. Cha
Attorneys for Plaintiffs TC Rich, LLC, Rifle Freight
Inc., Fleischer Custom Brokers, Richard G.
Fleischer, and Jacqueline Fleischer

Dated: March 21, 2019    **PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: _____

Mark E. Elliott
Attorneys for Plaintiffs TC Rich, LLC, Rifle Freight
Inc., Fleischer Custom Brokers, Richard G.
Fleischer, and Jacqueline Fleischer
ard G. Fleischer, and Jacqueline Fleischer

1

## **DEMAND FOR JURY TRIAL**

Plaintiffs TC RICH, LLC, Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer demand a trial by jury on all causes of action upon which jury trial is available.

Dated: March 21, 2019     **RAINES FELDMAN LLP**

By: _____

John S. Cha
Attorneys for Plaintiffs TC Rich, LLC, Rifle Freight
Inc., Fleischer Custom Brokers, Richard G.
Fleischer, and Jacqueline Fleischer

Dated: March 21, 2019     **PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: _____

Mark E. Elliott
Attorneys for Plaintiffs TC Rich, LLC, Rifle Freight
Inc., Fleischer Custom Brokers, Richard G.
Fleischer, and Jacqueline Fleischer