# EXHIBIT "1"

79- 883043

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

Name  Hussain M. Shaikh
Street Address  447 E. Rosecrans Ave.
City & State  Gardena, CA  90248

MAIL TAX STATEMENTS TO

Name  Hussain M. Shaikh
Street Address  132 W. 132nd St.
City & State  Gardena, CA  90248

> RECORDED IN OFFICIAL RECORDS
> OF LOS ANGELES COUNTY, CA
>
> AUG 10 1979 AT 8 A.M.
>
> Recorder's Office

FEE $3 R

SPACE ABOVE THIS LINE FOR RECORDER'S USE

DOCUMENTARY TRANSFER TAX $ 1,111.00
Title Insurance and Trust Company
_Edith L. Wilson_
SIGNED - PARTY OR AGENT         FIRM NAME

As Instructed by _Imperial Bank_

X COMPUTED ON FULL VALUE OF PROPERTY CONVEYED

## Corporation Grant Deed

THIS FORM FURNISHED BY TITLE INSURANCE AND TRUST COMPANY

TO 406 CA (7-68)

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

MARMAC RESOURCES COMPANY,

a corporation organized under the laws of the state of     California
hereby GRANTS to

   HUSSAIN M. SHAIKH, a married man as his separate property

the following described real property in the

County of     Los Angeles                    , State of California:

     Lot 4 of Tract No. 27807, in the County of Los Angeles, State of
     California, as per map recorded in Book 827, Pages 57 to 59 inclusive
     of Maps, in the office of the County Recorder of said County.

In Witness Whereof, said corporation has caused its corporate name and seal to be affixed hereto and this instrument to be executed by its _____ President and _____ Assistant _____ Secretary thereunto duly authorized.

Dated: __August 6, 1979__

MARMAC RESOURCES COMPANY, a corporation

By _____
   Earl F. Chambers                  President

By _____
   Joseph W. Aidlin                  Secretary

STATE OF CALIFORNIA
COUNTY OF __LOS ANGELES__ } ss.
On __August 6, 1979__ before me, the under-
signed, a Notary Public in and for said State, personally appeared
   __EARL F. CHAMBERS__ known
to me to be the _____ President, and
   __JOSEPH W. AIDLIN__ known to me to be
Assistant _____ Secretary of the Corporation that executed the
within Instrument, known to me to be the persons who executed the
within Instrument on behalf of the Corporation therein named, and
acknowledged to me that such Corporation executed the within Instru-
ment pursuant to its by-laws or a resolution of its board of directors.
WITNESS my hand and official seal.

Signature _____
        PHYLLIS TOTORO
        Name (Typed or Printed)

> OFFICIAL SEAL
> PHYLLIS TOTORO
> NOTARY PUBLIC - CALIFORNIA
> LOS ANGELES COUNTY
> My comm. expires JAN 3, 1981

(This area for official notarial seal)

Title Order No. 7776404  B Good  Escrow or Loan No. _____

MAIL TAX STATEMENTS AS DIRECTED ABOVE

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

MAY   3   2019

Dean C. Logan — REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

79- 883044

**RECORDING REQUESTED BY**

AND WHEN RECORDED MAIL TO

Name   Hussain M. Shaikh
Street   76 Strawberry Lane
Address   Rolling Hills Estates, Ca. 90274
City &
State

MAIL TAX STATEMENTS TO

Name   Hussain M. Shaikh
Street   76 Strawberry Lane
Address   Rolling Hills Estates, Ca.
City &              90274
State

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA

AUG 10 1979 AT 8 A.M.

Recorder's Office

FEE
$3
R

————— SPACE ABOVE THIS LINE FOR RECORDER'S USE —————

# Individual Quitclaim Deed

THIS FORM FURNISHED BY TICOR TITLE INSURERS

TO 1922 CA (1-75)                                                          A.P.N.

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ *None-no consideration*
( ) computed on full value of property conveyed, or
( ) computed on full value less value of liens and encumbrances remaining at time of sale.
( ) Unincorporated area: ( ) City of _____ , and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

        Judy Shaikh, a married woman, wife of grantee herein

hereby REMISE(S), RELEASE(S) AND FOREVER QUITCLAIM(S) to

        Hussain M. Shaikh, a married man as his separate property

the following described real property in the    --    County of Los Angeles
State of California: Lot 4 of Tract #27807 as recorded in Map Book 827,
        pages 57 to 59 inclusive; commonly known as 132 West
        132nd Street

Dated   June 18, 1979

        *Judy Shaikh*
        Judy Shaikh

STATE OF CALIFORNIA
COUNTY OF   Los Angeles   }SS.
On   June 18, 1979   before me, the under-
signed, a Notary Public in and for said State, personally appeared

    Judy Shaikh

                   known to me
to be the person____ whose name *IS* subscribed to the within
instrument and acknowledged that *SHE* executed the same.
WITNESS my hand and official seal

Signature *Sunny Lee Freeman*

OFFICIAL SEAL
SUNNY LEE FREEMAN
NOTARY PUBLIC CALIFORNIA
PRINCIPAL OFFICE IN
LOS ANGELES COUNTY
My Commission Expires April 5, 1981

(This area for official notarial seal)

Title Order No. 7776404   *B. Good*   Escrow or Loan No.

MAIL TAX STATEMENTS AS DIRECTED ABOVE

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

MAY  3  2019

REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

79-1 880040

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA

AUG 10 1979 AT 8 A.M.

Recorder's Office

When recorded mail to
**HOME SAVINGS AND LOAN ASSOCIATION**
P.O. BOX 3991
NORTH HOLLYWOOD, CALIFORNIA 91609

Escrow or              Title
Loan No.  00398108-1   Order No.  7776404

FEE
$5
3R

SPACE ABOVE THIS LINE FOR RECORDER'S USE

**Deed of Trust and Assignment of Rents**

This Deed of Trust, made this       30th       day of       July, 1979       between

HUSSAIN M. SHAIKH, A MARRIED MAN AS HIS SEPARATE PROPERTY

herein called TRUSTOR, whose address is

447 East Rosecrans Avenue
(number and street)

Gardena              California              90248
(city)                 (state)                (zip code)

SERRANO RECONVEYANCE COMPANY, a California corporation, herein called TRUSTEE, and HOME SAVINGS AND LOAN ASSOCIATION, a California corporation, herein called BENEFICIARY.

WITNESSETH: Trustor irrevocably grants, transfers and assigns to Trustee, in Trust, with power of sale, that real property in Los Angeles County, California, described as:

Lot 4 of Tract NO. 27807, in the County of Los Angeles, State of California, as
per Map Recorded in Book 827, Pages 57 to 59, inclusive of Maps, in the Office of
the County Recorder of said County.

Together with all interest which Trustor now has or may hereafter acquire in or to said property and in and to: (a) all easements and rights of way appurtenant thereto; and (b) all buildings, structures, improvements, fixtures, and appurtenances now or hereafter placed thereon, including, but not limited to, all apparatus and equipment, whether or not physically affixed to the land or any building, used to provide or supply air-cooling, air-conditioning, heat, gas, water, light, power, refrigeration, ventilation, laundry, drying, dishwashing, garbage disposal or other services; and all waste vent systems, antennas, pool equipment, window coverings, drapes and drapery rods, carpeting and floor covering, awnings, ranges, ovens, water heaters and attached cabinets; it being intended and agreed that such items be conclusively deemed to be affixed to and to be part of the real property that is conveyed hereby; and (c) all water and water rights (whether or not appurtenant) and shares of stock pertaining to such water or water rights, ownership of which affects said property; and (d) the rents, income, issues and profits of all property covered by this Deed of Trust, SUBJECT, HOWEVER, to the assignment to Beneficiary of such rents, income, issues and profits hereinafter set forth. Trustor agrees to execute and deliver, from time to time, such further instruments as may be requested by Beneficiary to confirm the lien of this Deed of Trust on any such equipment. The property conveyed to Trustee hereunder is hereinafter referred to as "such property."

The Trustor absolutely and irrevocably grants, transfers and assigns to Beneficiary the rents, income, issues, and profits of all property covered by this Deed of Trust.

FOR THE PURPOSE OF SECURING:
(1) Payment of the sum of $ 700,000.00                              with interest thereon, according to the terms of a promissory note of even date herewith made by Trustor, payable to Beneficiary or order, and all modifications, extensions or renewals thereof. (2) Payment of such additional sums with interest thereon (a) as may be hereafter borrowed from Beneficiary by the then record owner of such property and evidenced by a promissory note or notes reciting it or they are so secured and all modifications, extensions or renewals thereof or (b) as may be incurred, paid out, or advanced by Beneficiary, or may otherwise be due to Trustee or Beneficiary, under any provision of this Deed of Trust and all modifications, extensions or renewals thereof. (3) Performance of each agreement of Trustor contained herein or incorporated herein by reference or contained in any papers executed by Trustor relating to the loan secured hereby. (4) Performance, if the loan secured hereby or any part thereof is for the purpose of constructing improvements on such property, of each provision or agreement of Trustor contained in any building loan agreement or other agreement between Trustor and Beneficiary relating to such property. (5) The performance and keeping by Trustor of each of the covenants and agreements required to be kept and performed by Trustor pursuant to the terms of any lease and any and all other instruments creating Trustor's interest in or defining Trustor's right in respect to such property. (6) Compliance by Trustor, with each and every monetary provision to be performed by Trustor under any Declaration of Covenants, Conditions and Restrictions pertaining to such property and upon written request of Beneficiary, the enforcement by Trustor of any covenant to pay maintenance or other charges, if the same have not been paid or valid legal steps taken to enforce such payment within 90 days after such written request is made. (7) At Beneficiary's option, payment, with interest thereon, of any other present or future indebtedness or obligation of Trustor (or of any successor in interest of Trustor to such property) due to Beneficiary, whether created directly or acquired by absolute or contingent assignment, whether due or not, whether otherwise secured or not, or whether existing at the time of the execution of this Deed of Trust or arising thereafter, the exercise of such option to be evidenced by a notice in writing to Trustor or any successor in interest of Trustor. (8) Performance of all agreements of Trustor to pay fees and charges to the Beneficiary whether or not herein set forth. (9) Payment of charges, as allowed by law when such charges are made, for any instrument regarding the obligation secured hereby.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:
(1) Construction or Improvements. To complete in good and workmanlike manner any building or improvement or repair relating thereto which may be begun on such property or contemplated by the loan secured hereby, to pay when due all costs and liabilities incurred therefor, and not to permit any mechanic's lien against such property, nor any stop notice against any loan proceeds. Trustor also agrees, anything in this Deed of Trust to the contrary notwithstanding, (a) to promptly commence work and to complete the proposed improvement promptly, (b) to complete same in accordance with plans and specifications as approved by Beneficiary, (c) to allow Beneficiary to inspect such property at all times during construction, (d) to replace any work or materials unsatisfactory to Beneficiary, within fifteen (15) days after written notice from Beneficiary of such fact, which notice may be given to Trustor by registered mail, sent to his last known address, or by personal service of the same.

SF-026  PART 1  (3-74)      7776404 B. Good

(2) **Repair and Maintenance of Property.** To keep such property in good condition and repair; not to substantially alter, remove or demolish any buildings thereon; to restore promptly and in good workmanlike manner any buildings which may be damaged or destroyed including, without restricting the generality of the foregoing, damage from termites, and earth movement; to pay when due all claims for labor performed and materials furnished in connection with such property and not to permit any mechanic's lien against such property; to comply with all law affecting such property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereon; not to commit, suffer or permit any act upon such property in violation of law; to cultivate, irrigate, fertilize, fumigate and prune; and to do all other acts that from the character or use of such property may be reasonably necessary to keep such property in the same condition (reasonable wear and tear excepted) as at the date of this Deed of Trust.

(3) **Fire and Casualty Insurance.** To provide and maintain in force, at all times, fire and other types of insurance with respect to such property as may be required by Beneficiary. Each policy of such insurance shall be in an amount, for a term and in form and content and by such companies, as may be satisfactory to Beneficiary, with loss payable to Beneficiary, and shall be delivered to, and remain in possession of, Beneficiary as further security for the faithful performance of these trusts. Trustor shall also furnish Beneficiary with written evidence showing payment of all premiums therefor. At least thirty (30) days prior to the expiration of any insurance policy, a policy renewing or extending such expiring insurance shall be delivered to Beneficiary with written evidence showing payment of the premium therefor, and, in the event any such insurance policy and evidence of payment of the premium are not so delivered to Beneficiary, Trustor by executing this Deed of Trust specifically requests Beneficiary to obtain such insurance. Beneficiary, but without obligation so to do, without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may obtain such insurance through or from any insurance agency or company acceptable to it; and pay the premium therefor. Neither Trustor nor Beneficiary shall be chargeable with obtaining or maintaining such insurance or for the collection of any insurance monies or for any insolvency of any insurer or insurance underwriter. Beneficiary, from time to time, may furnish to any insurance agency or company, or any other person, any information contained in or extracted from any insurance policy theretofore delivered to Beneficiary pursuant hereto, and any information concerning the loan secured hereby. Trustor hereby assigns to Beneficiary all unearned premiums on any such policy, and agrees that any and all unexpired insurance shall inure to the benefit of, and pass to, the purchaser of the property conveyed at any Trustee's sale held hereunder.

(4) **Life, Health or Accident Insurance.** If Trustor shall maintain life, accident or health insurance and Beneficiary shall be the owner or holder of any policy of such insurance as further security hereunder, Beneficiary may elect to pay any premiums thereon as to which Trustor shall be in default, and any amount so paid may be secured hereby.

(5) **Taxes and Other Sums Due.** To pay, satisfy and discharge (a) at least ten (10) days before delinquency, all general and special City and County Taxes, and all assessments on water stock, affecting such property, (b) when due, all special assessments for public improvements, without permitting any improvement bond to issue for any special assessment, (c) on demand of Beneficiary but in no event later than the date such amounts become due, (1) all encumbrances, charges and liens, with interest, on such property, or any part thereof, which are, or appear to Beneficiary to be prior or superior hereto, (2) all costs, fees and expenses of this trust whether or not described herein, (3) fees or charges for any statement regarding the obligation secured hereby in any amount demanded by Beneficiary not to exceed the maximum amount allowed by law therefor at the time when such request is made, (4) such other charges as the Beneficiary may deem reasonable for services rendered by Beneficiary and furnished at the request of Trustor or any successor in interest to Trustor, (5) if such property includes a leasehold estate, all payments and obligations required of the Trustor or his successor in interest under the terms of the instrument or instruments creating such leasehold, and (6) all payments and monetary obligations required of the owner of such property under any declaration of covenants or conditions or restrictions pertaining to such property or any modification thereof. Should Trustor fail to make any such payment, Beneficiary without contesting the validity or amount may elect to make or advance such payment together with any costs, expenses, fees, or charges relating thereto. Trustor agrees to notify Beneficiary immediately upon receipt by Trustor of notice of any increase in the assessed value of such property and agrees that Beneficiary, in the name of Trustor, may contest by appropriate proceedings such increase in assessment. Trustor agrees to notify Beneficiary and appropriate taxing authorities immediately upon the happening of any event which does or may affect the value of such property, the amount or basis of assessment of such property, or the availability of any exemption to which Trustor is or may be entitled.

In the event of the passage of any law deducting from the value of real property for the purposes of taxation any lien thereon, or changing in any way the laws for the taxation of deeds of trust or debts secured by deeds of trust for state or local purposes, or the manner of the collection of any such taxes, including, but not limited to, the postponement of the payment of all or any part of any real or personal property taxes, so as to affect this Deed of Trust, the holder of this Deed of Trust and of the obligations which it secures shall have the right to declare the principal sum, and the interest due on a date to be specified by not less than 30 days' written notice to be given to Trustor by Beneficiary; provided, however, that such election shall be ineffective if Trustor is permitted by law to pay the whole of such tax in addition to all other payments required hereunder and if, prior to such specified date, does pay such tax and agrees to pay any such tax when hereafter levied or assessed against such property, and such agreement shall constitute a modification of this Deed of Trust.

(6) **Impounds.** To pay to Beneficiary, if Beneficiary shall so request, in addition to any other payments required hereunder, monthly advance installments, as estimated by Beneficiary, for taxes, assessments, insurance premiums, ground rents or other obligations secured by this Deed of Trust (hereinafter in this paragraph referred to as "such obligations") for the purpose of establishing a fund to insure payment when due, or before delinquency, of any or all of such obligations required to be paid as to such property. If the amounts paid to Beneficiary under the provisions of this paragraph are insufficient to discharge the obligations of Trustor to pay such obligations as the same become due or delinquent, Trustor shall pay to Beneficiary, upon its demand, such additional sums necessary to discharge Trustor's obligation to pay such obligations. All monies paid to Beneficiary under this paragraph may be intermingled with other monies of Beneficiary and shall not bear interest. Beneficiary may pay such obligations whether before or after they become due and payable. In the event of a default in the payment of any monies due on the indebtedness secured hereby, default of any obligation secured hereby, or default in the performance of any of the covenants and obligations of this Deed of Trust, then any balance remaining from monies paid Beneficiary under the provisions of this paragraph may, at the option of Beneficiary, be applied to the payment of principal, interest or other obligations secured hereby in lieu of its being applied to any of the purposes for which the impound account is established. Beneficiary will make such reports of impounds as are required by law.

(7) **Assignment of Awards and Damages to Beneficiary.** All sums due, paid, or payable to Trustor or any successor in interest to Trustor of such property whether by way of judgment, settlement or otherwise (a) for injury or damage to such property, or (b) in connection with the transaction financed by the loan secured hereby, or (c) in connection with any condemnation for public use of or injury to such property, or any part thereof, is hereby assigned and shall be paid to Beneficiary. Beneficiary shall be entitled, at its option, to commence, intervene in, appear in and prosecute in its own name, any action or proceeding, or to make any compromise or settlement, in connection with any such taking or damage. Trustor agrees to execute such further assignments of any compensation, award, damages, rights of action and proceeds as Beneficiary may require.

(8) **Disposition of the Proceeds of any Insurance Policy, Condemnation or other Recovery.** The amount received by Beneficiary pursuant to this Deed of Trust under any fire or other insurance policy, in connection with any condemnation for public use of or injury to such property, for injury or damage to such property, or in connection with the transaction financed by the loan secured hereby, at the option of Beneficiary may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine or, without reducing the indebtedness secured hereby, may be used to replace, restore, or reconstruct such property to a condition satisfactory to Beneficiary or may be released to Trustor, or any such amount may be divided in any manner among any such application, use or release. No such application, use or release shall cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(9) **Litigation.** Trustor shall defend this Trust in any action or proceeding purporting to affect such property whether or not it affects the security hereof, or purporting to affect the rights or powers of Beneficiary or Trustee, and to file and prosecute all necessary claims and actions to prevent or recover for any damage to or destruction of such property; and either Trustee or Beneficiary is hereby authorized, without obligation so to do, to commence, appear in, or defend any such action, whether brought by or against Trustor, Beneficiary or Trustee, or with or without suit, to exercise or enforce any other right, remedy, or power available or conferred hereunder, whether or not judgment be entered in any action or proceeding; and Trustee or Beneficiary may appear or intervene in any action or proceeding, and retain counsel therein, and take such action therein, as either may be advised, and may settle, compromise or pay the same or any other claims and, in that behalf and for any of said purposes, may expend and advance such sums of money as either may deem necessary. Whether or not Trustor so appears or defends, Trustor on demand shall pay all costs and expenses of Beneficiary and Trustee including costs of evidence of title, in any such action or proceeding in which Beneficiary or Trustee may appear by virtue of being made a party defendant or otherwise and irrespective of whether the interest of Beneficiary or Trustee in such property is directly questioned by such action, including but not limited to any action for the condemnation or partition of such property and any suit brought by Beneficiary to foreclose this Deed of Trust.

(10) **Loan on Leasehold Estate.** If such property includes a leasehold estate, Trustor agrees to comply with all of the terms, conditions, and provisions of the instrument or instruments creating such leasehold. Trustor also agrees not to amend, change, or modify his leasehold interest, or the terms on which he has such leasehold interest, or to agree to do so, without the written consent of Beneficiary being first obtained.

(11) **Prepayment Charge.** Should any note or obligation secured hereby provide any fee for prepayment of any of the indebtedness secured hereby, to pay said fee notwithstanding Trustor shall have defaulted in any obligation secured hereby and Beneficiary, by reason thereof, shall have declared all sums secured hereby immediately due and payable.

(12) **Failure of Trustor to Comply with Deed of Trust.** Should Trustor fail to make any payment, or to do any act as provided in this Deed of Trust, or fail to perform any obligation secured by this Deed of Trust, or do any act Trustor agreed not to do, Trustor shall be in default under this Deed of Trust. Beneficiary but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, and without contesting the validity or amount of the same, may (a) make or do the same in such manner and to such extent as it may deem necessary to protect the security hereof, Beneficiary being authorized to enter upon such property for such purposes, and (b) pay, purchase, contest or compromise any encumbrance, charge, or lien, which in its judgment is or appears to be prior or superior hereto, and (c) in exercising any such power, pay necessary expenses. Trustor agrees to repay any amount so expended on demand of Beneficiary.

(13) **Sums Advanced to Bear Interest and To Be Added to Deed of Trust.** To pay immediately upon demand any sums advanced or paid by Beneficiary or Trustee under any clause or provision of this Deed of Trust. Any such sum, until so repaid, shall be secured hereby and bear interest from the date it was advanced or paid at the same rate as such indebtedness and shall be secured by this Deed of Trust.

(14) **Application of Funds.** Beneficiary shall have the right at its sole discretion to direct the manner in which payments or proceeds shall be applied upon or allocated among the various items composing Trustor's indebtedness or obligations secured hereby.

(15) **Obligation of Trustor Joint and Several.** If more than one person is named as Trustor, each obligation of Trustor shall be the joint and several obligation of each such person.

(16) **Acceleration Clause: Right of Beneficiary to Declare All Sums Due on any Transfer, Etc.** Beneficiary shall have the right, at its option, to declare any indebtedness and obligations secured hereby, irrespective of the maturity date specified in any note or agreement evidencing the same, due and payable within 30 days after such declaration if (a) Trustor or any successor in interest to Trustor of such property sells, enters into a contract of sale, conveys, further encumbers or alienates such property or any part thereof, or suffers his title or any interest therein to be divested or encumbered, whether voluntarily or involuntarily, or leases such property or any part thereof for a term of 5 years or more, or changes or permits to be changed the character or use of the property, or drills or extracts or enters into a lease for the drilling for or extracting oil, gas or other hydrocarbon substance or any mineral of any kind or character on such property, or (b) Trustor is a partnership and the interest of a general partner is assigned or transferred, or (c) Trustor is a corporation and more than 25% of the corporate stock thereof is sold, transferred or assigned during a 12 month period, or (d) Trustor is a trust and there is a change of beneficial interest with respect to more than 25% of such property, or (e) Trustor has made any material misrepresentation or failed to disclose any material fact, in those certain financial and other written representations and disclosures made by Trustor in order to induce Beneficiary to enter into the transaction evidenced by the Promissory Note or notes or agreements which this Deed of Trust secures.

(17) **No Waiver by Beneficiary.** No waiver by Beneficiary of any right under this Deed of Trust shall be effective unless in writing. Waiver by Beneficiary of any right granted to Beneficiary under this Deed of Trust or of any provision of this Deed of Trust as to any transaction or occurrence shall not be deemed a waiver as to any future transaction or occurrence. By accepting payment of any sum secured hereby after its due date, by making any payment or performing any act on behalf of Trustor that Trustor was obligated hereunder, but failed, to make or perform, or by adding any payment so made by Beneficiary to the indebtedness secured hereby, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to require prompt performance of all other acts required hereunder, or to declare a default for failure so to pay.

SP-626   PART I   (3-74)

**(18) Modification in Writing.** This Deed of Trust cannot be changed or modified except as otherwise provided in this Deed of Trust or by agreement in writing signed by Trustor, or any successor in interest to Trustor, and Beneficiary.

**(19) Right to Collect and Receive Rents and Profits.** Notwithstanding any other provisions hereof, Beneficiary and Trustee hereby grant permission to Trustor to collect and retain the rents, issues and profits of such property as they become due and payable, but each reserves the right to revoke such permission to as itself at any time with or without cause by notice in writing to Trustor, mailed to Trustor at his last known address. In any event, such permission to Trustor automatically shall be revoked upon default by Trustor in payment of any indebtedness secured hereby or in the performance of any agreement hereunder. On any such default, Beneficiary may at any time without notice, either in person, by agent, or by receiver to be appointed by the Court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of such property, or any part thereof; make, cancel, enforce or modify leases; obtain and eject tenants, set or modify rents; in its own name sue for or otherwise collect the rents, income, issues and profits thereof, including those past due and unpaid; and apply the same, less costs and expenses of operation and collection, upon any indebtedness secured hereby and in such order as Beneficiary may determine; and except for such application, Beneficiary shall not be liable to any person for the collection or non-collection of any rents, income, issues or profits, nor the failure to assert or enforce any of the foregoing rights. The entering upon and taking possession of such property, the collection of such rents, income, issues or profits, the doing of other acts herein authorized, and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

**(20) Remedies.** No remedy herein provided shall be exclusive of any other remedy herein or now or hereafter existing by law, but shall be cumulative. Every power or remedy hereby given to Trustee or to Beneficiary or to which either of them may be otherwise entitled, may be exercised from time to time and as often as may be deemed expedient by them, and either of them may pursue inconsistent remedies. If Beneficiary holds any additional security for any obligation secured hereby, it may enforce the sale thereof at its option, either before, contemporaneously with, or after the sale is made hereunder, and on any default of Trustor, Beneficiary may, at its option, offset against any indebtedness owing by it to Trustor, the whole or any part of the indebtedness owing by it to Trustor, the whole or any part of the indebtedness secured hereby, and the Beneficiary is hereby authorized and empowered at its option, without any obligation so to do, and without affecting the obligations hereof, to apply toward the payment of any indebtedness secured hereby and of the Trustor to the Beneficiary, any and all sums or money which the Beneficiary may have in its possession or under its control, including without limiting the generality of the foregoing, the indebtedness evidenced by any escrow or trust funds.

In order to assure the definiteness and certainty of the rights and obligations herein provided, Trustor waives any and all rights of offset of claims and no offset shall relieve Trustor from paying installments on the obligations secured hereby as they become due.

**(21) Power of Trustee to Reconvey or Consent.** Without affecting the liability of any person, including the liability of . . . indebtedness secured hereby, including such indebtedness as may be due at the time of or after full reconveyance, or the lien of this Deed of Trust . . . . remainder of such property for the full amount of any indebtedness then or thereafter secured hereby, or the rights or powers of the Beneficiary or the Trustee with respect to the remainder of such property, (other than any person or property specifically released by Beneficiary), Beneficiary or Trustee, if so requested by Beneficiary, from time to time, without liability therefor, and without notice to Trustor, upon written request of Beneficiary and presentation of this Deed of Trust and any note or other agreement secured hereby for endorsement, together with payment for any fees of Trustee therefor, may do any one or more of the following: (1) release any indebtedness; (2) extend the time or otherwise alter the terms of payment of such indebtedness; (3) accept additional security; (4) substitute or release any property securing such indebtedness; (5) reconvey all or any part of such property; (6) consent to the making of any map or plat thereof; (7) join in granting any easement thereon; or (8) join in any extension agreement or any agreement subordinating or otherwise affecting the lien or charge hereof. Any reconveyance by Trustee shall be made without warranty. The recitals in any reconveyance of any matters of fact shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." A request for full reconveyance and full reconveyance shall operate as a re-assignment of the rents, income, issues and profits assigned herein to Beneficiary. Trustee may destroy said note and this Deed of Trust five (5) years after issuance of a full reconveyance (unless directed in such request to retain them).

**(22) Trustee's Sale on Default.** Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, or any agreement secured hereby, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and shall cause to be filed of record a written notice of default and election to sell such property. Beneficiary shall also deposit with Trustee this Deed of Trust and notes or other agreements and such documents as required by Trustee evidencing expenditures or advances secured hereby. Trustee, upon presentation to it of an affidavit signed by Beneficiary setting forth facts showing a default by Trustor under any paragraph or provision contained in this Deed of Trust, is authorized to accept as true and conclusive the facts and statements therein and to act thereon hereunder without any independent investigation or further inquiry by Trustee. Trustor hereby agrees to be bound thereby. After the lapse of such time as may be required by law following recordation of such notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell such property either as a whole or in separate parcels, and in such order as it or Beneficiary may determine, at public auction to the highest bidder for cash in lawful money of the United States. Trustee may postpone and change the time and place of such sale of all or any portion of such property by public announcement at the time and place affixed by it in said notice of sale, and from time to time and place to place thereafter and without any further posting or notice thereof may postpone such sale by public announcement to the time and place fixed by such postponement, whether or not said place fixed by any postponement be in the same city or other place as fixed in said notice of sale. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recital in such deed of any matters of fact or otherwise shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee or Beneficiary, may purchase at such sale. After deducting all costs, fees and expenses of Trustee, and of this Deed of Trust, including cost of evidence of title in connection with such sale, Trustee first shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the rate then payable under the note or notes secured hereby, and then to payment of all other sums secured hereby, and if thereafter there be any proceeds remaining, distribute them to the person or persons legally entitled thereto.

**(23) Substitution of Trustee.** Beneficiary may, from time to time, by instrument in writing substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed and acknowledged by Beneficiary and recorded in the office of the recorder of the county or counties where such property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyances from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Such instrument shall contain the name and address of the new Trustee. The procedure herein provided for substitution of Trustee shall not be exclusive of other provisions for substitution provided by law.

**(24) Trustee.** Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law. Except as required by law, Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party.

**(25) Waiver of Statute of Limitations.** Time is of the essence in all Trustor's obligations hereunder, and to the extent permitted by law, Trustor waives all present or future statutes of limitation with respect to any debt, demand or obligation secured hereunder in any action or proceeding for the purpose of enforcing this Deed of Trust or any rights or remedies hereunder.

**(26) Inspection and Business Records.** Beneficiary at any time during the continuation of this Deed of Trust may enter and inspect such property at any reasonable time. Trustor agrees that in the event that such property is now or hereafter used for commercial or residential income purposes, that when requested by Beneficiary, Trustor will promptly deliver to Beneficiary such certified financial statements and profit and loss statements of such types and at such intervals as may be required by Beneficiary which will be in form and content prepared according to the usual and acceptable accounting principles and practices, which statements shall cover the financial operations relating to such property, and Trustor further agrees when requested by Beneficiary to promptly deliver, in writing such further additional information as required by Beneficiary relating to any of such financial statements.

**(27) General Provisions.** (a) This Deed of Trust applies to, inures to the benefit of, and binds, all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. (b) The term "Beneficiary" shall mean the owner and holder (including a pledgee) of any note secured hereby, whether or not named as Beneficia- herein. (c) Wherever the context so requires, the masculine gender includes the feminine and neuter, the singular number includes the plural, and vice versa. (d) Captions and paragraph headings used herein are for convenience only, are not a part of this agreement and shall not be used in construing it.

Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinabove set forth.

| Escrow or Loan No. 00398108-1 | Title Order No. 7776404 |
|---|---|

**STATE OF CALIFORNIA**  
**COUNTY OF** Los Angeles } SS.

On __August 7, 1979__, before me, the undersigned, a Notary Public, in and for said County and State, personally appeared

Hussain M. Shaikh

known to me to be the person      whose name      is      subscribed to the within instrument and acknowledged that      he      executed the same.

WITNESS my hand and official seal.

(Seal) _Helen B. Henderson_
Notary Public, in and for said County and State.

*If executed by a Corporation the Corporation Form of Acknowledgment must be used.*

SF-627  PART 2  (3-74)

*Signature of Trustor*

_Hussain M. Shaikh_

HUSSAIN M. SHAIKH

OFFICIAL SEAL
HELEN G. HENDERSON
NOTARY PUBLIC - CALIFORNIA
PRINCIPAL OFFICE IN
LOS ANGELES COUNTY
My Commission Expires June 21, 1982

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

MAY  3  2019

Dean C. Logan    REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

79-1003046

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

Name: Marmac Resources Company
Street Address: 5143 Sunset Blvd.
City & State: Los Angeles, CA

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA

AUG 10 1979 AT 8 A.M.

Recorder's Office

FEE
$3
R

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TD-1

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

**This Deed of Trust,** made this 6th day of August, 1979, between

HUSSAIN M. SHAIKH, a married man , herein called TRUSTOR,

whose address is 76 Strawberry Lane Rolling Hills Estates, CA 90274
(number and street) (city) (zone) (state)

**IMPERIAL BANCORP.** a California corporation, herein called TRUSTEE, and

MARMAC RESOURCES COMPANY, a corporation , herein called BENEFICIARY,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Los Angeles County, California, described as:

Lot 4 of Tract No. 27807, in the County of Los Angeles, State of California, as per map recorded in Book 827, Pages 57 to 59 inclusive of Maps, in the office of the County Recorder of said County.

This Deed of Trust is second and subject to a Deed of Trust securing a note in the amount of $700,000.00 recording concurrently herewith.

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits. **For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $ 100,000.00 executed by Trustor in favor of Beneficiary or order.

**To Protect the Security of This Deed of Trust, Trustor Agrees:** By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in the counties set forth below, and in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | DOCUMENT NO. | DATE | BOOK | PAGE | COUNTY | DOCUMENT NO. | DATE | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|
| LOS ANGELES | 3712 | July 12, 1965 | T4464 | 239 | ORANGE | 8380 | July 12, 1965 | 7589 | 934 |
| SANTA BARBARA | 24353 | July 12, 1965 | 2112 | 745 | SAN BERNARDINO | 625 | July 12, 1965 | 6428 | 575 |
| RIVERSIDE | 80102 | July 12, 1965 | | | | | | | |

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligation, and parties set forth in this Deed of Trust.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

STATE OF CALIFORNIA,
COUNTY OF Los Angeles } SS.

On August 7, 1979 before me, the undersigned, a Notary Public in and for said State, personally appeared Hussain M. Shaikh

known to me to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same.

WITNESS my hand and official seal.

Signature Helen B. Henderson
Helen G. Henderson
Name (Typed or Printed)

Signature of Trustor

Hussain M. Shaikh

OFFICIAL SEAL
HELEN G. HENDERSON
NOTARY PUBLIC — CALIFORNIA
PRINCIPAL OFFICE IN
LOS ANGELES COUNTY
My Commission Expires June 21, 1982

Title Order No. 7776404 B. Good

Escrow or Loan No.

(This area for official notarial seal)

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

MAY 3 2019

Dean C. Logan   REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

AMERICAN TITLE CO.

RECORDING REQUESTED BY

85    69977

AND WHEN RECORDED MAIL THIS DEED AND UNLESS OTHERWISE SHOWN
BELOW MAIL TAX STATEMENT TO:

Name    Haroon Khan
Street
Address  132 W. 132nd Street
City &
State   Los Angeles, California

**RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA**

**JAN 22 1985    AT 8 A.M.**

Recorder's Office

MAIL TAX STATEMENTS TO

Name
Street
Address
City &
State   same as above

TITLE ORDER NO. A-94326-R   ESCROW NO.

FEE
$5
N

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX is $ ~~560.00~~ 460. 80    (44)
☐ computed on full value of property conveyed, or
☒ computed on full value less value of liens or encumbrances remaining at time of sale.
☐ unincorporated area    ☐ city of _____, AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Hussain M. Shaikh, an unmarried man

hereby GRANT(s) to

Haroon Khan, a single man

the following described real property in the
County of    Los Angeles    , State of California:
Lot 4 of Tract 27807 as recorded in Book 827 Pages 57-59 of Maps in the
office of the county recorder of said county.

This instrument filed for record by American Title Company
as an accommodation only. It has not been examined to
its execution or as to its effect upon the title.

**OFFICIAL SEAL
SUNNY LEE FREEMAN
NOTARY PUBLIC CALIFORNIA
PRINCIPAL OFFICE IN
LOS ANGELES COUNTY
My Commission Exp. Nov. 9, 1985**

Dated   December 10, 1984

STATE OF CALIFORNIA
COUNTY OF  Los Angeles  } ss.
On this   18th   day of  January  in the year  1985
before me, the undersigned, a Notary Public in and for said State, personally
appeared   Hussain M. Shaikh
☐ personally known to me
☒ proved to me on the basis of satisfactory evidence
to be the person whose name is subscribed to this instrument, and acknowl-
edged to me that he (she or they) executed it.

Hussain M. Shaikh

**OFFICIAL SEAL
SUNNY LEE FREEMAN
NOTARY PUBLIC CALIFORNIA
PRINCIPAL OFFICE IN
LOS ANGELES COUNTY
My Commission Exp. Nov. 9, 198**

Signature   Sunny Lee Freeman
NOTARY PUBLIC IN AND FOR SAID STATE

Y-217

(This area for official notarial seal)

MAIL TAX STATEMENTS AS DIRECTED ABOVE.

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

MAY   3   2019

Dean C. Logan   REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

RECORDING REQUESTED BY
FIDELITY NATIONAL TITLE INS. CO.

RECORDING REQUESTED BY

MAIL TAX STATEMENT TO

WHEN RECORDED MAIL TO

**87 1739359**

Name   HUssain M. Shaikh
Street
Address  132 W. 132nd Street
City &
State   Los Angeles, California

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA

OCT 30 1987   AT 8 A.M.

Recorder's Office

FEE $25    R
A.F.N.F.

SPACE ABOVE RECORDER'S USE ONLY

ORDER NO.
ESCROW NO.

# GRANT DEED (INDIVIDUAL)

The undersigned grantor(s) declare(s): 35 /
Documentary transfer tax is $
(   )  Computed on full value of property conveyed, or
(X)  Computed on full value less value of liens and encumbrances remaining at time of sale.
(X)  Unincorporated area (   ) City of
Tax Parcel No.

Haroon Khan, a single man

FOR A VALUABLE CONSIDERATION,          HEREBY GRANT TO

Hussain M. Shaikh, an unmarried man

the real property in the County of    Los Angeles                              , State of California, described as:

Lot 4 of Tract 27807 as per map recorded in Book 827 Pages 57-59
of Maps in the office of the county recorder of said county.

## ACCOMODATION STAMP
This document delivered to recorder
as an accomodation only at the
express request of the parties here to.
It has not been examined as to
its effect or validity.

Haroon Khan
Haroon Khan

Dated  October 26, 1987

(Individual Acknowledgment)

STATE OF CALIFORNIA
County of   Los Angeles

On this  27th  day of  October  in the year 19       before me, the undersigned, a Notary Public in and for
said County and State, personally appeared   Haroon Khan

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person           whose name  is
subscribed to this instrument and acknowledged that           he           executed it.

WITNESS my hand and official seal.

Notary Public in and for said County and State.

OFFICIAL SEAL
SUNNY LEE FREEMAN
NOTARY PUBLIC - CALIFORNIA
PRINCIPAL OFFICE IN
LOS ANGELES COUNTY
My Commission Exp. Nov. 8, 1989

(Notary Seal)

MAIL TAX STATEMENT AS DIRECTED ABOVE

FD-13B

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

MAY  3  2019

Dean C. Logan   REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

**This page is part of your document - DO NOT DISCARD**

03 1309454

```
RECORDED/FILED IN OFFICIAL RECORDS
           RECORDER'S OFFICE
         LOS ANGELES COUNTY
              CALIFORNIA

       MAY  08  2003      AT 8 A.M
```

**TITLE(S) :** **DEED**



L E A D   S H E E T

**FEE**                                          **D.T.T**

FEE $13    SS
           3

**CODE
20**

**CODE
19**

**CODE
9**

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company In black ink.          **Number of Parcels Shown**

6132 - 041 - 022                                    001

**THIS FORM NOT TO BE DUPLICATED**

CHICAGO TITLE INSURANCE CO.

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO:
Eun Hee Lee
2362 W. 232nd Street
Torrance, CA 90501

03 1309454

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: 6132-041-022          Order No.: 31045288-X49          Escrow No.: 16965

# GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s) THAT DOCUMENTARY TRANSFER TAX IS: COUNTY $2,344.65 / XXXXXXXXXXXX
[x]   computed on full value of property conveyed, or
[x]   computed on full value less value of liens or encumbrances remaining at time of sale,
[x]   unincorporated area; [ ] City of Los Angeles, and

FOR A VALUABLE CONSIDERATION, Receipt of which is hereby acknowledged,

**Hussain M. Shaikh, an unmarried man**

hereby GRANT(S) to

**Eun Hee Lee, an married woman as her sole and separate property**

the following described property in the City of Los Angeles, County of **Los Angeles,** State of California;

See Exhibit 'A' attached hereto and made a part hereof.

Hussain M. Shaikh

Document Date: __April 11, 2003__

STATE OF CALIFORNIA                        )SS
COUNTY OF __Los Angeles__                  )
On __May 1, 2003__        before me, __Aisha Malik, Notary Public__
personally appeared __Hussain M Shaikh__
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature _____

AISHA MALIK
Commission # 1276739
Notary Public - California
Los Angeles County

Mail Tax Statements to:   SAME AS ABOVE  or  Address Noted Below   31045288 X49

LOT 4 OF TRACT 27807, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 827 PAGES 57 THROUGH 59 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT ONE-HALF OF ALL OIL, GAS MINERALS AND OTHER HYDROCARBON SUBSTANCES WITHIN AND UNDER THAT PORTION OF SAID LAND WHICH LIES BELOW A DEPTH OF 500 FEET FROM THE SURFACE THEREOF, WITHOUT RIGHT TO ENTER UPON OR ONTO THE SURFACE AND TOP 500 FEET OF THE SUBSURFACE OF SAID LAND, AS RESERVED BY CATHERINE S. RUSSELL, AS TRUSTEE AND TITLE INSURANCE AND TRUST COMPANY, A CORPORATION, SUCCESSOR IN DEED RECORDED DECEMBER 31, 1971 IN BOOK D5307 PAGE 444, OFFICIAL RECORDS AS DOCUMENT NO. 4116.



EXHIBIT A

PREA -10/31/87bk

03 1309454

ORDER NO.:  31045288-X49

## ILLEGIBLE NOTARY SEAL DECLARATION

### GOVERNMENT CODE 27361.7

I CERTIFY UNDER PENALTY OF PERJURY THAT THE NOTARY SEAL ON THE DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS AS FOLLOWS:

**NAME OF NOTARY:**  AISHA MALIK

**COMMISSION NO.:**  1226738

**DATE COMMISSION EXPIRES:**  JUNE 28, 2003

**COUNTY OF COMMISSION:**  LOS ANGELES

**PLACE OF EXECUTION OF THIS DECLARATION:**  LOS ANGELES

**TODAY'S DATE:**  MAY 5, 2003

_____
SIGNATURE  (FIRM NAME: CHICAGO TITLE)

03 1309454

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

MAY   3   2019

Dean C. Logan  REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA