**EXHIBIT "6"**



**Irvine**
18401 Von Karman Avenue, Suite 360
Irvine, California 92612

**Century City**
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 90067

Direct: 310.988.4298
Main: 310.440.4100
www.raineslaw.com

Fax: 424.239.1613
jcha@raineslaw.com

February 26, 2019

Hussain M. Shaikh
Shah Chemical Corporation
67 Paseo De la Luz
Rancho Palos Verdes, California  90275

Re:   **Notice of Endangerment and Intent to File Suit Pursuant to RCRA section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B)**

To Shah Chemical Corporation:

TC RICH, LLC ("TC RICH"), Rifle Freight, Inc., Fleischer Customs Brokers, and individuals Richard G. Fleischer and Jacqueline Fleischer (collectively, "Plaintiffs") hereby provide Shah Chemical Corporation ("Shah Chemical"), with this Notice of Endangerment and Intent to File Suit pursuant to section 7002(a)(1)(B) of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B).  This Notice addresses environmental conditions caused by Shah Chemical's handling, storage, treatment, transportation, or disposal of solid or hazardous waste at the real property commonly known as 132 West 132nd Street, Los Angeles, California (the "Property"), currently owned by TC RICH and previously owned by Hussain M. Shaikh. The environmental conditions attributable to Shah Chemical's operations may present an imminent and substantial endangerment to human health or the environment, in violation of RCRA section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B).

A Comprehensive Environmental Response and Recovery Act of 1980 (CERCLA) action for declaratory relief and recovery of response costs brought by Plaintiffs against Shah Chemical's successor company, Pacifica Chemical Incorporated ("Pacifica Chemical") (Case No. 2:5-cv-4878), is currently pending before the United States District Court for Central District of California. Plaintiffs intend to seek leave to amend the Complaint in the near future to specifically name Shah Chemical as a defendant in the action.

RCRA requires that a notice of intent to sue be provided at least ninety (90) days prior to initiation of a civil action under RCRA section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B).  The RCRA 90-day notice period is intended, in part, to provide the noticed party a reasonable period of time to remedy the alleged violations.  To this end, Plaintiffs are prepared to timely engage in good faith discussions with Shah Chemical with the goal of cooperatively resolving these matters.

Hussain M. Shaikh
February 26, 2019
Page 2

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

Alternatively, in the event Shah Chemical fails to take prompt and appropriate action to address these continuing and ongoing violations, Plaintiffs intend to file for leave to amend the current action between the Plaintiffs and Pacifica Chemical, to seek injunctive relief, civil penalties, recovery of attorneys' fees, and other such relief against Shah Chemical as may be available under RCRA, in the United States District Court. In the alternative, if the Court does not grant leave to amend the Complaint in the pending action, Plaintiffs will file a new lawsuit against Shah Chemical seeking all available relief.

### A.  INTRODUCTION

This Notice concerns solid and hazardous waste discharged from the Property which may present an imminent and substantial endangerment to health or the environment.  Shah Chemical and its successor, Pacifica Chemical, operated at the Property from approximately the late 1970's to 2000. In 1980, Shah Chemical submitted an application for an Industrial Wastewater Discharge Permit to the Los Angeles County Sanitation District (LACSD) in relation to Shah Chemical's operations at the Property. Subsequently, LACSD sent Shah Chemical at least four delinquency notices indicating that Shah Chemical's permit could not be approved without additional detailed information and plans regarding its operations. In 1981, LACSD issued a notice of violation to Shah Chemical, ordering the company to "[i]mmediately discontinue the discharge of liquid waste to the sewer by way of a floor sink from the washing out of your mixing tanks."

By 1985, Shah Chemical's successor, Pacifica Chemical, was operating at the Property and was finally issued a permit for industrial wastewater discharge (Permit Number 11027) by the Los Angeles County Department of Public Works (LACDPW) and the LACSD. .  On-site operations included the blending of raw materials in mixing tanks and storage of detergents in above-ground storage tanks (ASTs) located in the southeast corner of the building on the property. Shah Chemical and Pacifica Chemical, according to the notices and self-monitoring reports, were both issued violations for excessive discharge of volatile organic compounds (VOCs) and heavy metals, including toluene, ethylbenzene, xylenes, and copper.

The alleged endangerment involves contamination from PCE and various detected degradation or "daughter" compounds, including without limitation, trichloroethylene ("TCE"), methyl tert-butyl ether ("MTBE"), and Freon 11 at and emanating from the Property, and that have migrated, and continue to migrate, to and beneath the Property.

Concentrations of these chemicals exceed regulatory standards for soil and groundwater. California's water quality objectives exist to ensure protection of the beneficial uses of water. As set forth in the *Water Quality Control Plan* for the Los Angeles Basin ("Basin Plan"), adopted on June 13, 1994, the Regional Board has designated beneficial uses for groundwater in the Central Basin – where the Property is located – including municipal and domestic drinking water supplies, and has established water quality objectives for the protection of these beneficial

Hussain M. Shaikh
February 26, 2019
Page 3

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

uses.  The State has adopted Maximum Contaminant Levels ("MCLs") for PCE and TCE of 5 µg/L.  MCLs are adopted as regulations, placing primary emphasis on the protection of public health.  Concentrations of PCE and TCE in groundwater beneath and migrating from the Property significantly exceed their respective MCLs.

    **B.  IMMINENT AND SUBSTANTIAL ENDANGERMENT**

RCRA's imminent and substantial endangerment provision is codified at 42 U.S.C. section 6972(a)(1)(B).  It authorizes any person to bring suit in federal court against any person "including . . . any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment."  42 U.S.C. § 6972(a)(1)(B).

RCRA defines "disposal" as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid or hazardous waste ... may enter the environment or be ... discharged into any waters, including ground waters."  42 U.S.C. § 6903(3).  The same section defines hazardous waste generation broadly as "... the act or process of producing hazardous waste."  42 U.S.C. § 6903(6).  The statute also defines "solid waste" broadly to mean "any garbage, refuse, . . . and other discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations, and community activities . . . ."  42 U.S.C. § 6903(27).  Spilled or otherwise disposed PCE is a "solid waste" because it is discarded material.  Spilled or otherwise disposed PCE also qualifies as "hazardous waste," because it may "pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed."  42 U.S.C. § 6903(5)(B).

For all of the reasons set forth below, Shah Chemical's failure to take action to prevent the VOC groundwater plume from migrating to and further impacting the Property, or to remediate or abate its past and continuing waste discharges at the Property, may present an imminent threat to human health or the environment.

    **C.  THE PROPERTY**

        **a.  Pacifica Chemical's Operations at the Property.**

TC RICH is the record owner of the Property and discovered chemical contamination at the Property in or around 2015.  The Property was originally purchased and developed in 1978 by Shah Chemical's president and owner, Shaikh, to be occupied by Shah Chemical and later, Pacifica Chemical, for chemical manufacturing and distribution.  Shah Chemical used the Property for these purposes until at least 1982, when its successor, Pacifica Chemical, assumed

Hussain M. Shaikh
February 26, 2019
Page 4

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

operations at the Property and continued operating until at least 1999. After TC RICH acquired the Property in May 2005, the Property has been utilized for warehouse and distribution purposes, including TC RICH's current logistics operations-focused business.

Shah Chemical occupied the Property from at least 1980 to 1982 for its chemical manufacturing and distribution business, including the formulation of fabric softeners, dyes, and light detergents. The detergents and softeners were blended in mixing tanks before distribution and sale. Wastewater was generated when the mixing tanks were rinsed in order to receive new materials every week. Operations included the use of a 1,500-gallon three-stage clarifier located in the northwest exterior portion of the Property that was installed in 1986. The clarifier was connected to a system of trench drains to mixing tanks within the Property's structure.

On-site operations included the blending of raw materials in mixing tanks prior to their distribution and sale. Detergents were stored in three above-ground storage tanks (ASTs) located in the southeastern corner of the building, which were reportedly 400, 1,000, and 2,000-gallons in size. According to the notices and self- monitoring reports, Shah Chemical and its successor, Pacifica Chemical, were issued numerous violations for discharges of volatile organic compounds (VOCs) and heavy metals, including toluene, ethylbenzene, xylenes, and copper. Other VOCs detected in self-monitoring reports included 1,1-dichloroethane (DCA), 1,1,1,- trichloroethane (TCA) (1800 ug/L), and tetrachloroethene (PCE).

According to correspondence within the LACSD's files, a 2,000-gallon above-ground storage tank containing PCE was present on-site in 1985, reportedly located near the southwest corner of the subject building. Reportedly, Pacifica Chemical received the PCE in a bulk shipment that was pumped directly into the storage tank, prior to Pacifica Chemical subsequently repackaging into 55-gallon drums for resale purposes.

Pacifica Chemical was also registered with the Resource Conservation and Recovery Act-Small Quantity Generator (RCRA-SQG), Facility Index / Facility Registry System (FINDS) as a small quantity generator of hazardous wastes in 1996 and a large quantity generator of hazardous wastes in 1989, although the type and specific quantity of hazardous wastes is not listed. The Property under Pacifica Chemical was issued a general violation in 1993, which was abated in 1998.

By 2000, Pacifica Chemical ceased all manufacturing operations at the Property and no longer generated industrial wastewater at the Property. The clarifier tank was closed in place on the subject Property in 2004 or 2005, and the concrete trenches were also filled in with cement.

Hussain M. Shaikh
February 26, 2019
Page 5

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

### b. TC RICH's Purchase of the Property and Discovery of Discharge of VOCs by Pacifica Chemical Potentially Presenting an Imminent and Substantial Danger to Human Health or the Environment.

At or around the time of the purchase of the Property by TC RICH in May 2005, in connection with financing of the Property and as a matter of due diligence and reasonable inquiry, a Phase I Environmental Assessment Report for the Property was prepared by a registered environmental assessor at A/E West Consultants, Inc., of Irvine, California.  In preparing the report, A/E West also reviewed an April 2003 Phase I report performed by JMK Environmental Solutions, Inc., of Granada Hills, California, that recommended no further action or investigation.  Based on its investigation and the historical operation of the clarifier on the property by Shah Chemical and Pacifica Chemical, A/E West recommended a limited further investigation solely comprised of the creation of a closure report for the clarifier with an accompanying analysis of soil samples to be submitted for certification.  A true and correct copy of the A/E West Phase I Environmental Assessment Report dated April 4, 2005 (excluding appendices) is attached as Attachment A.

In accordance with the recommendation by A/E West, a member of TC RICH contracted Aqua Science Engineers, Inc., of Irvine, California, to perform the recommended subsurface analysis for closure of the clarifier.  Aqua Science determined that a closure certificate for the Property and clarifier had already been issued by LACDPW in 2004 based on representations made by you, without any apparent soil sampling.  Despite the certificate, Aqua Science informed LACDPW that it would perform soil sampling.  Aqua Science took soil samples at the Property under the supervision of LACDPW on April 7, 2005, taking samples from only under the clarifier and not elsewhere, as the LACDPW representative noted that the majority of piping from the building to the clarifier was above ground and that LACDPW would not require soil sampling along the piping.  Aqua Science made two borings on either side of the closed clarifier, found no evidence of volatile organic compounds and semi-volatile organic compounds, and concluded that the "use of the wastewater clarifier at the subject site has not impacted the subsurface with contamination."  A true and correct copy of Aqua Science's Project Report on Subsurface Environmental Investigation of Soil for Wastewater Clarifier Closure at the Property is attached as Attachment B.

Having made a reasonable inquiry into the potential environmental issues and having received a finding of "no contamination" from the identified recognized environmental condition, TC RICH proceeded with and completed its purchase of the Property.

In connection with the repayment of the purchase-money loan for the Property, which was a 10-year term loan, a new Phase I Environmental Site Assessment was performed by Andersen Environmental of Los Angeles, California, in early 2015.  After completing its own review of businesses and environmental data and records for the Property, Andersen concluded that the Shah Chemical and Pacifica Chemical operations constituted a Recognized Environmental

Hussain M. Shaikh
February 26, 2019
Page 6

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

Condition based on their prior handling and storage of PCE.  In this new Phase I report, Andersen recommended further soil testing, including testing of samples be performed near the clarifier and at locations along the concrete trenches used by Shah Chemical and Pacifica Chemical to look for contaminants that could have been discharged or released into the ground from their operations on the Property.  A true and correct copy of the March 16, 2015, Phase I Environmental Site Assessment Report from Andersen Environmental (excluding appendices) is attached as <u>Attachment C</u>.

In response to the recommendation from Andersen Environmental, Plaintiffs engaged EEC Environmental of Orange, California, to perform a Phase II report and investigation in order to assess recognized environmental conditions identified in the Phase I Environmental Site Assessment prepared by Andersen Environmental and to determine if these recognized environmental conditions have resulted in a release of chemicals to the environment.  Specifically, EEC conducted a limited subsurface investigation and indoor air sampling event at the Property in two separate stages.  Following the testing, EEC prepared a report that detected PCE in soil, soil gas and groundwater at the Property in concentrations and locations consistent with discharge from Pacifica Chemical's operations at the Property.  A true and correct copy of the Phase II Report from EEC (excluding appendices) is attached as <u>Attachment D</u>.

Laboratory results from EEC's Phase II investigation indicated:

- Soil Sample concentrations of PCE ranging from 1.9 ug/kg to 71.5 ug/kg;

- Soil Vapor concentrations of PCE that were highest beneath the former PCE storage tank / clarifier areas and increasing with depth, with concentrations ranging from 0.71 ug/L up to 799 ug/L;

- Groundwater PCE contamination was detected in each of the five groundwater samples collected, with concentrations ranging from 1.4 ug/L to 530 ug/L, with the highest concentrations from borings located near the eastern edge of the warehouse in the vicinity of former floor drains; and

- Indoor Air PCE detected in the two locations tested within the building on the Property in concentrations of 12 to 18 µg/m$^3$, in excess of the California Human Health Screening Levels (CHHSLs) for indoor air concentrations for commercial/industrial sites.

TC RICH has granted access to and is cooperating with Pacifica Chemical's environmental contractor, Murex Environmental, Inc. ("Murex"), in allowing it to conduct prior and current activities on the Property to address the VOCs at the Property (as currently delineated in its *Design Data Collection and Pilot Test Workplan* (Workplan), dated August 19, 2016, and described in Murex's March 27, 2017, submittal in response to DTSC Comments regarding the December 7, 2016, *Data Gap Investigation Report*, a true and correct copy of which is attached

Hussain M. Shaikh
February 26, 2019
Page 7

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

as <u>Attachment E</u>).  These activities have included investigation and characterization of volatile organic compounds (VOCs), including PCE and its daughter compounds, in soil, soil gas, and groundwater beneath the Property and to the east, assessment of potential risks to human health associated with VOC in soil vapor to the south and east of the Property, conducting a soil vapor/multi-phase extraction (SVE/MPE) pilot test to assess the viability of SVE/MPE technology at the Property, and implementation of such remedial test pilot project contributing to abatement of VOCs at the Property.

Current conditions attributable to Shah Chemical's discharges may present an imminent threat to human health or the environment.

### D. PERSONS GIVING NOTICE

The full name and address of the persons giving notice is:

TC RICH, LLC
Rifle Freight, Inc.
Fleischer Customs Brokers
Richard G. Fleischer
Jacqueline Fleischer
132 W. 132nd Street,
Los Angeles, CA 90061

These parties should be contacted through their legal counsel:

>Raines Feldman LLP
>John S. Cha
>1800 Avenue of the Stars, 12th Floor
>Los Angeles, California 900067
>Telephone: (310) 440-4100
>jcha@raineslaw.com
>
>and
>
>Pillsbury Winthrop Shaw Pittman LLP
>Mark E. Elliott
>725 South Figueroa Street, Suite 2800
>Los Angeles, CA 90017-5406
>(213) 488-7511
>Mark.elliott@pillsburylaw.com
>
>and
>
>Pillsbury Winthrop Shaw Pittman LLP
>Stella Pulman
>Four Embarcadero Center, 22nd Floor

Hussain M. Shaikh
February 26, 2019
Page 8

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

San Francisco, CA 94111
(415) 983.1269
stella.pulman@pillsburylaw.com

### E. CONCLUSION

As set forth above, following the 90-day notice period, Plaintiffs intend to file a citizen suit against Shah Chemical under RCRA section 7002(a)(1)(B).  We are willing to discuss effective remedies for the violations referenced in this Notice prior to filing the amended complaint or new lawsuit.  If you wish to engage in such discussions, we suggest that you promptly contact us so that we can work towards a possible resolution in a timely manner.  Although our preference is to avoid unnecessary litigation, we will not delay filing an amended complaint or lawsuit if a satisfactory remedy has not been achieved by the time the applicable notice period expires.

Nothing herein shall be deemed as an admission of liability nor a waiver of any of our clients' rights and remedies, all of which are expressly reserved.

Sincerely,

John S. Cha

cc (via registered mail):

Mr. Andrew Wheeler, Administrator (Acting)
U.S. Environmental Protection Agency
Mail Code: 1101A
1200 Pennsylvania Ave., NW
Washington, D.C.  20460

Mr. Mike Stoker, Regional Administrator
U.S. Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, CA 94105

Mr. Matt Rodriquez, Secretary
California Environmental Protection Agency
P.O. Box 2815
Sacramento, CA 95812-2815

Hussain M. Shaikh
February 26, 2019
Page 9

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

Ms. Barbara A. Lee, Director
California Department of Toxic Substances Control
P.O. Box 806
Sacramento, CA 95812-0806



**Irvine**
18401 Von Karman Avenue, Suite 360
Irvine, California 92612

**Century City**
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 90067

Direct: 310.988.4298
Main: 310.440.4100
www.raineslaw.com

Fax: 424.239.1613
jcha@raineslaw.com

February 26, 2019

Hussain M. Shaikh
67 Paseo De la Luz
Rancho Palos Verdes, California  90275

Bret Stone
Paladin Law Group, LLP
220 W. Gutierrez Street
Santa Barbara, California  93101

Re:   **Notice of Endangerment and Intent to File Suit Pursuant to RCRA section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B)**

Mr. Shaikh:

TC RICH, LLC ("TC RICH"), Rifle Freight, Inc., Fleischer Customs Brokers, and individuals Richard G. Fleischer and Jacqueline Fleischer (collectively, "Plaintiffs") hereby provide you, Mr. Hussain M. Shaikh ("Shaikh" or "you"), with this Notice of Endangerment and Intent to File Suit pursuant to section 7002(a)(1)(B) of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B).  This Notice addresses environmental conditions caused by the handling, storage, treatment, transportation, or disposal of solid or hazardous waste at the real property commonly known as 132 West 132nd Street, Los Angeles, California (the "Property"), currently owned by TC RICH and previously owned by you and occupied by your companies, Shah Chemical Corporation ("Shah Chemical") and Pacifica Chemical Incorporated ("Pacifica Chemical"), which may present an imminent and substantial endangerment to human health or the environment, in violation of RCRA section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B).

A Comprehensive Environmental Response and Recovery Act of 1980 (CERCLA) action for declaratory relief and recovery of response costs brought by Plaintiffs against your company, Pacifica Chemical (Case No. 2:5-cv-4878), is currently pending before the United States District Court for Central District of California. Plaintiffs intend to seek leave to amend the Complaint in the near future to specifically name you and your prior company, Shah Chemical, as Defendants in the action.

RCRA requires that a notice of intent to sue be provided at least ninety (90) days prior to initiation of a civil action under RCRA section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B).  The RCRA 90-day notice period is intended, in part, to provide the noticed party a reasonable period of

Hussain M. Shaikh
Bret Stone
February 26, 2019
Page 2

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

time to remedy the alleged violations.  To this end, Plaintiffs are prepared to timely engage in good faith discussions with you with the goal of cooperatively resolving these matters.

Alternatively, in the event you fail to take prompt and appropriate action to address these continuing and ongoing violations, Plaintiffs intend to file for leave to amend the current action between the Plaintiffs and Pacifica Chemical, to seek injunctive relief, civil penalties, recovery of attorneys' fees, and other such relief against you as may be available under RCRA, in the United States District Court. In the alternative, if the Court does not grant leave to amend the Complaint in the pending action, Plaintiffs will file a new lawsuit against you as the prior owner of the Property and seeking all available relief.

### A.  INTRODUCTION

This Notice concerns solid and hazardous waste discharged from the Property which may present an imminent and substantial endangerment to health or the environment.  Your companies, Shah Chemical and Pacifica Chemical, operated at the Property from approximately the late 1970's to 2000. In 1985, Pacifica Chemical was issued a permit for industrial wastewater discharge (Permit Number 11027) by the Los Angeles County Department of Public Works (LACDPW) and the Los Angeles County Sanitation District (LACSD).  Its on-site operations, and those of its predecessor Shah Chemical, included the blending of raw materials in mixing tanks and storage of detergents in above-ground storage tanks (ASTs) located in the southeast corner of the building on the property.  Shah Chemical and Pacifica Chemical, according to the notices and self-monitoring reports, were issued violations for excessive discharge of volatile organic compounds (VOCs) and heavy metals, including toluene, ethylbenzene, xylenes, and copper.

The alleged endangerment involves contamination from PCE and various detected degradation or "daughter" compounds, including without limitation, trichloroethylene ("TCE"), methyl tert-butyl ether ("MTBE"), and Freon 11 at and emanating from the Property, and that have migrated, and continue to migrate, to and beneath the Property.

Concentrations of these chemicals exceed regulatory standards for soil and groundwater. California's water quality objectives exist to ensure protection of the beneficial uses of water. As set forth in the *Water Quality Control Plan* for the Los Angeles Basin ("Basin Plan"), adopted on June 13, 1994, the Regional Board has designated beneficial uses for groundwater in the Central Basin – where the Property is located – including municipal and domestic drinking water supplies, and has established water quality objectives for the protection of these beneficial uses.  The State has adopted Maximum Contaminant Levels ("MCLs") for PCE and TCE of 5 µg/L. MCLs are adopted as regulations, placing primary emphasis on the protection of public health. Concentrations of PCE and TCE in groundwater beneath and migrating from the Property significantly exceed their respective MCLs.

Hussain M. Shaikh  
Bret Stone  
February 26, 2019  
Page 3

Direct: 310.988.4298  
Fax: 424.239.1613  
jcha@raineslaw.com

### B. IMMINENT AND SUBSTANTIAL ENDANGERMENT

RCRA's imminent and substantial endangerment provision is codified at 42 U.S.C. section 6972(a)(1)(B).  It authorizes any person to bring suit in federal court against any person "including . . . any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment."  42 U.S.C. § 6972(a)(1)(B).

RCRA defines "disposal" as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid or hazardous waste ... may enter the environment or be ... discharged into any waters, including ground waters."  42 U.S.C. § 6903(3).  The same section defines hazardous waste generation broadly as "... the act or process of producing hazardous waste."  42 U.S.C. § 6903(6).  The statute also defines "solid waste" broadly to mean "any garbage, refuse, . . . and other discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations, and community activities . . . ."  42 U.S.C. § 6903(27).  Spilled or otherwise disposed PCE is a "solid waste" because it is discarded material.  Spilled or otherwise disposed PCE also qualifies as "hazardous waste," because it may "pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed."  42 U.S.C. § 6903(5)(B).

For all of the reasons set forth below, your failure to take action to prevent the VOC groundwater plume from migrating to and further impacting the Property, or to remediate past and continuing waste discharges at the Property that occurred during your ownership tenure and are attributable to your companies, may present an imminent threat to human health or the environment.

### C. THE PROPERTY

#### a. Pacifica Chemical's Operations at the Property.

TC RICH is the record owner of the Property and discovered chemical contamination at the Property in or around 2015.  The Property was originally purchased and developed in 1978 by you to be occupied by your companies, first Shah Chemical and later, Pacifica Chemical, for chemical manufacturing and distribution.  Shah Chemical and Pacifica Chemical (including operations under various trade and corporate names) used the Property for these purposes until at least 1999.  You continued to own the Property until approximately 2003, when you then sold it to an unrelated third party who used it variously as a garment storage facility and/or held it vacant, until that third party sold the Property to TC RICH in May 2005. After TC

Hussain M. Shaikh
Bret Stone
February 26, 2019
Page 4

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

RICH acquired the Property in 2005, the Property has been utilized for warehouse and distribution purposes, including TC RICH's current logistics operations-focused business.

Collectively, your companies Shah Chemical and Pacifica Chemical occupied the Property from at least 1980 to 1999 for their chemical manufacturing and distribution businesses, including the formulation of fabric softeners, dyes, and light detergents.  The detergents and softeners were blended in mixing tanks before distribution and sale.  Wastewater was generated when the mixing tanks were rinsed in order to receive new materials every week.  Operations included the use of a 1,500-gallon three-stage clarifier located in the northwest exterior portion of the Property that was installed in 1986.  The clarifier was connected to a system of trench drains to mixing tanks within the Property's structure.

As stated above, Pacifica Chemical was issued a permit for industrial wastewater discharge (Permit Number 11027) by LACDPW and LACSD in 1985, which permit was transferred into your name upon Pacifica Chemical's closure of its operations at the Property.  On-site operations included the blending of raw materials in mixing tanks prior to their distribution and sale.  Detergents were stored in three above-ground storage tanks (ASTs) located in the southeastern corner of the building, which were reportedly 400, 1,000, and 2,000-gallons in size.  According to the notices and self- monitoring reports, Shah Chemical and Pacifica Chemical were issued numerous violations for excessive discharge of volatile organic compounds (VOCs) and heavy metals, including toluene, ethylbenzene, xylenes, and copper.  Other VOCs detected in self-monitoring reports included 1,1-dichloroethane (DCA), 1,1,1,- trichloroethane (TCA) (1800 ug/L), and tetrachloroethene (PCE).

According to correspondence within the LACSD's files, a 2,000-gallon above-ground storage tank containing PCE was present on-site in 1985, reportedly located near the southwest corner of the subject building.  Reportedly, Pacifica Chemical received the PCE in a bulk shipment that was pumped directly into the storage tank, prior to Pacifica Chemical subsequently repackaging into 55-gallon drums for resale purposes.

Pacifica Chemical was also registered with the Resource Conservation and Recovery Act-Small Quantity Generator (RCRA-SQG), Facility Index / Facility Registry System (FINDS) as a small quantity generator of hazardous wastes in 1996 and a large quantity generator of hazardous wastes in 1989, although the type and specific quantity of hazardous wastes is not listed.  The Property under Pacifica Chemical was issued a general violation in 1993, which was abated in 1998.

By 2000, Pacifica Chemical ceased all manufacturing operations at the Property and no longer generated industrial wastewater at the Property.  The clarifier tank was closed in place on the subject Property in 2004 or 2005, and the concrete trenches were also filled in with cement.

Hussain M. Shaikh
Bret Stone
February 26, 2019
Page 5

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

    **b. TC RICH's Purchase of the Property and Discovery of Discharge of VOCs by Pacifica Chemical Potentially Presenting an Imminent and Substantial Danger to Human Health or the Environment.**

At or around the time of the purchase of the Property by TC RICH in May 2005, in connection with financing of the Property and as a matter of due diligence and reasonable inquiry, a Phase I Environmental Assessment Report for the Property was prepared by a registered environmental assessor at A/E West Consultants, Inc., of Irvine, California.  In preparing the report, A/E West also reviewed an April 2003 Phase I report performed by JMK Environmental Solutions, Inc., of Granada Hills, California, that recommended no further action or investigation.  Based on its investigation and the historical operation of the clarifier on the property by Shah Chemical and Pacifica Chemical, A/E West recommended a limited further investigation solely comprised of the creation of a closure report for the clarifier with an accompanying analysis of soil samples to be submitted for certification.  A true and correct copy of the A/E West Phase I Environmental Assessment Report dated April 4, 2005 (excluding appendices) is attached as Attachment A.

In accordance with the recommendation by A/E West, a member of TC RICH contracted Aqua Science Engineers, Inc., of Irvine, California, to perform the recommended subsurface analysis for closure of the clarifier.  Aqua Science determined that a closure certificate for the Property and clarifier had already been issued by LACDPW in 2004 based on representations made by you, without any apparent soil sampling.  Despite the certificate, Aqua Science informed LACDPW that it would perform soil sampling.  Aqua Science took soil samples at the Property under the supervision of LACDPW on April 7, 2005, taking samples from only under the clarifier and not elsewhere, as the LACDPW representative noted that the majority of piping from the building to the clarifier was above ground and that LACDPW would not require soil sampling along the piping.  Aqua Science made two borings on either side of the closed clarifier, found no evidence of volatile organic compounds and semi-volatile organic compounds, and concluded that the "use of the wastewater clarifier at the subject site has not impacted the subsurface with contamination."  A true and correct copy of Aqua Science's Project Report on Subsurface Environmental Investigation of Soil for Wastewater Clarifier Closure at the Property is attached as Attachment B.

Having made a reasonable inquiry into the potential environmental issues and having received a finding of "no contamination" from the identified recognized environmental condition, TC RICH proceeded with and completed its purchase of the Property.

In connection with the repayment of the purchase-money loan for the Property, which was a 10-year term loan, a new Phase I Environmental Site Assessment was performed by Andersen Environmental of Los Angeles, California, in early 2015.  After completing its own review of businesses and environmental data and records for the Property, Andersen concluded that the Shah Chemical and Pacifica Chemical operations constituted a Recognized Environmental

Hussain M. Shaikh
Bret Stone
February 26, 2019
Page 6

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

Condition based on their prior handling and storage of PCE.  In this new Phase I report, Andersen recommended further soil testing, including testing of samples be performed near the clarifier and at locations along the concrete trenches used by Shah Chemical and Pacifica Chemical to look for contaminants that could have been discharged or released into the ground from their operations on the Property.  A true and correct copy of the March 16, 2015, Phase I Environmental Site Assessment Report from Andersen Environmental (excluding appendices) is attached as <u>Attachment C</u>.

In response to the recommendation from Andersen Environmental, Plaintiffs engaged EEC Environmental of Orange, California, to perform a Phase II report and investigation in order to assess recognized environmental conditions identified in the Phase I Environmental Site Assessment prepared by Andersen Environmental and to determine if these recognized environmental conditions have resulted in a release of chemicals to the environment.  Specifically, EEC conducted a limited subsurface investigation and indoor air sampling event at the Property in two separate stages.  Following the testing, EEC prepared a report that detected PCE in soil, soil gas and groundwater at the Property in concentrations and locations consistent with discharge from Pacifica Chemical's operations at the Property.  A true and correct copy of the Phase II Report from EEC (excluding appendices) is attached as <u>Attachment D</u>.

Laboratory results from EEC's Phase II investigation indicated:

- Soil Sample concentrations of PCE ranging from 1.9 ug/kg to 71.5 ug/kg;

- Soil Vapor concentrations of PCE that were highest beneath the former PCE storage tank / clarifier areas and increasing with depth, with concentrations ranging from 0.71 ug/L up to 799 ug/L;

- Groundwater PCE contamination was detected in each of the five groundwater samples collected, with concentrations ranging from 1.4 ug/L to 530 ug/L, with the highest concentrations from borings located near the eastern edge of the warehouse in the vicinity of former floor drains; and

- Indoor Air PCE detected in the two locations tested within the building on the Property in concentrations of 12 to 18 µg/m$^3$, in excess of the California Human Health Screening Levels (CHHSLs) for indoor air concentrations for commercial/industrial sites.

TC RICH has granted access to and is cooperating with Pacifica Chemical's environmental contractor, Murex Environmental, Inc. ("Murex"), in allowing it to conduct prior and current activities on the Property to address the VOCs at the Property (as currently delineated in its *Design Data Collection and Pilot Test Workplan* (Workplan), dated August 19, 2016, and described in Murex's March 27, 2017, submittal in response to DTSC Comments regarding the December 7, 2016, *Data Gap Investigation Report*, a true and correct copy of which is attached

Hussain M. Shaikh
Bret Stone
February 26, 2019
Page 7

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

as Attachment E).  These activities have included investigation and characterization of volatile organic compounds (VOCs), including PCE and its daughter compounds, in soil, soil gas, and groundwater beneath the Property and to the east, assessment of potential risks to human health associated with VOC in soil vapor to the south and east of the Property, conducting a soil vapor/multi-phase extraction (SVE/MPE) pilot test to assess the viability of SVE/MPE technology at the Property, and implementation of such remedial test pilot project contributing to abatement of VOCs at the Property.

Current conditions attributable to discharges that occurred during your ownership of the Property, including those attributable to the operations of Shah Chemical and Pacifica Chemical,  may present an imminent threat to human health or the environment.

### D.  PERSONS GIVING NOTICE

The full name and address of the persons giving notice is:

TC RICH, LLC
Rifle Freight, Inc.
Fleischer Customs Brokers
Richard G. Fleischer
Jacqueline Fleischer
132 W. 132nd Street,
Los Angeles, CA 90061

These parties should be contacted through their legal counsel:

Raines Feldman LLP
John S. Cha
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 900067
Telephone: (310) 440-4100
jcha@raineslaw.com

and

Pillsbury Winthrop Shaw Pittman LLP
Mark E. Elliott
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
(213) 488-7511
Mark.elliott@pillsburylaw.com

and

Pillsbury Winthrop Shaw Pittman LLP
Stella Pulman

Hussain M. Shaikh
Bret Stone
February 26, 2019
Page 8

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
(415) 983.1269
stella.pulman@pillsburylaw.com

### E. CONCLUSION

As set forth above, following the 90-day notice period, Plaintiffs intend to file a citizen suit against you under RCRA section 7002(a)(1)(B). We are willing to discuss effective remedies for the violations referenced in this Notice prior to filing the amended complaint or new lawsuit. If you wish to engage in such discussions, we suggest that you promptly contact us so that we can work towards a possible resolution in a timely manner. Although our preference is to avoid unnecessary litigation, we will not delay filing an amended complaint or lawsuit if a satisfactory remedy has not been achieved by the time the applicable notice period expires.

Nothing herein shall be deemed as an admission of liability nor a waiver of any of our clients' rights and remedies, all of which are expressly reserved.

Sincerely,

John S. Cha

cc (via registered mail):

Mr. Andrew Wheeler, Administrator (Acting)
U.S. Environmental Protection Agency
Mail Code: 1101A
1200 Pennsylvania Ave., NW
Washington, D.C. 20460

Mr. Mike Stoker, Regional Administrator
U.S. Environmental Protection Agency, Region IX
75 Hawthorne Street
San Francisco, CA 94105

Mr. Matt Rodriquez, Secretary
California Environmental Protection Agency
P.O. Box 2815
Sacramento, CA 95812-2815

Hussain M. Shaikh
Bret Stone
February 26, 2019
Page 9

Direct: 310.988.4298
Fax: 424.239.1613
jcha@raineslaw.com

Ms. Barbara A. Lee, Director
California Department of Toxic Substances Control
P.O. Box 806
Sacramento, CA 95812-0806