JOHN S. CHA, ESQ. (SBN 129115)
jcha@raineslaw.com
RAINES FELDMAN LLP
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 440-4100
Facsimile:  (424) 239-1613

MARK E. ELLIOTT (SBN 157759)
mark.elliott@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile:  (213) 629-1033

Attorneys for Plaintiffs TC RICH, LLC, Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TC RICH, LLC, a California Limited Liability Company, RIFLE FREIGHT, INC., a California corporation, FLEISCHER CUSTOMS BROKERS, a sole proprietorship, RICHARD G. FLEISCHER, an individual, and JACQUELINE FLEISCHER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>HUSSAIN M. SHAIKH, an individual, HAROON KHAN, an individual, and SHAH CHEMICAL CORPORATION, a California Corporation.<br><br>Defendants. | Case No.: 2:19-CV-02123-DMG-AGR<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Courtroom: 8C<br>Judge: Hon. Dolly M. Gee<br><br>First Amended Complaint: 06/04/2019 |

Pursuant to the Court's July 2, 2019, Order, Plaintiffs TC Rich, LLC, Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer ("Plaintiffs"), by and through their counsel of record, respond as follows:

On March 21, 2019, Plaintiffs filed their original complaint against Defendants Hussain M. Shaikh and Shah Chemical Corporation ("Defendants"). Dkt. 1. On March 27, 2019, Plaintiffs' counsel contacted Defendants' counsel, Bret Stone and Jon Lycett, to inquire whether counsel would agree to accept service on behalf of the Defendants. Declaration of John S. Cha in Support of Plaintiffs' Response to Order to Show Cause ("Cha Decl."), ¶ 2, Ex. 1. On April 1, 2019, Mr. Stone agreed to accept service on behalf of Defendants. Cha Decl. ¶ 3, Ex. 2. That same day, Plaintiffs' counsel emailed Mr. Stone two Notices and Acknowledgments of Receipt of Summons and Complaint ("Acknowledgment") for Defendants, attached to which were copies of the summons and the original complaint. Cha. Decl. ¶ 4, Ex. 3. Defendants' counsel returned the signed Acknowledgment forms to Plaintiffs' counsel on April 19, 2019, (Cha Decl. ¶ 5, Ex. 4), and Plaintiffs' counsel filed the forms with the Court on April 25, 2019. Dkt. Nos. 19 & 20.

On April 30, 2019, Kirk Tracy, an attorney at the Paladin Law Group working with Mr. Stone and Mr. Lycett, sent Plaintiffs a meet-and-confer letter pursuant to Local Rule 7-3. Cha Decl., ¶ 6, Ex. 5. Defendants indicated that they intended to move to strike or dismiss "a number of deficiencies" they identified in the complaint unless Plaintiffs agreed to amend the complaint to cure the alleged defects. *Id.* Plaintiffs' counsel emailed Mr. Tracy on May 2, 2019, to acknowledge Defendants' letter and recommend that the Parties enter into a stipulation to extend Defendants' response time pursuant to Local Rule 8-3 in order to allow Plaintiffs to fully evaluate Defendants' arguments and file an amended complaint. Cha Decl. ¶ 7, Ex. 6. Mr. Tracy responded that Defendants agreed with Plaintiffs' suggested approach, and he gave permission to file the stipulation. Cha Decl., ¶ 8, Ex. 7. Plaintiffs filed the stipulation, thereby extending Defendants' response deadline to June 7, 2019.

Dkt. No. 21.

On June 4, 2019, Plaintiffs filed a First Amended Complaint ("FAC"). Dkt. No. 22. That same day, Plaintiffs' counsel sent a detailed letter to Mr. Tracy and Mr. Stone responding to each of the issues raised in Defendants' April 30, 2019, meet-and-confer letter and detailing how Plaintiffs addressed the issues in the newly-filed FAC. Cha Decl., ¶ 9, Ex. 8. On June 5, 2019, upon written request by Mr. Tracy, Plaintiffs emailed Mr. Tracy and Mr. Stone a copy of the filed FAC. Cha Decl., ¶ 10, Ex. 9.

Plaintiffs received no further communication from Defendants, and on June 27, 2019, contacted the Court clerk to determine why Mr. Stone was not appearing as counsel of record on the PACER system. The clerk indicated that although there was a stipulation on the docket with Mr. Stone's information, PACER would not update with Mr. Stone's service information until Mr. Stone filed a document in the matter. Cha Decl., ¶ 11.

On July 2, 2019, this Court issued the present Order to Show Cause. Dkt. No. 23. On July 3, 2019, Plaintiffs' counsel emailed Mr. Stone and Mr. Lycett inquiring as to whether they intended to file a response on behalf of Defendants. Cha Decl., ¶ 12, Ex. 10. Mr. Stone emailed Plaintiffs' counsel on July 8th and asked whether an Acknowledgment had been sent to him for the FAC. Plaintiffs' counsel responded that he did not believe a second Acknowledgment was necessary given that Mr. Stone had already accepted service of the original complaint on behalf of Defendants and that he signed Acknowledgments, which were filed with the Court. Cha Decl., ¶ 13, Ex. 11; Dkt. Nos. 19 & 20.

Plaintiffs believe that service of the FAC was properly effectuated pursuant to Fed. R. Civ. P. 5(b)(2)(E) through electronically filing the pleading on PACER, as well as by emailing a copy to Mr. Tracy and Mr. Stone in response to Mr. Tracy's written request on June 5th. However, Plaintiffs' interests in this litigation will not be advanced by seeking a default against Defendants. Therefore, in addition to

TC RICH v. Shaikh, et al.
USDC Case No. CV 19-02123 DMG (AGRx)

2

PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

reaching out to Mr. Stone and seeking a date certain by which Defendants will file a response to the FAC, (Cha Decl. ¶ 15, Ex. 12), Plaintiffs have also re-served the FAC on Mr. Stone, as counsel for Defendants, via first-class certified mail pursuant to Fed. R. Civ. P. 5(b)(2)(C), and electronically filed a certificate of service, pursuant to Fed. R. Civ. P. 5(d)(1)(B)(i). Dkt. No. 24.

Plaintiffs' counsel also emailed Mr. Stone on July 10th informing him that the FAC was re-served via first class mail, thereby setting a deadline of July 29th for Defendants' response. Cha Decl. ¶ 17, Ex. 14.

Finally, Plaintiffs emailed Mr. Stone seeking his availability for a Rule 26(f) meeting of counsel, and also informed Mr. Stone of Plaintiffs' intent to seek discovery from Defendants aimed at identifying the newly-added defendant, Haroon Khan to establish his whereabouts for purposes of service. Cha Decl. ¶ 16, Ex. 13.

**CONCLUSION**

Plaintiffs have a good-faith belief that service of the FAC was timely effectuated by electronically filing the amended pleading, as well as separately providing a copy to Defendants' counsel by electronic means in response to their written request, and that no further action by Plaintiffs was necessary. *See* Fed. R. Civ. P. 5(a), (b)(1), (b)(2)(E). Defendants' counsel has not provided any basis for asserting that a second Acknowledgment was required in order to effectuate service of the FAC on Defendants. However, because a default will not advance Plaintiffs' goals in this litigation, Plaintiffs have re-served the FAC on Mr. Stone, as counsel for Defendants, via first class mail pursuant to Rule 5(b)(2)(C). As such, Plaintiffs' response deadline – calculated from the date of the mailing of the FAC – is now July 29th. If no response is forthcoming by that date, Plaintiffs will promptly seek entry of a default under Rule 55.

Based on the above, Plaintiffs respectfully request that the Court vacate its Order to Show Cause Re: Dismissal for Lack of Prosecution.

| | | |
|---|---|---|
| 1 | Dated: July 11, 2019 | **RAINES FELDMAN LLP** |
| 2 | | */s/ John S. Cha* |
| 3 | | _____ |
| 4 | | John S. Cha<br>Counsel for Plaintiffs |
| 6 | Dated: July 11, 2019 | **PILLSBURY WINTHROP SHAW PITTMAN LLP** |
| 8 | | */s/ Mark Elliot* |
| 9 | | _____ |
| 10 | | Mark Elliot<br>Counsel for Plaintiffs |