1  Bret A. Stone     SBN 190161  BStone@PaladinLaw.com
2  Kirk M. Tracy    SBN 288508  KTracy@PaladinLaw.com
   Cory T. Baker    SBN 315763  CBaker@PaladinLaw.com
3  PALADIN LAW GROUP® LLP
4  220 W. Gutierrez Street
   Santa Barbara, CA  93101
5  Telephone:  (805) 898-9700
6  Facsimile:   (805) 852-2495

7  Counsel for Defendant Hussain M. Shaikh

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11  TC RICH, LLC, a California Limited          Case No. 2:19-CV-02123-DMG-AGR
12  Liability Company, RIFLE FREIGHT,
    INC., a California corporation,             HUSSAIN M. SHAIKH'S NOTICE
13  FLEISCHER CUSTOMS BROKERS, a                OF MOTION; MOTION TO
    sole proprietorship, RICHARD G.             DISMISS AND TO STRIKE
14  FLEISCHER, an individual, and               PLAINTIFFS' SIXTH CAUSE OF
    JACQUELINE FLEISCHER, an                    ACTION PURSUANT TO RULE
15  individual,                                 12(b)(1), 12(b)(6) AND 12(f)
16
17                          *Plaintiffs*,
18            *v.*                              Hearing:
                                                September 6, 2019
19  HUSSAIN M. SHAIKH, an individual,           9:30 a.m.
    HAROON KHAN, an individual, and            Courtroom 8C
20  SHAH CHEMICAL CORPORATION,
    a California corporation.                   Judge Dolly M. Gee
21
                          *Defendants*.
22
23
24
25
26
27
28



# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 6, 2019 at 9:30 a.m. or as soon thereafter as this matter may be heard in Courtroom #8C of this Court, located at 350 West 1st Street, Los Angeles, California, 90012, defendant Hussain M. Shaikh ("Shaikh") will move this Court for an order (1) striking or dismissing without leave to amend plaintiffs TC Rich, LLC, Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer's (collectively, "Plaintiffs") sixth cause of action in their First Amended Complaint ("FAC"); and (2) striking the FAC's prayer for relief as against Shaikh under the sixth cause of action.

The motion is made pursuant to Federal Rule of Civil Procedure 12, subdivision (b)(1), (b)(6), and (f). The motion is made on the following grounds that: (1) the Court does not have subject matter jurisdiction regarding Plaintiffs' Resource Conservation Recovery Act ("RCRA") claim because Plaintiffs failed to provide sufficient jurisdictional notice to Shaikh; (2) Plaintiffs did not assert sufficient factual allegations to state a valid claim for RCRA liability under the treatment, transport and storage theories against Shaikh; and (3) Plaintiffs' RCRA cause of action and ninth prayer for relief contains immaterial and impertinent references to Shaikh.

The motion is based on and supported by this Notice of Motion, the Memorandum of Points and Authorities below, the Proposed Order filed herewith, all records and documents on file with the Court for this case, and any additional evidence and oral argument as may be presented at the hearing on the motion. This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on July 29, 2019.

Dated: August 5, 2019          PALADIN LAW GROUP® LLP

By:    */s/ Kirk M. Tracy*
_____
Kirk M. Tracy
Counsel for Defendant
Hussain M. Shaikh

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## TABLE OF CONTENTS

3

I.  INTRODUCTION ................................................................4

4

II.  RELEVANT GENERAL FACTUAL ALLEGATIONS ................................8

5

III.  PROCEDURAL HISTORY ................................................8

6

IV.  ISSUES PRESENTED ................................................9

7

V.  LEGAL FRAMEWORK ................................................9

8

   A.  Rule 12(b)(1) — Motions to dismiss. ................................9

9

   B.  Rule 12(b)(6) — Motions to dismiss. ................................10

10

   C.  Rule 12(f) — Motions to strike ................................11

11

VI.  ARGUMENT ................................................11

12

   A.  The Court lacks subject matter jurisdiction over Plaintiffs' RCRA claim

13

       against Shaikh because Plaintiffs' did not provide sufficient notice ..........11

14

   B.  Plaintiffs' RCRA cause of action should be dismissed with prejudice. .......15

15

   C.  Plaintiffs' RCRA cause of action should be dismissed to the extent it is

16

       based on theories of treatment, storage, or transportation of hazardous

17

       wastes. ................................................15

18

   D.  Plaintiffs' RCRA cause of action should be stricken as against Shaikh. ....17

19

VII.  CONCLUSION ................................................21

20

21

22

23

24

25

26

27

28



2:19-CV-02123-DMG-AGR

# TABLE OF AUTHORITIES

## CASES

*Ascon Properties, Inc v. Mobil Oil Co.*, 866 F.2d 1149 (9th Cir. 1989) .............. 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................... 10, 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................. 11

*Bureerong v. Uvawas*, 922 F.Supp. 1450 (C.D. Cal. 1996) ............................ 11, 18

*City of Imperial Beach v. Int'l Boundary & Water Comm'n, United States Section*, 356 F. Supp. 3d 1006 (C.D. Cal. 2018) .......................................... 9, 10

*City of Rialto v. United States DOD*, 2004 U.S. Dist. LEXIS 27122 (C.D. Cal. Apr. 14, 2004) ........................................................................ 12, 17

*Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943 (9th Cir. 2002) ........................................................................................ 13

*Ctr. For Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794 (9th Cir. 2009) .................................................................................... 11, 14

*DTSC v. Interstate Non-Ferrous Corp.*, 298 F. Supp. 2d 930 (E.D. Cal. 2003) ... 15

*Gilbert v. Eli Lily Co.*, 56 F.R.D. 116 (1972) ....................................................... 18

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir. 1989) .............................................................................................. 10

*Hallstrom v. Tillamook County*, 493 U.S. 20 (1989) ................................. 11, 12, 15

*Hallstrom v. Tillamook County*, 844 F.2d 598 (9th Cir. 1987) ........................... 12

*Harrison v. Perea*, 168 U.S. 311 (1987) .............................................................. 18

*Hinds Investments, L.P. v. Angioli*, 2011 U.S. App. LEXIS 15809 (9th Cir. 2011) .............................................................................................. 15

*Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116 (9th Cir. 2008) ........................................................................................ 10, 15

*KFD Enterprises, Inc. v. City of Eureka*, No. C 08-04571 MMC, 2010 WL 1779907 (N.D. Cal. Apr. 22, 2010) ............................................................ 12

*McCarthy v. United States*, 850 F.2d 558 (9th Cir. 1988) ................................... 10

*N. Cal. River Watch v. Fluor Corp.*, 2014 U.S. Dist. LEXIS 93420

   (N.D. Cal. July 9, 2014) ...................................................................10

*Navarro v. Block,* 250 F.3d 729 (9th Cir. 2001)...............................10, 15

*Rosales v Citibank, Fed. Sav. Bank*, 133 F.Supp.2d 1177 (N.D Cal 2001) ..........18

*Save the Yaak Committee v. Block*, 840 F.2d 714 (9th Cir. 1988) .................11, 12

*Schenley Distillers Corp. v. Renken*, 34 F. Supp. 678 (D.C.S.C. 1940) ...............18

*Southwest Ctr. for Biological Diversity v. United States Bureau of Reclamation*,

   143 F.3d 515 (9th Cir. 1998)......................................................12, 15

*Stark-Tusc-Wayne Joint Solid Waste Mgmt. Dist. v. Am. Landfill, Inc.*, No.

   5:10CV00119, 2012 U.S. Dist. LEXIS 138159

   (N.D. Ohio Sep. 26, 2012).........................................................13, 14

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)....................10

*Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d. 559 (8th Cir. 1974) .........11

*Wason Ranch Corp. v. Hecla Mining Co.*, No. 05-cv-00838-WDM-PAC, 2006

   U.S. Dist. LEXIS 99086 (D.Colo. May 9, 2006) ...............................14

*Wilkerson v. Butler*, 229 F.R.D. 166 (E.D. Cal. 2005).........................................11

**STATUTES**

42 U.S.C. § 6972(a)(1)(B)...........................................................15, 16

42 U.S.C. § 6972(b)(1)(A)....................................................................14

42 U.S.C. § 6972(b)(2)(A)....................................................................12

RCRA § 1004(27), 42 U.S.C. § 6903(27) .............................................16

RCRA § 1004(5), 42 U.S.C. § 6903(5) ..................................................16

RCRA § 3001, 42 U.S.C. § 6921..........................................................17

**RULES**

Fed. R. Civ. P. 10(c) .............................................................................10

Fed. R. Civ. P. 12(b)(1) ........................................................................10

Fed. R. Civ. P. 12(b)(6) .................................................................10, 15

Fed. R. Civ. P. 12(f)........................................................................11, 17



SHAIKH'S MOTION TO DISMISS AND TO STRIKE

1

## REGULATIONS

2    40 C.F.R. § 254.3(a) ............................................................................... 12

3    40 C.F.R. § 260.10 ................................................................................... 17

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



SHAIKH'S MOTION TO DISMISS AND TO STRIKE

# I.    INTRODUCTION

The FAC includes a new cause of action for injunctive relief under RCRA, including against Shaikh individually. Shaikh moves to dismiss this sixth cause of action under Rule[1] 12(b)(1) on the grounds that Plaintiffs' February 26, 2019 "Notice of Endangerment and Intent to File Suit Pursuant to RCRA section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B)" (ECF No. 22-6 (Exh. 6 to the FAC, hereafter, "NOE")) failed to provide sufficient statutorily-required notice of the alleged violations of RCRA, thus depriving this Court of subject matter jurisdiction over the claim. Unlike the FAC, the NOE only identified the businesses, not Shaikh individually, as the entities that operated the equipment that allegedly caused or contributed to the alleged imminent and substantial endangerment.  Thus, under Rule 12(b)(1), the Court lacks subject matter jurisdiction over the RCRA claim against Shaikh. Further, because insufficient notice is a jurisdictional question, the RCRA cause of action should be dismissed with prejudice.

Additionally, the FAC includes unsupported, conclusory allegations within the RCRA cause of action that Shaikh treated, transported, and stored hazardous wastes. These allegations are not supported by the underlying factual allegations within the FAC. Accordingly, Shaikh moves to dismiss or strike under Rules 12(b)(6) and 12(f), portions of the RCRA cause of action for liability based on a theory of treatment, storage, or transportation of hazardous wastes because the allegations of the FAC fail state a valid cause of action on those grounds.  For the same reasons, the corresponding requests in the prayer for relief should be stricken.

Therefore, Shaikh now moves the Court, pursuant to Rules 12(b)(1), (b)(6) and (f), to dismiss or strike the sixth cause of action within Plaintiffs' FAC, and to strike Plaintiffs' ninth prayer for injunctive relief as against Shaikh.

///

---

[1] References to "Rules" are to the Federal Rules of Civil Procedure.

## II.   RELEVANT GENERAL FACTUAL ALLEGATIONS

The FAC alleges in relevant part as follows:

This case revolves around hazardous substance contamination at and around 132 West 132nd Street, Los Angeles, California (the "Property"). ECF No. 22 (FAC), at ¶ 1. Plaintiff TC Rich, LLC ("TC Rich"), the current owner of the Property (*Id.* at ¶ 2) seeks, in part, to recover the alleged costs of response to the contamination that have now been and will continue to be incurred in responding to the contamination at the Property, and for injunctive relief and attorneys' fees from the prior owners, operators, and polluters that allegedly caused the ongoing contamination and release of hazardous substances at the Property. *Id.* at ¶ 4.

Plaintiffs allege that Shah Chemical Corporation ("Shah") used the Property for chemical manufacturing and distribution from approximately 1980 until approximately 1983, at which time its successor entity, Pacifica Chemical Incorporated ("Pacifica"), took over operations. *Id.* at ¶ 16. Pacifica continued to use the Property for chemical manufacturing and distribution until approximately 2000. *Id.* The FAC identifies Shaikh as "the record title owner of the Property from August 1979 to December 1984 and again from October 1987 to April 2003, which includes the entire period of Shah's operations and most of Pacifica's operations. *Id.* at 18. The FAC also alleges that "[i]n or around December 1984, Shaikh transferred ownership of the Property to [Haroon] Khan." *Id.* at 22. The FAC further alleges that a "clarifier that was located and used on the Property by [Shah] and [Pacifica], during Shaikh's and Khan's ownership periods was closed in-place in 2004, and the concrete trenches were also filled in." *Id.* at ¶ 27. The FAC further alleges that "[Shah] and Shaikh contributed to the 'handling, storage, treatment, transportation, or disposal' of hazardous wastes at and emanating from the Property." *Id.* at ¶ 95.

## III.   PROCEDURAL HISTORY

On February 26, 2019, Plaintiffs sent the NOE to Shah and Shaikh. *See* ECF No. 22-6. The contents and sufficiency of the NOE are discussed below.

On March 21, 2019, Plaintiffs filed their initial complaint in this matter, with eight causes of action based on multiple statutory and common law bases: (1) Cost Recovery–Owner liability; (2) Cost Recovery–Operator liability; (3) Cost Recovery–Arranger liability; (4) Declaratory Relief; (5) Continuing Private nuisance; (6) Continuing Trespass; (7) Negligence; and (8) Negligence Per Se. ECF. No. 1. Each of the causes of action was alleged against Shaikh. *See id.* On June 4, 2019, after having met and conferred with Shaikh about deficiencies in the original complaint, Plaintiffs filed their FAC without the causes of action for Cost Recovery-Arranger liability, Negligence, and Negligence Per Se, but they added a cause of action for Injunctive Relief under RCRA. *See* FAC. This was Plaintiffs' first attempt to seek injunctive relief and recovery of attorney's fees under RCRA against Shaikh.

## IV.   ISSUES PRESENTED

This motion presents the Court with the following issues:

(1)   Is Plaintiffs' notice regarding the RCRA claim against Shaikh sufficient to establish subject matter jurisdiction?

(2)   Does the sixth cause of action contain sufficient factual allegations to state a plausible claim for RCRA liability against Shaikh for treatment, transportation, or storage of hazardous wastes?

(3)   Should the sixth cause of action be dismissed with prejudice?

(4)   Should the immaterial and impertinent references to Shaikh be stricken from portions of Plaintiffs' RCRA cause of action and ninth prayer for relief?

## V.   LEGAL FRAMEWORK

### A.   Rule 12(b)(1) — Motions to dismiss.

Federal courts are courts of limited jurisdiction. Accordingly, "[w]ithout jurisdiction the court cannot proceed at all in any cause . . . and when [jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *City of Imperial Beach v. Int'l Boundary & Water Comm'n, United States Section*, 356 F. Supp. 3d 1006, 1014 (C.D. Cal. 2018)

1  (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)).

2  Under Rule 12(b)(1), a party may raise a challenge to the existence of subject matter

3  jurisdiction over a case. *N. Cal. River Watch v. Fluor Corp.*, 2014 U.S. Dist. LEXIS

4  93420, *22 (N.D. Cal. July 9, 2014). When considering a 12(b)(1) motion, the court

5  is not restricted to the face of the pleadings, but may review any evidence, such as

6  affidavits and testimony, to resolve disputes concerning the existence of jurisdiction.

7  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). For purposes of ruling

8  on a Rule 12 motion to dismiss, exhibits to the FAC, such as the NOE attached as

9  Exhibit "6," can be considered because they are part of the pleading.  Rule 10(c); *Hal*

10  *Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555, n.19 (9th Cir.

11  1989).

12    **B.    Rule 12(b)(6) — Motions to dismiss.**

13    A motion to dismiss under Rule 12(b)(6) challenges the *legal sufficiency* of the

14  pleadings. *City of Imperial Beach*, 356 F. Supp. 3d at 1014. (emphasis added). Under

15  Rule 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a

16  claim upon which relief can be granted" (Rule 12(b)(6)) or may be based on the lack

17  of a cognizable legal theory or on the absence of sufficient facts alleged under a

18  cognizable legal theory. *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116,

19  1121 (9th Cir. 2008); *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).

20    The inquiry before the court is whether, accepting the allegations in the

21  complaint as true and drawing all reasonable inferences in the plaintiff's favor, the

22  plaintiff has stated a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*,

23  556 U.S. 662, 678 (2009). In application, "[t]he plausibility standard is not akin to a

24  'probability requirement,' but it asks for more than a sheer possibility that a defendant

25  has acted unlawfully." *Id.* Ergo, "[a] claim has facial plausibility when the plaintiff

26  pleads factual content that allows the court to draw the reasonable inference that the

27  defendant is liable for the misconduct alleged." *Id.* A complaint that offers mere

28  "labels and conclusions" will not survive a motion to dismiss. *Id.* (internal quotation

1    marks and citations omitted) nor will a complaint survive a motion to dismiss if it

2    "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting

3    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

4            **C.     Rule 12(f) — Motions to strike**

5            Further, under Rule 12(f), a court may "strike from a pleading an insufficient

6    defense or any redundant, *immaterial, impertinent*, or scandalous matter." (italics

7    added). Moreover, where the damages sought in a prayer for relief are not recoverable

8    as a matter of law, a motion to strike may be used to strike the prayer for such

9    damages. *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, n.34 (C.D. Cal. 1996)

10   (citing *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d. 559, 560 (8th Cir.

11   1974)); *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005).

12                          **VI.    ARGUMENT**

13   **A.     The Court lacks subject matter jurisdiction over Plaintiffs' RCRA claim**

14   **against Shaikh because Plaintiffs' did not provide sufficient notice.**

15           The 90-day notice that RCRA requires is no mere formality. Rather, it is

16   designed to provide Shaikh, the United States Environmental Protection Agency

17   ("EPA"), and the State of California an opportunity to address the alleged

18   contamination and avoid the need for litigation. *Hallstrom v. Tillamook County*, 493

19   U.S. 20, 26 (1989) (compliance with the RCRA notice provision "is a mandatory, not

20   optional, condition precedent for suit"). Notably, while courts have addressed the

21   "notice" requirement in the context of different environmental statutes—whether it

22   be RCRA, Endangered Species Act ("ESA"), Clean Water Act ("CWA") or other—

23   "courts have construed these [notice] provisions identically despite slight differences

24   in wording." *Save the Yaak Committee v. Block*, 840 F.2d 714, 721 (9th Cir. 1988).[2]

25   ///

26   _____

27   [2]  When analyzing the identical provisions in the ESA, CWA, RCRA, or other
     environmental statutes, the Ninth Circuit has determined that notice must "tell[] a
     target precisely what it allegedly did wrong, and when." *Ctr. For Biological Diversity*
28   *v. Marina Point Dev. Co.*, 566 F.3d 794, 801 (9th Cir. 2009).



Fundamentally, as made prominent in *Hallstrom* (and followed in cases such as *Save the Yaak*), the notice requirement under RCRA is jurisdictional, not procedural. *Hallstrom v. Tillamook County*, 844 F.2d 598, 600 (9th Cir. 1987), *aff'd*, 493 U.S. 20; *Save the Yaak*, 840 F.2d 714. Thus, because notice is a jurisdictional prerequisite to filing a "citizen suit" under RCRA (*City of Rialto v. United States DOD*, 2004 U.S. Dist. LEXIS 27122, *21 (C.D. Cal. Apr. 14, 2004)), "[a]s a general rule, if an action is barred by the terms of a statute, it must be dismissed." *Hallstrom*, 493 U.S. at 31.[3] Here, because Plaintiffs failed to provide a legally sufficient notice before filing their RCRA cause of action in the FAC, as discussed further below, the RCRA cause of action should be dismissed without leave to amend. *See Ascon Properties, Inc v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

Specifically, the notice regulations governing RCRA require that notice includes sufficient information to allow the recipient to identify: (1) the specific standard, regulation, condition, requirement, or order . . . which has allegedly been violated; (2) the activity or failure to act alleged to constitute a violation; (3) the name and address of the site and facility alleged to be in violation, if known; (4) *the person or persons responsible for the alleged violation*; (5) the *date or dates* of the violation; and (6) the full name, address, and telephone number of the person giving notice. 40 C.F.R. § 254.3(a); 42 U.S.C. § 6972(b)(2)(A); *Rialto*, 2004 U.S. Dist. LEXIS 27122, *21-22 (emphasis added). In particular, "the notice must be sufficiently specific to *inform the alleged violator* about what it is doing wrong, so that it will know what corrective actions will avert a lawsuit . . . . [t]he key to notice is to give the accused

---

[3] *See KFD Enterprises, Inc. v. City of Eureka*, No. C 08-04571 MMC, 2010 WL 1779907, at *2 (N.D. Cal. Apr. 22, 2010) ("[a]bsent compliance with the required notice provision, the district court lacks subject matter jurisdiction to hear a RCRA claim"); *Southwest Ctr. for Biological Diversity v. United States Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir. 1998) (finding that the district court lacked subject matter jurisdiction over plaintiff's claims made for failure to strictly comply with the notice requirement, which acts as an absolute bar to bringing suit under the Endangered Species Act).



SHAIKH'S MOTION TO DISMISS AND TO STRIKE

company the opportunity to correct the problem." *Cmty. Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 952 (9th Cir. 2002).

Here, Plaintiffs' NOE critically omits information identifying Shaikh as having caused or contributed to the contamination in an individual capacity. Rather, the NOE specifically directs all allegations towards Shah and Pacifica, not Shaikh in an individual capacity. Section A of the NOE states, "Your companies . . . operated at the Property from approximately the late 1970's to 2000." NOE, at p. 2.  It further states, "[Pacifica's] on-site operations, and those of its predecessor [Shah], included the blending of raw materials . . . on the property. [Shah] and [Pacifica] . . . were issued violations for excessive discharges . . . ." *Ibid*. Section C of the NOE further discusses "Pacifica's operations," alleging that Shah and Pacifica used the property until at least 1999." The NOE further states, "[b]y 2000, [Pacifica] ceased all manufacturing operations at the Property and no longer generated industrial wastewater at the Property." *Id.* at p. 4. There are no allegations in the NOE that Shaikh individually committed violations that would subject him to the RCRA cause of action in Plaintiffs' NOE—to wit, there is no allegation that Shaikh individually conducted manufacturing operations or generated industrial wastewater, only that Shah or Pacifica did so. Because the NOE ignores these details, the RCRA cause of action if equally flawed. Plaintiffs' failure to provide notice of claims against Shaikh is fatal.

Like in *Stark-Tusc-Wayne Joint Solid Waste Mgmt. Dist. v. Am. Landfill, Inc.*, the NOE's generic, catch-all reference to all alleged RCRA violators critically excludes sufficiently specific information to put Shaikh on notice. No. 5:10CV00119, 2012 U.S. Dist. LEXIS 138159, at *13 (N.D. Ohio Sep. 26, 2012) (failure to identify and link individual defendants to a particular statutory violation is insufficient notice). The *Stark-Tusc* Court highlighted that such insufficient notice disrupts the "fundamental purpose" of giving the alleged violator an opportunity to comply. *Id.* As the *Stark-Tusc* Court found that plaintiffs' catch-all, single-sentence assertion to

the defendant's alleged violations failed to satisfy the statute and the precedential purpose of providing notice (*id.*) this Court should find Plaintiffs' NOE conspicuously deficient, especially where there is not a single mention of Shaikh's alleged violations in an individual capacity. In fact, strewn throughout the NOE are references to the environmental conditions attributable to Shah and Pacifica. The specific alleged actions discussed within the NOE exclusively and narrowly stem from Shah's and Pacifica's activity, leaving Shaikh uninformed how he allegedly caused or contributed to the contamination in a manner that would subject him to liability as an individual. As a result, Plaintiffs' NOE letter does not provide Shaikh with sufficient notice of any specific regulatory violation. As in *Stark-Tusc*, Plaintiffs' claim here fails to satisfy the statutory notice requirements and must be dismissed.

Tellingly, the FAC adds new allegations not contemplated by the NOE. Specifically, paragraphs 25, 59, and 95 of the FAC allege that Shaikh continued to operate the clarifier and other equipment associated with hazardous substances and contributed individually to the handling, storage, treatment, transportation, or disposal of hazardous wastes. *There are no such allegations in the NOE.* Accordingly, the NOE does not satisfy the jurisdictional requirements of 42 U.S.C. § 6972(b)(1)(A) to properly put Shaikh on notice and the RCRA cause of action against Shaikh must be dismissed. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 05-cv-00838-WDM-PAC, 2006 U.S. Dist. LEXIS 99086, at *12-13 (D.Colo. May 9, 2006) (motion to dismiss granted where notice letter collectively referred to defendants rather than individually identifying any defendant or linking any individual defendant to a particular violation); *Stark-Tusc*, 2012 U.S. Dist. LEXIS 138159, at *18 (failure to identify and link individual defendants to a particular statutory violation is insufficient notice); *Center for Biological Diversity*, 566 F.3d 794, 801 (plaintiff required to provide a true notice that tells it precisely what it allegedly did wrong, and when); *Hinds Investments, L.P. v. Angioli*, 2011 U.S. App.



LEXIS 15809, at *9 (9th Cir. 2011) (plaintiff must sufficiently allege active involvement by defendant in disposal of waste); *DTSC v. Interstate Non-Ferrous Corp.*, 298 F. Supp. 2d 930, 979 (E.D. Cal. 2003) (plaintiff must connect defendant's actions with the contamination that creates the imminent and substantial endangerment).

**B.      Plaintiffs' RCRA cause of action should be dismissed with prejudice.**

Consistently, courts have found that "if an action is barred by the terms of a statute, it must be dismissed." *Hallstrom*, 493 U.S. at 31 (noting that the dismissal of a RCRA suit serves important federal goals since "the EPA, the federal agency charged with enforcement of RCRA, interprets the notice provision as requiring dismissal for noncompliance"). Other courts have observed this need to further judicial efficiency. *See Southwest Ctr. for Biological Diversity*, 143 F.3d at 520 (the district court lacked subject matter jurisdiction over plaintiff's claims for failure to strictly comply with the notice requirement, which acts as an absolute bar to bringing suit under the Endangered Species Act) Here, due to the insufficient notice under the NOE, Plaintiffs' RCRA claim against Shaikh should be dismissed with prejudice.

**C.      Plaintiffs' RCRA cause of action should be dismissed to the extent it is based on theories of treatment, storage, or transportation of hazardous wastes.**

A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson*, 534 F.3d at 1121; *Navarro*, 250 F.3d at 732. To survive a motion to dismiss under RCRA, Plaintiffs must plausibly allege that Shaikh has contributed or is contributing to "the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B).

Even assuming notice was sufficient (which it was not), the allegations in the FAC, if taken as true, do not support RCRA liability on the theories that defendants treated, stored, or transported hazardous wastes at the Property, largely because the



alleged chemical mixing operations involved hazardous substances but not hazardous *wastes*. Therefore, Plaintiffs' RCRA cause of action (paragraphs 92, 94, 95, and 99 specifically) must be amended to remove references to treatment, storage, or transportation of hazardous wastes or else are subject to dismissal.

Specifically, under RCRA § 1004(27), 42 U.S.C. § 6903(27), "solid waste" is "*discarded material*, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations, and from community activities." *Id.* (emphasis added). In turn, under Section 1004(5) of RCRA, 42 U.S.C. § 6903(5), "hazardous waste" is "a solid waste, or combination of solid wastes, which because of its quantity, concentration, or physical, chemical, or infectious characteristics may . . . pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported or disposed of, or otherwise managed." The RCRA cause of action in the FAC alleges that Shaikh "contributed to the 'handling, *storage, treatment, transportation*, or disposal' of hazardous wastes at and emanating from the Property." FAC ¶ 95 (emphasis added). However, contrary to that conclusory allegation, the general allegations of the FAC merely claim that Shah and Pacifica used and stored PCE to mix with other chemicals for sale (*see* FAC at ¶¶ 19-23)—meaning the PCE and other chemicals were not hazardous *wastes* because they had not been discarded during those processes.  In fact, according to the allegations in the FAC, PCE and other chemicals used by Shah and Pacifica were useful products intended for sale and actually sold. Such allegations, on their face, are insufficient to establish that Shaikh engaged in the "storage," "treatment," or "transportation" of hazardous waste under § 6972(a)(1)(B).

Similarly, under EPA's RCRA regulations, "treatment" is defined as any method, technique, or process designed to change the physical, chemical, or biological character or composition of any hazardous waste so as to neutralize such waste, or so as to recover energy or material resources from the waste, or so as to



render such waste nonhazardous, or less hazardous; safer to transport, store or dispose of; or amenable for recovery, amenable for storage, or reduced in volume. 40 C.F.R. § 260.10. Here, there are no allegations in the FAC of any of these processes that would constitute "treatment" of PCE. Instead, it is only alleged that Shah and Pacifica mixed PCE and other chemicals for sale. *See* FAC at ¶¶ 19-23.

Also, "storage" is defined as holding hazardous waste for a temporary period, at the end of which the hazardous waste is treated, disposed of, or stored elsewhere and "transportation" is defined as the movement of hazardous waste by air, rail, highway, or water. (40 C.F.R. § 260.10.) Again, there are no allegations in the FAC that amount to storage or transportation of hazardous *wastes*. Tellingly, the FAC admits as much, alleging that "[t]he PCE *released* at the Property is 'hazardous waste' within the meaning of RCRA § 3001 (42 U.S.C. § 6921)." FAC at ¶ 95 (emphasis added). There are no allegations that PCE at the Property was ever a waste prior to its alleged released.

Thus, where Plaintiffs' general allegations do not show Shaikh's liability in regard to treatment, storage, or transportation of hazardous *wastes*, Plaintiffs therefore failed to state a claim regarding Shaikh's liability and the Court should dismiss Plaintiffs' sixth cause of action under these theories of liability. Alternatively, the Court may choose to strike Plaintiffs' references to treatment, storage, or transportation from paragraphs 92, 94, 95, and 99 for the reasons discussed in Section D, below.

**D.    Plaintiffs' RCRA cause of action should be stricken as against Shaikh.**

Turning to Shaikh's Motion to Strike, consistent with Rule 12(f), the Court should strike, in pertinent part, any matter in the FAC that is "immaterial" or "impertinent." "Immaterial" matter is "that which has no essential or important relationship to the claim for relief." *City of Rialto*, 2004 U.S. Dist. LEXIS 27122, *12. "Impertinent" matter consists of "any allegation not responsive nor relevant to the issues involved in the action and which could not be put in issue or be given in

evidence between the parties." *Schenley Distillers Corp. v. Renken*, 34 F. Supp. 678 (D.C.S.C. 1940); *Harrison v. Perea*, 168 U.S. 311, 318-19 (1987). "It is generally said that there is considerable overlapping between the concepts of 'impertinent' and 'immaterial' matter. *See Gilbert v. Eli Lily Co.*, 56 F.R.D. 116, 121 n.6 (1972). Further, a motion to strike may also be used to strike "any part of the prayer for relief when the relief sought is not recoverable as a matter of law." *Id.* (quoting *Bureerong*, 922 F.Supp. 1450, 1479 n 34); *see also Rosales v Citibank, Fed. Sav. Bank*, 133 F.Supp.2d 1177, 1180 (N.D Cal 2001).

For the reasons described above, Plaintiffs do not have a valid RCRA cause of action against Shaikh under Rule 12(b)(1) (lack of jurisdiction due to lack of proper notice) and 12(b)(6) (conclusory allegations regarding treatment, storage, and transportation), making the references to Shaikh immaterial and impertinent as are the conclusory allegations of treatment, storage, and transportation. Thus, where the sixth cause of action and associated prayer for relief references Shaikh by name the Court should strike the following specified portions of the FAC:[4]

1. Paragraph 90, at page 17, line 7: "Plaintiffs have given the requisite notice to Defendants Shah Chemical ~~and Shaikh~~ pursuant to RCRA § 7002(b)(2)(A) (42 U.S.C. § 6972(b)(2)(A)) and 40 C.F.R. 254, true and correct copies (without exhibits) of which are attached as Exhibit 6." This allegation is predicated on Plaintiffs' alleged compliance with notice requirements. The reference to Shaikh in Paragraph 90 must be stricken as containing an immaterial and impertinent because Plaintiffs' did not provide sufficient notice to Shaikh.

2. Paragraph 91, at page 17, line 10: "Shah Chemical ~~and Shaikh~~ are both liable parties under RCRA as a 'person' who falls within RCRA § 1004(15) (42 U.S.C. § 6903(15))." This reference to Shaikh must also be stricken as

---

[4] The text that Shaikh requests be stricken is indicated in bold and strikethrough.

immaterial and impertinent because Plaintiffs' did not provide sufficient notice to Shaikh.

3. Paragraph 92, at page 17, lines 12-13: "Shah Chemical ~~and Shaikh~~ are both a past "owner" of a ~~treatment, storage~~, or disposal facility under RCRA at the Property." These allegations are predicated on the alleged conduct of Shaikh under theories of "handling," "storage," "treatment," "transportation," and "disposal." Given that Plaintiffs have asserted no factual basis for Shaikh's alleged liability in regard to "treatment," or "storage," theories, these allegations are impertinent and irrelevant. The references to storage, treatment, and transportation in Paragraph 95 must be stricken as immaterial and impertinent. Also, the reference to Shaikh must be stricken as immaterial and impertinent because Plaintiffs' did not provide sufficient notice to Shaikh.

4. Paragraph 93, at page 17, line 14: "Shah Chemical ~~and Shaikh~~ are both a past 'operator' under RCRA of a disposal facility at the Property." This reference to Shaikh must also be stricken as immaterial and impertinent because Plaintiffs' did not provide sufficient notice to Shaikh.

5. Paragraph 95, at page 17, lines 18-19: "Shah Chemical ~~and Shaikh~~ contributed to the 'handling, ~~storage, treatment, transportation,~~ or disposal' of hazardous wastes at and emanating from the Property. The PCE released at the Property is 'hazardous waste' within the meaning of RCRA § 3001 (41 U.S.C. § 6921)." These allegations are predicated on the alleged conduct of Shaikh under theories of "handling," "storage," "treatment," "transportation," and "disposal." Given that Plaintiffs have asserted no factual basis for Shaikh's alleged liability in regard to "treatment," "storage," or "transportation" theories, these allegations are impertinent and irrelevant. The references to storage, treatment, and transportation in Paragraph 95 must be stricken as immaterial and impertinent. Also, the reference to Shaikh must be stricken as immaterial and impertinent because Plaintiffs' did not provide sufficient notice

SHAIKH'S MOTION TO DISMISS AND TO STRIKE

to Shaikh.

6. Paragraph 99, at page 18, lines 12-13: "The indoor air concentrations of PCE found at the Property and the high concentrations of PCE in soil vapor constitute an 'imminent and substantial endangerment to the health or the environment' within the meaning of RCRA § 7002(a)(1)(B) (42 U.S.C. § 6972 (a)(1)(B)). The endangerment is due to Shah Chemical's, its successor Pacifica Chemical's, **and Shaikh's** past handling, ~~storage, treatment~~ or disposal of PCE." For the reasons discussed above, the references to storage and treatment in Paragraph 99 must be stricken as immaterial and impertinent. Also, the reference to Shaikh must be stricken as immaterial and impertinent because Plaintiffs' did not provide sufficient notice to Shaikh.

7. Paragraph 101, at page 18, lines 19 and 21: "To date, neither ~~Shaikh~~ nor Shah Chemical has entered into an enforceable agreement with DTSC to perform remediation at the Property, nor has DTSC sought to compel ~~Shaikh~~ or Shah Chemical (or any other party) to perform the cleanup." These references to Shaikh must also be stricken as immaterial and impertinent because Plaintiffs' did not provide sufficient notice to Shaikh.

8. Paragraph 103, at page 18, line 28; and page 19, line and 1: "Plaintiffs request the Court, pursuant to RCRA § 7002(a)(2) (42 U.S.C. § 6972(a)(2)), to enjoin Shah Chemical **and Shaikh** from continuing to endanger human health and the environment, and to order Shah Chemical **and Shaikh** to remediate immediately the source(s) of PCE on the Property from their past activities, cleanup the groundwater contaminated by PCE beneath and downgradient from the Property, implement a soil vapor/multi-phase extraction program until all elevated soil gas and indoor air concentrations of PCE and its daughter chemicals are remediated, and take all other actions necessary to eliminate the groundwater and other contamination that has emanated from the Property." These references to Shaikh must also be stricken

1    as immaterial and impertinent because Plaintiffs' did not provide sufficient

2    notice to Shaikh.

3       9. Prayer, at page 20, line 16: "For an order pursuant to RCRA § 7002(a)(2)

4    (42 U.S.C. §6972(a)(2)) requiring Shah Chemical ~~and Shaikh~~ to remediate

5    the source(s) of PCE on the Property, cleanup the groundwater contaminated

6    by PCE beneath and downgradient from the Property, implement a soil

7    vapor/multi-phase extraction program until all elevated soil gas and indoor air

8    concentrations of PCE and its daughter chemicals are abated, and take all other

9    actions necessary to eliminate the groundwater contamination and other

10    contamination on and emanating from the Property resulting in an imminent

11    and substantial endangerment to health or the environment within the meaning

12    of RCRA § 7002(a)(1)(B) (42 U.S.C. § 6972 (a)(1)(B))." Because Plaintiffs'

13    RCRA claim against Shaikh is jurisdictionally barred for insufficient notice,

14    this prayer for relief against Shaikh is not recoverable as a matter of law and

15    the reference to Shaikh should be stricken as impertinent and immaterial.

16       Thus, the Court should strike, pursuant to Rule 12(f), the immaterial and

17 impertinent references to Shaikh and to "storage," "treatment," and "transportation"

18 from Plaintiffs' sixth cause of action and ninth prayer for relief.

19                 **VII. CONCLUSION**

20       The Court should dismiss Plaintiffs' sixth cause of action against Shaikh,

21 pursuant to Rule 12(b)(1), because the Court does not have subject matter

22 jurisdiction. The Court should also dismiss Plaintiff's sixth cause of action against

23 Shaikh, pursuant to Rule 12(b)(6) because it fails to state a valid claim for RCRA

24 liability under the storage, treatment, and transportation theories. For the reasons

25 stated above, Plaintiffs' sixth cause of action against Shaikh should be dismissed with

26 prejudice. Alternatively, the Court should strike portions of Plaintiffs' sixth cause of

27 action to the extent it contains immaterial and impertinent references to Shaikh and

28 to storage, treatment, and transportation of hazardous wastes. The Court should

1   similarly strike a portion of Plaintiffs' ninth Prayer for Relief to the extent it also

2   contains immaterial and impertinent references to Shaikh. Accordingly, the Court

3   should grant Shaikh's motion to dismiss and motion to strike.

4

5      Dated: August 5, 2019                    PALADIN LAW GROUP® LLP

6                                        By:    */s/ Kirk M. Tracy*

7                                               Kirk M. Tracy
                                                Counsel for Defendant
8                                               Hussain M. Shaikh

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

