Bret A. Stone     SBN 190161    BStone@PaladinLaw.com
Kirk M. Tracy     SBN 288508    KTracy@PaladinLaw.com
Cory T. Baker     SBN 315763    CBaker@PaladinLaw.com
PALADIN LAW GROUP® LLP
220 W. Gutierrez Street
Santa Barbara, CA 93101
Telephone: (805) 898-9700
Facsimile: (805) 852-2495

Counsel for Defendant Hussain M. Shaikh

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TC RICH, LLC, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>HUSSAIN M. SHAIKH, *et al.*,<br><br>    *Defendants*. | Case No. 2:19-CV-02123-DMG-AGR<br><br>HUSSAIN M. SHAIKH'S RESPONSE TO PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT OF DEFENDANT SHAH CHEMICAL CORPORATION; DECLARATION OF BRET A. STONE |

    Defendant Hussain M. Shaikh ("Shaikh") responds Plaintiffs TC Rich, LLC, Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jaqueline Fleischer's ("Plaintiffs") Request for Entry of Default of Defendant Shah Chemical Corporation, filed to the August 20, 2019. ECF No. 35 ("Request"). Plaintiffs have not properly served Shah Chemical Corporation ("Shah") and therefore the Request should be denied.

    On August 9, 2019, Plaintiffs indicated via email to counsel for Shaikh their intent to seek a default against Shah. On August 14, 2019, Shaikh's counsel responded with a letter indicating key facts that Plaintiffs have omitted from their Request, including that counsel for Shaikh does not represent Shah in this litigation, because Shah is a suspended corporation that cannot defend itself. *See* Decl. of Bret



SHAIKH'S RESPONSE TO REQUEST FOR ENTRY OF DEFAULT OF SHAH CHEMICAL

A. Stone ("Stone Decl."), *infra*, at ¶ 3. Shaikh's counsel (Paladin Law Group® LLP, hereafter, "Paladin") requested that Plaintiff make the Court aware of the following facts, which are included in the August 14 letter (*see* Stone Decl., Ex. A):

1. Plaintiffs' First Amended Complaint ("FAC"), filed subsequent to Paladin accepting service of the Complaint and communicating on behalf of Shah, included articles of incorporation for each Shah and Pacifica as exhibits. These brought to Paladin's attention that Shah was indeed a separate corporate entity.

2. Accordingly, Paladin further researched the corporate status of Shah and determined it is in "suspended" status with the California Franchise Tax Board and therefore cannot defend itself in any litigation. *Timberline, Inc. v. Jaisinghani* (1997) 54 Cal. App. 4th 1361.

3. Thus, while Paladin previously acted in good faith in accepting service of the Complaint and communicating on behalf of Shah, all such actions were prior to Paladin being aware of Shah's suspended status. Paladin is not and cannot be counsel of record for a suspended corporation, which cannot defend itself. Accordingly, Paladin was unable to and did not accept service of the First Amended Complaint on behalf of Shah.

As noted in the August 14, 2019 letter, Paladin has not accepted service of the FAC on behalf of Shah and believes that service of the Complaint on Shah was ineffective. Therefore, the request for entry of default must be denied.

## DECLARATION OF BRET A. STONE

I, Bret A. Stone, hereby declare as follows:

1. I am an attorney in good standing, am licensed to practice law before this Court, and am a partner with the law firm of Paladin Law Group® LLP, attorneys of record for Defendant Hussain M. Shaikh ("Shaikh") in this litigation. As a result of my work on Plaintiffs' behalf, I have personal knowledge of the matters stated herein and could and would competently testify thereto if called upon to do so.

2. On August 9, 2019, I received an email from counsel for Plaintiffs TC

1  Rich, LLC, Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jaqueline Fleischer's ("Plaintiffs"), which indicated Plaintiffs' intent to seek an entry of default against Shah, including a proposed draft of their request for entry of default.

3. In response to the August 9 email, my firm sent a letter to Plaintiffs on August 14, 2019, indicating key facts that Plaintiffs omitted from their proposed draft request, including that counsel for Shaikh does not represent Shah in this litigation, because Shah is a suspended corporation that cannot defend itself. Attached hereto as **EXHIBIT A**, is a true and correct copy of the August 14, 2019 letter sent by my firm to Plaintiffs. Plaintiffs did not respond to the August 14 letter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 21st day of August, 2019 in the County of Santa Barbara.

                         */s/ Bret A. Stone*
                         Bret A. Stone



EXHIBIT A



1176 Boulevard Way
Walnut Creek, CA  94595
Telephone (925) 947-5700
Facsimile (925) 935-8488

Santa Barbara, CA
Walnut Creek, CA
Washington, DC

# PALADIN LAW GROUP® LLP

*Generating Attorney*:
Kirk M. Tracy, Walnut Creek Office
KTracy@PaladinLaw.com

August 14, 2019

*Via E-Mail*

John S. Cha
RAINES FELDMAN LLP
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

Mark E. Elliott
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017

Re:   *TC Rich, LLC, et al. v. Hussain M. Shaikh, et al.*,
        Case No. 2:19-cv-2123-DMG (AGRx) (C.D. Cal.)

Dear Counsel:

This letter is in response to your August 9, 2019 email and proposed Request for Entry of Default of Defendant Shah Chemical Corporation ("Default Request"). There are some key factual omitted from your proposed Default Request that we believe should be included therein:

1. Plaintiffs' FAC, filed subsequent to Paladin accepting service of the Complaint and communicating on behalf of Shah, included articles of incorporation for each Shah and Pacifica as exhibits. These brought to Paladin's attention that Shah was indeed a separate corporate entity.

2. Accordingly, Paladin further researched the corporate status of Shah and determined it is in "suspended" status with the California Franchise Tax Board and therefore cannot defend itself in any litigation. (*Timberline, Inc. v. Jaisinghani* (1997) 54 Cal.App.4th 1361.)

3. Thus, while Paladin previously acted in good faith in accepting service of the Complaint and communicating on behalf of Shah, all such actions were prior to Paladin being aware of Shah's suspended status. Paladin is not and cannot be counsel of record for a suspended corporation, which cannot defend itself. Accordingly, Paladin was unable to and did not accept service of the First Amended Complaint on behalf of Shah.

Therefore, it appears you cannot obtain a default based on ineffective service of the Complaint and lack of service of the FAC. Nonetheless, should you choose to file your proposed request for default, we request that you include the above points in your submission to alleviate the need for us to file any response or clarification.

Also, your email states:

As a chapter 7 corporate debtor, Shah was not eligible for a discharge.  11 U.S.C. § 727(a)(1); see also *Bay Area Painters & Tapers Pension Tr. Fund v. J&C Fuentes Painting & Decorating Co.*



John S. Cha & Mark E. Elliot
August 14, 2019
Page 2 of 2

*Inc.*, No. 18-CV-04118-LB, 2019 WL 2649842, at *1-3, n. 23 (N.D. Cal. May 31, 2019) ("Because [the defendant] is a corporation, it cannot receive a discharge in [Chapter 7] bankruptcy, and the plaintiffs may pursue the claims pursuant to 11 U.S.C. § 727(a)(1)", including by receiving a default judgment), report and recommendation adopted, No. 3:18-CV-04118-WHO, 2019 WL 2644126 (N.D. Cal. June 27, 2019).  As such, Shah's liability has not been discharged through bankruptcy, and Plaintiffs have no obligation to dismiss their claims against Shah.

While your statement is an accurate assessment of the law, Shah's existence was effectively ended by the Chapter 7 bankruptcy as it had no remaining assets and no efforts have ever been made to revive it or resume operations. Therefore, it is a liquidated and defunct corporation. (See *U.S. Dismantlement Corp. v. Jeffrey M. Brown Assocs.* (E.D.Pa. Apr. 12, 2000, CIVIL ACTION NO. 97-1309) 2000 U.S. Dist. LEXIS 5347, at *6, *8-10.)

By:                      Very truly yours,

                         Kirk M. Tracy
                         PALADIN LAW GROUP® LLP