Bret A. Stone     SBN 190161   BStone@PaladinLaw.com
Kirk M. Tracy    SBN 288508   KTracy@PaladinLaw.com
Cory T. Baker    SBN 315763   CBaker@PaladinLaw.com
PALADIN LAW GROUP® LLP
220 W. Gutierrez Street
Santa Barbara, CA  93101
Telephone:   (805) 898-9700
Facsimile:    (805) 852-2495

Counsel for Defendant Hussain M. Shaikh

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TC RICH, LLC, a California Limited Liability Company, RIFLE FREIGHT, INC., a California corporation, FLEISCHER CUSTOMS BROKERS, a sole proprietorship, RICHARD G. FLEISCHER, an individual, and JACQUELINE FLEISCHER, an individual,<br><br>*Plaintiffs*,<br><br>v.<br><br>HUSSAIN M. SHAIKH, an individual, HAROON KHAN, an individual, and SHAH CHEMICAL CORPORATION, a California corporation.<br><br>*Defendants*. | Case No. 2:19-CV-02123-DMG-AGR<br><br>HUSSAIN M. SHAIKH'S REPLY IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE PLAINTIFFS' SIXTH CAUSE OF ACTION PURSUANT TO RULE 12(b)(1), 12(b)(6) AND 12(f)<br><br>[Re: ECF No. 29]<br><br>Hearing:<br>September 6, 2019<br>9:30 a.m.<br>Courtroom 8C<br><br>Judge Dolly M. Gee |

Plaintiffs'[1] Opposition (ECF No. 32) to Hussain M. Shaikh's ("Shaikh") Motion to Dismiss and Motion to Strike ("Motion," ECF No. 29) misses the mark, citing the Complaint and newly introduced evidence (none of which mentions PCE), rather than assessing the validity of the February 26, 2019 Notice of Endangerment

---

[1] TC Rich, LLC, Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer's are collectively referred to as "Plaintiffs."



and Intent to File Suit ("NOE," ECF NO. 22-6, beginning at p. 11[2]). As discussed at length in Shaikh's Motion, the NOE fails to explain how Shaikh himself "contributed" to the alleged imminent and substantial endangerment. Instead, the NOE states that Shaikh's mere ownership of property is sufficient to establish RCRA liability. NOE, at 12 (". . . if the Court does not grant leave to amend the Complaint in the pending action, Plaintiffs will file a new lawsuit against you as the prior owner of the Property and seeking all available relief."). Thus, the NOE fails to provide statutory notice to Shaikh and the Court must dismiss the RCRA claim against Shaikh for lack of subject matter jurisdiction.[3]

### A. The NOE did not properly identify Shaikh's alleged contribution.

For the reasons stated above, and those addressed in Shaikh's Motion (see Motion, at section VI.A.), the NOE failed to give notice to Shaikh of his alleged contribution to an imminent and substantial endangerment. Tellingly, Plaintiffs concede in their Opposition that there must be a "measure of control" for contribution under RCRA. Opp'n at 15-17. The NOE does not claim any such measure of control and thus is insufficient. Instead, the NOE merely points to Shaikh's ownership role, without any attempt to explain whether or how he had a measure of control sufficient

---

[2] Citations herein to filed documents refer to the court-generated ECF page number, rather than the number at the bottom of each page.

[3] Shaikh disputes all unsupported factual allegations within the Opposition, including those citing only to the FAC, and especially unfounded allegations claiming, "Defendants have failed and refused to remediate the contamination – thus prolonging the threat to occupants and neighbors." *See* Opp'n 12:18-22. Such allegations are inflammatory and not relevant to the present motion. Nonetheless, should the Court give them any consideration, Shaikh requests the Court take judicial notice, pursuant to Federal Rules of Evidence 201, of ECF No. 103 in the matter of *TC Rich, LLC, et al. v. Pacifica Chemical Incorporated, et al.* (C.D. Cal. No. CV 15-4878 DMG (AGRx)), a joint status report signed by all counsel therein and filed February 28, 2019, which states, "About eight months will be needed to conduct the ERD Pilot Test, the cost of which is approximately $175,000 and for which Pacifica's insurer has agreed to pay as a defense cost, and which Pacifica has agreed to perform." It is a mischaracterization by Plaintiffs to claim that defendants have failed and refused to remediate contamination.

to establish RCRA liability. *See* NOE at 12.

Also, the cases cited by Plaintiffs do not enhance their position, as each case discusses facts demonstrating a measure of control by defendants. *See Community Ass'n for Restoration of the Env't, Inc. v. Cow Palace, LLC*, 80 F. Supp. 3d 1180, 1229-30 (E.D. Wash. 2015) (discussing defendants' management and decision-making authority); *United States v. Ne. Pharm. & Chem. Co.*, 810 F.2d 726, 745 (8th Cir. 1986) (same). The NOE rests solely on Shaikh's position as an owner—that is not sufficient. Further, Plaintiffs boldly claim that the cases cited in the Motion are factually distinguishable, but then make no effort to distinguish them. *See* Opp'n at 15:23-24 & n.6 (citing but not discussing *Interstate Non-Ferrous Corp.*, *Stark-Tusc-Wayne Joint*, and *Wason Ranch* cases). Instead, Plaintiffs cite the Court to alleged facts in the FAC, rather than the content of the NOE. *See* Opp'n at 15:24-16:9. The content of the later-filed First Amended Complaint ("FAC") and newly introduced evidence submitted with the Opposition cannot go back in time and cure the defective NOE. Furthermore, the evidence submitted with Plaintiffs' Request for Judicial Notice is irrelevant to the issues presently before the Court as those documents make no mention whatsoever of PCE. *See* ECF No. 33, at Exhibits 1 ("Constituents of Wastewater Discharge[:] Detergents & Softners"), 2 (generic references to "liquid waste," "mixing tanks," and need for an "approved pretreatment facility", but no mention of waste composition), 3 (mentions of enforcement history and violations, but no explanation of what those violations were), 4 (mention of xylene; not PCE). If anything, these documents counter the allegations that sewer and clarifier discharges were a source of the PCE contamination. Thus, Plaintiffs fail to refute Shaikh's arguments that the NOE failed to properly identify and put Shaikh on noticed of alleged violations or contribution to an endangerment. *See* Motion at 13:21-15:5.

The Opposition further claims that the notice requirements of 40 C.F.R. § 254.3 do not even apply to RCRA citizen suits. Opp'n at 13-15. This, however, is

1 contrary to an abundance of cases that apply the notice requirements to claims under
2 42 U.S.C. § 4972(a)(1)(A) and (a)(1)(B). *E.g.*, *City of Rialto v. United States DOD*,
3 2004 U.S. Dist. LEXIS 27122 (C.D. Cal. Apr. 15, 2004); *Helter v. AK Steel Corp.*,
4 Case No. C-1-96-527, 1997 U.S. Dist. LEXIS 9852, at *27 (S.D. Ohio Mar. 31, 1997)
5 (notice of suit under 42 U.S.C. § 6972(a)(1)(B) must comply with C.F.R. § 254.3);
6 *Sherrill v. Mayor & City Council*, 31 F. Supp. 3d 750, 767 (D. Md. 2014), *vacated*
7 *on other grounds sub nom. Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500,
8 507 (4th Cir. 2015); *Grine v. Coombs*, No. 95-342 ERIE, 1997 U.S. Dist. LEXIS
9 19690, at *15 (W.D. Pa. Apr. 11, 1997) (40 C.F.R. § 254.3(a) applies to suits brought
10 under 42 U.S.C. § 6972(a)(1)(A)); *Bd. of County Comm'rs of La Plata v. Brown*
11 *Group Retail, Inc.*, 598 F. Supp. 2d 1185 (D. Colo. 2009) (same); *Mejdreck v.*
12 *Lockformer Co.*, No. 01 C 6107, 2002 U.S. Dist. LEXIS 14785, at *24-25 (N.D. Ill.
13 Aug. 9, 2002) (same); *Little v. Louisville Gas & Elec. Co.*, 33 F. Supp. 3d 791, 807
14 (W.D. Ky. 2014) (applying 40 C.F.R. § 254.3(a) to suits brought under 42 U.S.C. §
15 6972(a)(1)(A) & (B)); *In re Voluntary Purchasing Grps., Inc. Litig.*, No. 3:96-CV-
16 2985-H (VER, 2002 U.S. Dist. LEXIS 19819, at *4-5 (N.D. Tex. Oct. 16, 2002)
17 (same). Therefore, Plaintiffs' Opposition is unpersuasive.

18     Furthermore, the Opposition claims, "The Notice Letter unquestionably
19 provided Shaikh and the relevant agencies at least 90-days pre-suit 'notice of
20 endangerment,' *and Defendant has not claimed otherwise*." Opp'n at 12:8-10
21 (emphasis added). This is false—the Motion specifically argues that notice to Shaikh
22 was insufficient with respect Shaikh as an individual. *See* Motion, at sec. VII.A. The
23 Opposition further confuses matters, claiming that Shaikh is "inappropriately arguing
24 form over substance." Opp'n at 12:14-15. In fact, it is both form and substance that
25 are required to provide the proper statutory notice. *See* 40 C.F.R. § 254.3(a); *Rialto*,
26 2004 U.S. Dist. LEXIS 27122, *21-22 (emphasis added).

27     Thus, for the reasons stated above and in Shaikh's Motion, Plaintiffs' RCRA
28 cause of action against Shaikh should be dismissed. For these same reasons, the

portion of Shaikh's motion to strike regarding Shaikh's inclusion in the allegations under the RCRA cause of action and in the prayer for relief, should be stricken.

**B.     The Plaintiffs should not be granted leave to amend.**

As stated in the Motion (at p. 12), the Ninth Circuit has held that dismissal without leave to amend is appropriate where it lacks subject matter jurisdiction due to insufficient notice:

> In *Hallstrom v. Tillamook County* . . . we held that the 60-day notice requirement for a RCRA subsection A claim is jurisdictional and mandatory. [citation] We see no reason why that reasoning would not apply equally to the 90-day notice requirement for a claim under subsection B. Ascon has not pleaded that it has provided 90-day notice; it has not pleaded that it has notified the Attorney General. We therefore lack subject matter jurisdiction over Ascon's RCRA subsection B claim.

*Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (affirming dismissal of RCRA claim *without leave to amend*); *Covington v. Jefferson Cty.*, 358 F.3d 626, 636 (9th Cir. 2004) ("Both notice provisions are jurisdictional: Absent compliance with a required notice provision, we lack subject matter jurisdiction to hear the RCRA claims."). Simply put, amending the operative complaint will not cure the defective notice provided in the NOE.

**C.     Shaikh's motion to dismiss and strike do not dispute "disposal."**

Last, Plaintiffs' Opposition, in response to Shaikh's 12(b)(6) motion to dismiss and 12(f) motion to strike, fails to point out any valid excuse for their conclusory allegations that Shaikh treated, stored, or transported hazardous wastes. Rather, Plaintiffs once again repeatedly point only to allegations of *disposal*. *See* Opp'n at 19:19-21 (quoting case law about "the disposal of hazardous waste" and a defendant that had a measure of control over waste "at the time of disposal); 19:23 ("disposal of hazardous waste begins with an act of disposal"). The Opposition pledges that the FAC is "replete with factual allegations regarding Shaikh's contribution to 'the past or present handling, storage, treatment, transportation, or disposal' of hazardous waste at the Property" (Opp'n at 20:15-17), but then proceeds to only refer to *disposal*

1  of hazardous waste. *See* Opp'n at 20:27-21:1 (". . . during which periods hazardous
2  substances were disposed of at the Propeorty"); 21:15-17 (reference to "discharge of
3  liquid *waste*"). As detailed in the Motion, at page 15-18, none of these constitute or
4  amount to "treatment," "storage," or "transportation" of hazardous *waste* under
5  RCRA. Plaintiffs' argument is essentially that if they allege disposal of hazardous
6  waste, then one can plausibly infer treatment, storage, or transportation. However, a
7  review of the allegations in the FAC, cited in both the Motion and Opposition,
8  demonstrate the only plausible claim is for disposal of hazardous waste.

9  To wit, Plaintiffs unsuccessfully attempt to support their argument by stating,
10 "both companies stored and utilized chlorinated solvents such as PCE at the Property
11 . . . ." Opp'n at 21:12-13. Again, as detailed in the Motion, contrary to that conclusory
12 allegation, the general allegations of the FAC merely claim that Shah and Pacifica
13 used and stored PCE to mix with other chemicals for sale (*see* FAC at ¶¶ 19-23)—
14 meaning the PCE and other chemicals were not hazardous *wastes* because they had
15 not been discarded during those processes.

16 The allegations of the FAC support only a theory of "disposal" for liability
17 under RCRA against Shaikh. To the extent the Court denies Shaikh's 12(b)(1)
18 challenge to subject matter jurisdiction, it should dismiss or strike the portions of the
19 RCRA cause of action alleging treatment, storage, and transportation or hazardous
20 waste.

21 Dated: August 23, 2019            PALADIN LAW GROUP® LLP

22                                   By:   */s/ Kirk M. Tracy*
23                                         Kirk M. Tracy
                                           Counsel for Defendant
24                                         Hussain M. Shaikh

