UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-2123-DMG (AGR)** | Date | September 25, 2019 |
|---|---|---|---|
| Title | *TC Rich, LLC, et al. v. Hussain M. Shaikh, et al.* | Page | 1 of 2 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR CLAIM-SPLITTING**

On June 4, 2019, Plaintiffs Richard Fleischer, Jacqueline Fleischer, TC Rich, LLC, Rifle Freight, Inc., and Fleischer Customs Brokers filed a First Amended Complaint ("FAC") against Defendants Haroon Khan, Hussain M. Shaikh, and Shah Chemical Corporation ("Shah Chemical"). [Doc. # 22]. The FAC brings six claims relating to Defendants' alleged contamination of Plaintiffs' property at 132 W. 132nd Street, Los Angeles, California 90061 ("the Property"): (1) cost recovery under owner liability under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601 *et seq.* ("CERCLA"); (2) cost recovery under CERCLA operator liability; (3) declaratory relief; (4) continuing private nuisance; (5) continuing trespass; and (6) injunctive relief and attorneys' fees under the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 *et seq.* ("RCRA"). *Id.*

A related case is currently before the court: *TC Rich, LLC, et al. v. Pacifica Chemical Inc., et al.*, CV 15-4878-DMG (AGRx) (the "*Pacifica* Action"). In that case, the same plaintiffs— Richard and Jacqueline Fleischer, TC Rich, Rifle Freight, and Fleischer Customs Brokers—filed a complaint against Pacifica Chemical Inc. ("Pacifica"), a corporation wholly owned by Defendant in the current action, Hussain Shaikh, as well as against two engineering and environmental consultants not party to the instant action. The complaint in the *Pacifica* Action involved allegations that Pacifica's business had contaminated the Property and stated claims for: (1) cost recovery under CERCLA owner liability; (2) cost recovery under CERCLA operator liability; (3) declaratory relief; (4) continuing private nuisance; and (5) continuing trespass, as well as negligence claims against the environmental consultants. In contrast to the FAC in this action, there is no claim for injunctive relief under the RCRA in the *Pacifica* Action.

After several years of litigation, the plaintiffs in the *Pacifica* action sought leave to amend to add the RCRA claim against Pacifica. *See Pacifica* Action, Pls.' Mot. for Leave to File a First Am. Compl. at 6[1] [Doc. # 105]. The plaintiffs claimed that Pacifica was no longer cooperating with the plaintiffs and the Department of Toxic Substances Control to perform voluntary cleanup

---

[1] All page references herein are to page numbers inserted in the header of the document by the CM/ECF filing system.

of the Property, thus a claim for injunctive relief was required. *Id.* Citing the plaintiffs' delay in seeking leave to amend, the Court denied the plaintiffs' motion on April 15, 2019. *See Pacifica* Action, Order re Pls.' Mot. for Leave to File a First Am. Compl. at 2-3 [Doc. # 116].

Just weeks prior, on March 21, 2019, Plaintiffs filed this action—including the RCRA claim—against Pacifica's owner, Shaikh, and its predecessor company, Shah Chemical, as well as another related former owner of the Property, Khan. Meanwhile, the *Pacifica* action is still active, with a Seventh Joint Status Report submitted on August 14, 2019 indicating that the parties are now making progress in remediating groundwater at the Property and that the parties anticipate returning to mediation as soon as November 2019. *See Pacifica* Action, Seventh Further Joint Quarterly Status Report at 2 [Doc. # 118].

It appears that Plaintiffs have brought, in a brand-new suit, the very claims they were denied leave to amend in the *Pacifica* Action. But under the doctrine of claim-splitting, a party is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail." *Cook v. C.R. England*, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012) (quoting *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894). The ultimate objective of the doctrine is to "protect the Defendant from being harassed by repetitive actions based on the same claim" and "to promote judicial economy and convenience." *Id.* (citing *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995)).

Therefore, Plaintiff is hereby **ORDERED TO SHOW CAUSE** in writing, no later than **October 10, 2019**, why this action should not be dismissed as claim-splitting and an end run around this Court's denial of leave to amend. *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008) ("Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant [or those in privity with them]." (citation and internal quotation marks omitted)).

The Court will hold in abeyance its decision on Defendant Shaikh's Motion to Dismiss and Motion to Strike Plaintiffs' Sixth Cause of Action until Plaintiff has responded to this Order to Show Cause ("OSC"). **Failure to respond to this OSC in a timely and satisfactory manner will result in the dismissal of this action.**

**IT IS SO ORDERED.**