1  JOHN S. CHA, ESQ. (SBN 129115)
2  jcha@raineslaw.com
   RAINES FELDMAN LLP
3  1800 Avenue of the Stars, 12th Floor
   Los Angeles, CA 90067
4  Telephone:  (310) 440-4100
5  Facsimile:    (424) 239-1613

6  MARK E. ELLIOTT (SBN 157759)
7  mark.elliott@pillsburylaw.com
   PILLSBURY WINTHROP SHAW PITTMAN LLP
8  725 South Figueroa Street, Suite 2800
9  Los Angeles, CA 90017-5406
   Telephone:   (213) 488-7100
10 Facsimile:    (213) 629-1033
11
12 Attorneys for Plaintiffs
   TC RICH, LLC, Rifle Freight, Inc., Fleischer
13 Customs Brokers, Richard G. Fleischer, and
14 Jacqueline Fleischer

15                  **UNITED STATES DISTRICT COURT**
16                  **CENTRAL DISTRICT OF CALIFORNIA**
17

| | |
|---|---|
| 18  TC RICH, LLC, a California Limited Liability Company, RIFLE FREIGHT, INC., a California corporation, FLEISCHER CUSTOMS BROKERS, a sole proprietorship, RICHARD G. FLEISCHER, an individual, and JACQUELINE FLEISCHER, an individual, | Case No.: 2:19-CV-02123-DMG-AGR **PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE** |
| 22                  Plaintiffs, | Courtroom:  8C Judge: Hon. Dolly M. Gee |
| 23          v. | |
| 24  HUSSAIN M. SHAIKH, an individual, HAROON KHAN, an individual, and SHAH CHEMICAL CORPORATION, a California Corporation. | First Amended Complaint: 06/04/2019 |
| 27                  Defendants. | |

28

---

*TC RICH v. SHAIKH, et al.*                    RESPONSE TO ORDER TO SHOW
                                                CAUSE

# TABLE OF CONTENTS

Page

INTRODUCTION ....................................................................................................1

LEGAL STANDARD: CLAIM SPLITTING ......................................................2

DISCUSSION .........................................................................................................4

    A.    The FAC does not constitute claim splitting because the Defendants are not parties to the *Pacifica* action, nor are they in privity with Pacifica Chemical..............................................................................4

        1.    Defendants have not agreed to be bound by the *Pacifica* action. ...........4

        2.    There are no "substantive legal relationships" that establish privity.............................................................................................7

        3.    Defendants' interests cannot be adequately represented by Pacifica Chemical in the *Pacifica* action................................................10

        4.    Defendants do not control the *Pacifica* action .....................................11

    B.    Plaintiffs are not attempting to do an "end run" around this Court's orders in the *Pacifica* action........................................................12

    C.    Objectives of the Doctrine Against Claim Splitting would not be achieved by its application to this case. ........................................14

CONCLUSION .....................................................................................................16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                          <u>Page(s)</u>

*Adams v. California Dept. of Health Services*,
    487 F.3d 684, 689 (9th Cir. 2007), *overruled on other grounds by*
    *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008) ................................................2, 3, 16

*Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*,
    146 F.3d 1071 (9th Cir. 1998) ............................................................................ 14

*Bank of Lake Tahoe v. Bank of America*,
    57 Fed. Appx. 310 (9th Cir. 2003) ........................................................................ 8

*United States v. Bestfoods*,
    524 U.S. 51, 118 S. Ct. 1876, 141 L. Ed. 2d (1998) ........................................... 5

*Burlington N. & Santa Fe Ry. Co. v. United States*,
    556 U.S. 599 (2009)............................................................................................. 10

*Cal. Dept. of Toxic Substances Control v. Hearthside Residential Corp.*,
    613 F.3d 910 (9th Cir. 2010) ................................................................................ 9

*Center for Self-Improvement & Community Development v. Lennar*
    *Corp.*,
    173 Cal. App. 4th 1543 (Ct. App. 2009) ............................................................ 12

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992) .............................................................................. 4

*Clements v. Airport Auth. Of Washoe Cnty.*,
    69 F.3d 321 (9th Cir. 1995) ................................................................................ 15

*United States v. Conservation Chemical Co.*,
    619 F.Supp. 162 (D.C.Mo.1985) .......................................................................... 6

*In re Consolidated Salmon Cases*,
    688 F. Supp. 2d 1001 (E.D. Cal. 2010) ................................................................ 3

*Cook v. C.R. England*,
    No. CV 12-3515-GW(CWX), 2012 WL 2373258 (C.D. Cal. June 21,
    2012) .................................................................................................................... 14

*Cooper Indus., Inc. v. Aviall Svcs, Inc.*,
   543 U.S. 157 (2004)..................................................................................... 10

*Costantini v. Trans World Airlines*,
    681 F.2d 1199 (9th Cir.1982) ..................................................................... 3

*Ferland v. Braband*,
   7 Fed. Appx. 692 (9th Cir. 2001) .............................................................. 14

*F.T.C. v. Garvey*,
   383 F.3d 891 (9th Cir. 2004) ....................................................................... 8

*Gill & Duffus Serv., Inc. v. A.M. Nural Islam*,
   675 F.2d 404 (D.C.Cir.1982) (per curiam)................................................. 4

*Goe Eng'g Co. v. Physicians Formula Cosmetics, Inc.*,
   No. CV 94-3576-WDK, 1997 WL 889278 (C.D. Cal. June 4, 1997)...................... 6

*In re Gottheiner*,
   703 F.2d 1136 (9th Cir. 1983) ..................................................................... 8

*Grateful Palate, Inc. v. Opdahl*,
   No. CV 08-2858-GW(PJWX), 2008 WL 11338551 (C.D. Cal. Nov.
   10, 2008) ....................................................................................................... 3

*United States v. Gurley*,
   43 F.3d 1188 (8th Cir. 1994) ................................................................... 7, 9

*Haphey v. Linn Cnty.*,
   924 F.2d 1512, 1517 (9th Cir.1991), *set aside on other grounds*, 953
   F.2d 549 (9th Cir.1992) .......................................................................... 2, 3

*IMP Int'l, Inc. v. Zibo Zhongshi Green Biotech Co.*,
   No. EDCV141339JGBDTBX, 2015 WL 13357602 (C.D. Cal. Mar.
   20, 2015) ..................................................................................................... 12

*Irwin v. Mascott*,
   370 F.3d 924 (9th Cir. 2004) ....................................................................... 8

*Marathon Oil Co. v. Texas City Terminal Railway Co.*,
   164 F. Supp. 2d 914 (S.D. Tex. 2001)....................................................... 10

*United States v. Ne. Pharm. & Chem. Co.*,
   810 F.2d 726 (8th Cir. 1986) ................................................................... 6, 9

*Robinson v. Volkswagenwerk AG*,
    56 F.3d 1268 (10th Cir. 1995) ........................................................ 12, 13

*Rolloco Holdings, Inc. v. VLP Capital, Inc.*,
    No. EDCV181718JGBSPX, 2019 WL 1491175 (C.D. Cal. Apr. 4,
    2019) ................................................................................................ 12

*In re Schimmels*,
    127 F.3d 875 (9th Cir. 1997) ................................................................ 3

*Sidney v. Zah*,
    718 F.2d 1453 (9th Cir. 1983) ............................................................... 2

*Tavery v. United States*,
    897 F.2d 1032 (10th Cir. 1990) .......................................................... 7, 9

*Taylor v. Sturgell*,
    553 U.S. 880, 904 (2008) ............................................................. *passim*

*TC Rich, LLC, et al. v. Pacifica Chemical Inc., et al.*,
    CV 15-4878-DMG .......................................................................... *passim*

*Unicolors, Inc. v. Macy's Inc.*,
    No. CV 14-08611-RGK SSX, 2015 WL 1020101 (C.D. Cal. Mar. 6,
    2015) .................................................................................................. 3

*Voggenthaler v. Maryland Square LLC*,
    724 F.3d 1050 (9th Cir. 2013) ............................................................... 9

*Zands v. Nelson*,
    797 F. Supp. 805 (S.D. Cal. 1992) .................................................... 6, 11

## Statutes and Codes

United States Code
    Title 42, Section 107 .......................................................................... 11
    Title 42, Section 113(f)(1) .................................................................. 10
    Title 42, Section 9601(9) ..................................................................... 5
    Title 42, Section 9601 et seq. (1980) ............................................ 5, 6, 10
    Title 42, Section 9607(a) ...................................................................... 5
    Title 42, Section 9607(a)(2) .................................................................. 9
    Title 42, Section 9613(f)(1) ................................................................ 10

California Revenue & Tax Code
    Section 23301 ........................................................................................ 12

## Rules and Regulations

Federal Rules of Civil Procedure
    Rule 16................................................................................................ 14
    Rule 20.......................................................................................... 13, 14
    Rule20(a)(2)(A) ................................................................................. 13

## Other Authorities

Miller and Starr California Real Estate, Vol. 11, Section 39.8 (4th ed.
    2019) .................................................................................................. 11

Restatement (Second) of Judgments Section 24 (1982)................................. 2

Restatement (Second) of Judgments Section 49 & comment a (1982)..................... 7, 9

Pursuant to the Court's September 25, 2019 Order, Plaintiffs TC Rich, LLC, Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer ("Plaintiffs"), by and through their counsel of record, respond as follows:

## INTRODUCTION

This action relates to an industrial property located at 132 W. 132nd Street, Los Angeles, California (the "Property"), that is contaminated with volatile organic compounds attributable to prior owners and operators of the Property. Plaintiffs, the current owners and occupants of the Property, acquired the Property in April 2005 and, in connection with a refinance transaction in March 2015, discovered contamination. Plaintiffs filed this action on March 21, 2019 (Dkt. 1), and subsequently filed a first amended complaint ("FAC") on June 4, 2019 (Dkt. 22), alleging, among other things, that Defendants Hussain M. Shaikh ("Shaikh"), Shah Chemical Corporation ("Shah Chemical"), and Haroon Khan ("Khan") (together, "Defendants") are jointly and severally liable for the contamination at the Property due to their individual involvement at—and control of—the Property, either as owners, operators, or both, when hazardous wastes were released or disposed of.

Plaintiffs allege in the FAC that Defendant Shaikh was the record title owner of the Property from August 1979 to December 1984, and again from October 1987 to April 2003. Dkt. 22 ¶ 13, Ex. 1. Defendant Shaikh is also alleged to have been the "operator" of the Property from at least 2000 to 2003 (following Pacifica Chemical's relocation to a new property). *Id.* at ¶¶ 25, 58, 59, 60. Defendant Shah Chemical is alleged to have been the operator of the Property from approximately 1980 to 1983, during which time its operations caused releases of hazardous substances from equipment that it owned and/or operated. *Id.* at ¶ 12. Defendant Khan is alleged to have been the record title owner of the Property from December 1984 to October 1987, during which time hazardous substances were disposed of at the Property. *Id.* at ¶ 15, Ex. 1.

---

*TC RICH v. SHAIKH, et al.*                    1                    RESPONSE TO ORDER TO SHOW CAUSE

1    Also pending before this Court is a separate related action that Plaintiffs filed

2    against Pacifica Chemical Corporation ("Pacifica Chemical") in 2015, alleging that it

3    was jointly and severally liable for contamination at the Property due to its past

4    operations and ownership of facilities that resulted in releases of hazardous waste at the

5    Property. *TC Rich, LLC, et al. v. Pacifica Chemical Inc.*, *et al.*, CV 15-4878-DMG

6    (AGRx) ("*Pacifica*"). Plaintiffs believe that Pacifica Chemical operated its chemical

7    blending business and owned equipment at the Property from approximately 1983 to

8    2000. Dkt. 22 ¶ 16. Defendant Shaikh, who is not a named defendant in the *Pacifica*

9    action, was an officer and shareholder of both Pacifica Chemical and Shah Chemical

10   during the relevant time periods, in addition to separately being the sole record title

11   owner of the Property for periods before, during and after those companies' operations

12   at the Property. *Id.* at ¶¶ 14, 18.

13   **LEGAL STANDARD: CLAIM SPLITTING**

14   The Ninth Circuit has recognized the general rule articulated in the Restatement

15   (Second) of Judgments §§ 24 (1982), which prohibits the splitting of a cause of action,

16   also known and referred to as "claim splitting." *See e.g., Sidney v. Zah*, 718 F.2d 1453,

17   1459 (9th Cir. 1983). In determining whether a later-filed action is duplicative, a court

18   must examine whether: (1) the causes of action and relief sought are the same; and (2)

19   the parties or privies to the action are the same. *See Adams v. California Dept. of Health*

20   *Services*, 487 F.3d 684, 689 (9th Cir. 2007), *overruled on other grounds by Taylor v.*

21   *Sturgell*, 553 U.S. 880, 904 (2008). Claim splitting is commonly considered an aspect

22   of, or closely related to, the doctrine of res judicata. *See, e.g., Haphey v. Linn Cnty.*, 924

23   F.2d 1512, 1517 (9th Cir.1991), *set aside on other grounds*, 953 F.2d 549 (9th Cir.1992)

24   ("[T]he doctrines against splitting a cause of action and claim preclusion do not appear

25   to be distinct, but rather two sides of the same coin.").

26   Under the first part of the test, the Ninth Circuit uses the "transaction test" to

27   determine if successive causes of action are the same. *Id.* The transaction test consists

28   of the following four criteria: (1) whether rights or interests established in the prior

---

*TC RICH v. SHAIKH, et al.*          2          RESPONSE TO ORDER TO SHOW
                                                 CAUSE

judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involved infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Id.* (*citing Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir.1982) ("The last of these criteria is the most important.")).

The second element, "privity," is a legal conclusion "designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect of the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (internal quotations omitted). To evaluate whether the parties to the later-filed action are in privity with the parties to the first action, the *Adams* court applied a broad concept of privity called "virtual representation." However, the Supreme Court has since rejected "virtual representation" as a basis for finding privity in the preclusion context, and instead has articulated six categories of exceptions to the general rule forbidding nonparty preclusion. *Taylor*, 553 U.S. at 904 ("[W]e have often repeated the general rule that one is not bound by a judgment *in personam* in litigation in which he is not designated as a party or to which he has not been made a party by service of process.") (internal quotes omitted); *see also*, *In re Consolidated Salmon Cases*, 688 F. Supp. 2d 1001, 1008 (E.D. Cal. 2010) (applying the six *Taylor* exceptions to determine privity in a claim splitting analysis); *Grateful Palate, Inc. v. Opdahl*, No. CV 08-2858-GW(PJWX), 2008 WL 11338551, at *2 (C.D. Cal. Nov. 10, 2008) (recognizing *Taylor's* overruling of the virtual representation doctrine articulated in *Adams* in the claim splitting context); *Unicolors, Inc. v. Macy's Inc.*, No. CV 14-08611-RGK SSX, 2015 WL 1020101, at *3 (C.D. Cal. Mar. 6, 2015) (recognizing overruling of *Adams'* virtual representation test and applying six categories of privity identified in *Taylor* to determine whether plaintiff had engaged in impermissible claim splitting).

The six exceptions to the general rule against nonparty preclusion are: (1) the nonparty agrees to be bound by the determination of issues in an action between others;

1  (2) there are pre-existing "substantive legal relationships" between the nonparty and the

2  party to the other action, including "preceding and succeeding owners of property,

3  bailee and bailor, and assignee and assignor;" (3) the nonparty is adequately represented

4  in the other action by a party with the same interests; (4) the nonparty assumes control

5  over the other litigation; (5) the nonparty is acting as a proxy for a party in the other

6  case; or (6) a special statutory scheme expressly forecloses successive litigation by

7  nonlitigants. *Taylor*, 553 U.S. at 893-95. Of the above categories, only the first four

8  have potential application to this matter.

9  **DISCUSSION**

10            A.      The FAC does not constitute claim splitting because the Defendants are
11                    not parties to the *Pacifica* action, nor are they in privity with Pacifica
12                    Chemical.

13            None of the Defendants in this case are named defendants in the *Pacifica* action.

14  Therefore, whether this action constitutes impermissible claim splitting turns on

15  whether the Defendants are in privity with Pacifica Chemical. Because Defendants do

16  not meet any of the four applicable *Taylor* exceptions to the general rule against

17  nonparty preclusion, Defendants cannot be in privity with Pacifica Chemical in the

18  *Pacifica* matter. Therefore, this action does not constitute impermissible claim splitting

19  and should not be dismissed.

20            **1.      Defendants have not agreed to be bound by the *Pacifica* action.**

21            Defendants have not agreed to be bound by the determination of issues in the

22  *Pacifica* action, and Plaintiffs have not raised any theories of alter ego under which

23  Defendants could potentially be bound by a judgment against Pacifica Chemical. *See*

24  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1278 (9th Cir. 1992) (quoting *Gill &*

25  *Duffus Serv., Inc. v. A.M. Nural Islam,* 675 F.2d 404, 405 (D.C.Cir.1982) (per curiam))

26  ("The term 'privity' signifies that the relationship between two or more persons is such

27  that a judgment involving one of them may justly be conclusive upon the others,

28  although those others were not party to the lawsuit.").

---

As discussed above, the *Pacifica* action is premised in part on Pacifica Chemical's operator liability under CERCLA for the period of its operations at the Property, which Plaintiffs believe spanned from approximately 1983 to 2000. Dkt. 22 ¶ 16. Plaintiffs also believe Pacifica Chemical may have owned some or all of the equipment from which hazardous substances were released, thereby giving rise to Pacifica Chemical's ownership liability under CERCLA's broad definition of "facility." 42 U.S.C. § 9601(9) (defining "facility" to include equipment); *see also*, *United States v. Bestfoods*, 524 U.S. 51, 56, 118 S. Ct. 1876, 1882, 141 L. Ed. 2d (1998). ("[T]he term 'facility' enjoys a broad and detailed definition"). Either operation or ownership resulting in a release of hazardous substances to the environment is sufficient to render Pacific Chemical liable for response costs under CERCLA.  42 U.S.C. § 9607(a).

In contrast, Plaintiffs allege in the FAC that Shah Chemical is a separate and distinct entity that was a prior chemical operator on the property before Pacifica Chemical, and is therefore jointly and severally liable under CERCLA as an operator for its separate period of operations at the Property from approximately 1980 to 1983. Dkt. 22 ¶¶ 12, 14, Ex. 2. Plaintiffs also allege that Shah Chemical owned some or all of the equipment from which hazardous substances were released, thereby giving rise to its individual ownership liability under CERCLA. Dkt. 22, ¶ 46. As for RCRA liability, Plaintiffs allege in the FAC that Shah Chemical's operations from 1980-1983 contributed to the disposal of hazardous waste at the Property. Dkt. 22 ¶¶ 19, 91, 93. Plaintiffs attached to the FAC an example of a notice of violation issued to Shah Chemical for improper waste disposal practices. Dkt. 22 ¶ 21, Ex. 3. Finally, counsel for Defendants in this action has acknowledged that "Shah was indeed a separate corporate entity [from Pacifica Chemical]." Dkt. 36 at p. 5.

As to Defendant Shaikh,[1] the FAC contains allegations that he separately owned the real Property during time periods[2] when hazardous substances were released, thereby giving rise to his own personal, individual (not representative) ownership liability under CERCLA. Dkt. 22 ¶¶ 44, 47. And, because Defendant Shaikh continued to own the Property for approximately three years after Pacifica Chemical ceased operations, and Defendant Shaikh (as an individual, not as a representative or officer of Pacifica Chemical) became the wastewater permit holder for the clarifier located on the Property (which was later determined to be a source of contamination), the FAC also presents claims that Defendant Shaikh has independent operator liability under CERCLA during that timeframe, distinct from the companies in which he owned stock. Dkt. 22 ¶ 58, Ex. 4.

The RCRA claim against Defendant Shaikh is also premised on his individual/personal liability as an owner and steward of his Property who had an ability to control waste management practices at the Property, the owner of the clarifier at the Property from which hazardous substances were disposed, and as the individual holder of the wastewater permit for a period of time during his Property ownership tenure.[3] Dkt. 22 ¶¶ 25, 58, 59, Ex. 4; *see also, United States v. Ne. Pharm. & Chem. Co.*, 810 F.2d 726, 745 (8th Cir. 1986) (holding president and major shareholder of company

---

[1] This Response does not address at length the lack of privity between Pacifica Chemical and Defendant Khan as there is no allegation that Defendant Khan has any connection to Pacifica Chemical, other than as serving as Pacifica Chemical's landlord for an approximately three year period from 1984 to 1987. Similar to the allegations against Defendant Shaikh, Defendant Khan is alleged to be individually liable under CERCLA as an owner of real Property during a period in which hazardous substances were released.

[2] The FAC alleges that Defendant Shaikh was the owner of the real Property from August 1979 to December 1984, and again from October 1987 to April 2003. Dkt. 22 ¶ 13, Ex. 1.

[3] While different district courts within the Ninth Circuit have interpreted RCRA as imposing a joint and several liability scheme, an alternative liability scheme, or a hybrid of the two, it is nonetheless clear that RCRA is a strict liability statute. *See Goe Eng'g Co. v. Physicians Formula Cosmetics, Inc.*, No. CV 94-3576-WDK, 1997 WL 889278, at *24 (C.D. Cal. June 4, 1997) (citing *United States v. Conservation Chemical Co.,* 619 F. Supp. 162, 199 (D.C.Mo.1985)); *Zands v. Nelson*, 797 F. Supp. 805, 820 n.7 (S.D. Cal. 1992).

---

individually liable under RCRA because he "was the individual in charge of and directly responsible for" all of the company's operations, including those at the facility, and "he had the ultimate authority to control the disposal of [the company's] hazardous substances").

Because the claims against Defendant Shaikh are based on his <u>individual</u> liability, and not on any representative liability he may have as a shareholder or officer of Pacifica Chemical, the FAC does not present impermissible claim splitting. *See United States v. Gurley*, 43 F.3d 1188, 1197 (8th Cir. 1994) (holding that there was no privity between a corporation and defendant—the principal shareholder, president, and director of the corporation—because defendant was liable under CERCLA individually rather than in his corporate capacity); *Tavery v. United States*, 897 F.2d 1032, 1033 (10th Cir. 1990) (holding that spouses filing a joint tax return were not in privity based in part on the principle that "claims against joint obligors are generally regarded as separate and distinct for res judicata purposes") (citing Restatement (Second) of Judgments § 49 & comment a (1982)).  Objectively, Defendant Shaikh made the investment decision to personally own the real property on which Shah Chemical and Pacifica Chemical operated. His election to serve as the "landlord" to companies in which he was also a shareholder and officer reflects an arm's length transaction in which he separately accepted the responsibility and risks of being a property owner under California and federal law.

### 2.    There are no "substantive legal relationships" that establish privity.

There are no pre-existing "substantive legal relationships" among the Defendants and Pacifica Chemical—such as "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor"—which would establish privity in this case. *See Taylor*, 553 U.S. at 894. Although Defendant Shaikh is the current sole shareholder of Pacifica Chemical (and, again, separately the individual real property owner of its current location), the claims alleged in the FAC are not a result of this shareholder

relationship nor his role as a corporate officer. The claims against him arise from his distinct liabilities under federal law as the owner of real property or a person who contributed to the disposal of hazardous waste. Privity is only relevant to the extent that the claims being brought against Defendant Shaikh in this action arise out of his relationship with Pacifica Chemical.[4] That is not the case here.

For example, in *F.T.C. v. Garvey*, the Ninth Circuit considered whether there was privity between an indemnitor and indemnitee in a Federal Trade Commission Act action. 383 F.3d 891 (9th Cir. 2004). Noting that, typically, a claim may be precluded against an indemnitee where the same claim has already been brought against the indemnitor, the Ninth Circuit explained that "this rule only makes sense when the indemnitor is, in the first action, acting in its capacity as indemnitor. If the indemnitor is sued for its own actions and is not sued as an indemnitor for the acts of another, the rationale favoring preclusion no longer holds." *Id*. at 898. The Court concluded that, even though there was an indemnitor-indemnitee relationship between the parties, they were not in privity because there was "no indication that [the indemnitor] was acting in [its indemnitor] role in the first lawsuit." *Id*. Rather, it "was being pursued directly for its own actions." *Id*. Accordingly, the indemnification relationship between the parties was not a "substantive legal relationship" establishing privity because the first action against the indemnitor did not fall within the scope of the relationship.

---

[4] Although the Ninth Circuit, in certain pre-*Taylor* cases, has made a blanket observation that a "commonality of interest" is presumed when a person owns most or all of the shares in a corporation and controls its affairs, those cases are readily distinguishable from this case in that they involved: (1) a shareholder who was accused of fraudulent transfers from his bankrupt corporation intended to defraud the government (*In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983); (2) a shareholder and a company that "were acting as one entity" (*Bank of Lake Tahoe v. Bank of America*, 57 Fed. Appx. 310, 311 (9th Cir. 2003); and, (3) application of the virtual representation test to find a corporate officer bound by litigation decisions made by co-defendants in an action in which the corporate officer "participated fully" (*Irwin v. Mascott*, 370 F.3d 924, 931 (9th Cir. 2004)).

In *United States v. Gurley*, the Eighth Circuit held that a defendant was not in privity with a corporation—despite being its principal shareholder, president, and director. 43 F.3d at 1197. The Court noted that, although "directors, officers, and shareholders may be in privity with a corporation and thereby assert a res judicata defense if they are named as defendants solely in their capacity as directors, officers, and shareholders," there was no privity because "the district court imposed liability on [defendant] not in his capacity as principal shareholder, president, and director, but as an individual who meets [CERCLA] § 9607(a)(2)'s definition of 'operator.'" *Id.* (internal quotations omitted). Similarly, the Tenth Circuit in *Tavery v. United States* found that a married couple who filed a joint tax return could nonetheless have claims brought against them in separate actions relating to the same tax return because they each had individual tax liability. 897 F.2d at 1033. This conclusion was based in part on the principle that "claims against joint obligors are generally regarded as separate and distinct for res judicata purposes." *Id.* (citing to Restatement (Second) of Judgments § 49 & comment a (1982)).

As explained above, CERCLA and RCRA impose strict separate and distinct (though often also joint and several) liability on responsible parties as defined by the statutes. *See*, *e.g.*, *Voggenthaler v. Maryland Square LLC*, 724 F.3d 1050, 1061 (9th Cir. 2013) ("CERCLA is a strict liability statute in that it does not require a party to act culpably in order to be liable for clean up") (citing *Cal. Dept. of Toxic Substances Control v. Hearthside Residential Corp.*, 613 F.3d 910, 912 (9th Cir. 2010); *U.S. v. N.E. Pharm & Chem*, 810 F.2d 726, 740 (8th Cir. 1986) (Congress intended RCRA to impose liability without fault or negligence).

Defendant Shaikh is named as a responsible party under CERCLA in this action because he individually owned the Property at which Pacifica Chemical and Shah Chemical operated when a release of hazardous substances occurred, and he also operated the Property for at least a three year period of time during which additional releases occurred. In addition, Defendant Shaikh is named as a liable party under RCRA

for his individual actions at the Property that contributed to the disposal of hazardous waste, including his ability (and actual) control of waste handling both prior to and during the approximately three-year period in which he was the wastewater permit holder for the clarifier – a known source of contamination. *See, e.g.*, *Marathon Oil Co. v. Texas City Terminal Railway Co.*, 164 F. Supp. 2d 914, 920-21 (S.D. Tex. 2001) (allowing RCRA claims to proceed against defendants alleged to have played a role in environmental contamination by virtue of their control over the practices that caused the contamination).

### 3. Defendants' interests cannot be adequately represented by Pacifica Chemical in the *Pacifica* action

With respect to the third category, adequate representation, the *Taylor* Court explained that a party's representation of a nonparty is "'adequate' only if, at a minimum: (1) The interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interest of the nonparty." *Taylor*, 553 U.S. at 900 (internal citations omitted). Typical examples of adequate representation in this context include "properly conducted class actions" and "suits brought by trustees, guardians, and other fiduciaries." *Id*. at 894.

Far from having their interests aligned with Pacifica Chemical's, Defendants – who are subject to their own individual liability under CERCLA for their distinct periods of ownership and operatorship at the Property – have an inherent conflict with Pacifica Chemical under CERCLA's contribution and apportionment schemes. Section 113(f)(1) of CERCLA allows parties who have undertaken a cleanup at a contaminated site pursuant to a civil action to seek contribution from other parties liable under CERCLA. 42 U.S.C. § 9613(f)(1); *Cooper Indus., Inc. v. Aviall Svcs, Inc.*, 543 U.S. 157, 160 (2004). In addition, to the extent individual contributions of waste can be discerned, the joint liability of parties at a CERCLA site can be equitably apportioned amongst the parties. *See e.g., Burlington N. & Santa Fe Ry. Co. v. United States*, 556

U.S. 599, 614 (2009) (joint and several liability is available under CERCLA § 107 unless the harms caused by multiple entities "are capable of apportionment"). Therefore, it is in Pacifica Chemical's best interest to attempt to minimize its own liability, while maximizing the liability of other potentially responsible parties who owned and operated the Property at different times during which hazardous wastes were released, *i.e.,* the Defendants in this action. Similarly, as a separate landowner, it is in Defendant Shaikh's best interest to shift as much liability as possible to Pacifica Chemical.[5] Under such circumstances, it cannot be said that Pacifica Chemical's and Defendants' interests are aligned. *See also, Zands v. Nelson*, 797 F. Supp. 805, 811 (S.D. Cal. 1992) (explaining that in the context of a RCRA action, each of the liable owner/operator defendants has the opportunity in a second stage of the trial to shift liability to the remaining defendants).

In addition, during a mediation in the *Pacifica* matter, Plaintiffs' counsel was informed by a neutral mediator that Pacifica Chemical anticipated filing for bankruptcy in the event of an adverse judgment. Declaration of Mark E. Elliott in Support of Response to Order to Show Cause ("Elliott Decl.") at ¶ 3. Such a maneuver would clearly be in direct conflict with Defendants' interests as joint and severally liable parties—further demonstrating that Defendants are not in privity with Pacifica Chemical. *Taylor*, 553 U.S. at 900.

### 4. Defendants do not control the *Pacifica* action

As to the fourth *Taylor* category, there is no indication that Defendants have taken any meaningful role in the *Pacifica* action, much less can they be said to have "assumed control" over it. *See Taylor*, 553 U.S. at 895. Because Defendant Shah Chemical is a

---

[5] While discovery of the contractual leasing arrangement between Shah Chemical, Pacifica Chemical and Mr. Shaikh has not been undertaken, it would be a typical business practice for a California tenant to indemnify a landlord for environmental liabilities, while the landlord would owe the tenant no such contractual relief. *See, e.g.* 11 Miller and Starr, California Real Estate § 39.8 (4th ed. 2019).

suspended corporation, it has no right to defend itself in any litigation. *See* Cal. Rev. & Tax Code § 23301 (a suspended corporation is disqualified from exercising its "corporate powers, rights and privileges"); *Center for Self-Improvement & Community Development v. Lennar Corp.*, 173 Cal. App. 4th 1543, 1552 (Ct. App. 2009) (suspended corporation cannot prosecute or defend a civil action). Therefore, this privity exception category cannot apply to Defendant Shah Chemical.

With respect to Defendant Shaikh, it is not at all evident that he has "assumed control" of the *Pacifica* action. Rather, to Plaintiffs' knowledge, Pacifica Chemical's insurance company has been funding/defending the *Pacifica* action, albeit under a reservation of rights, including by making decisions regarding settlement proposals and mediation positions. Elliott Decl. at ¶ 4. Although privity may exist where a corporate defendant and its individual shareholder are "alter egos," Plaintiffs have no current evidence, and therefore cannot state that Pacifica Chemical is not respecting corporate formalities, and Plaintiffs have not made any such allegations in this action or in the *Pacifica* matter. *Cf. Rolloco Holdings, Inc. v. VLP Capital, Inc.*, No. EDCV181718JGBSPX, 2019 WL 1491175, at *5 (C.D. Cal. Apr. 4, 2019) (finding privity for purposes of res judicata where plaintiffs alleged alter ego status among defendants and advanced no arguments against a finding of privity); *IMP Int'l, Inc. v. Zibo Zhongshi Green Biotech Co.*, No. EDCV141339JGBDTBX, 2015 WL 13357602, at *4-5 (C.D. Cal. Mar. 20, 2015) (same; collecting federal and California cases); *see also Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1275 (10th Cir. 1995).

Because Defendants do not fall within any of the *Taylor* categories that provide exceptions to the general rule against nonparty preclusion, there is no basis to find that Defendants are in privity with Pacifica Chemical such that the present action constitutes impermissible claim splitting.

B.   Plaintiffs are not attempting to do an "end run" around this Court's orders in the *Pacifica* action

In the *Pacifica* action, Plaintiffs sought leave to amend the complaint to add a

---

RCRA claim against Pacifica Chemical based on its own improper waste disposal conduct at the Property. *Pacifica*, Dkt. 105. Importantly, Plaintiffs' motion did not seek to add Defendants as parties to the *Pacifica* action. *Id.* In fact, Plaintiffs explained in the motion for leave that they intended to file a separate new action against additional responsible parties for their individual joint and several liability, because Plaintiffs believed it would be procedurally simpler and more proper, and would conserve judicial resources by not requiring the Court to consider unnecessary issues. *Id.* at 3.

On March 21, 2019, more than three weeks before the Court's ruling on the motion for leave to amend the complaint in the *Pacifica* action, Plaintiffs filed the present action against the Defendants. Dkt. 1. Plaintiffs' decision to file the new action preceded, and was unrelated to, the Court's eventual denial of their motion to amend the *Pacifica* complaint on April 15. In addition, the new action did not include any claims against Pacifica Chemical, which were the sole subject of the motion for leave to amend that the Court ultimately denied. Rather, the new action, including the RCRA claims added in the FAC, related only to the Defendants and their individual, separate liability at the Property based on their conduct or status as owners and operators, and not due to their positions as representatives of Pacifica Chemical.

Federal Rule of Civil Procedure 20, "Permissive Joinder of Parties" ("Rule 20"), provides that persons "*may* be joined in one action as defendants" if a right to relief is alleged against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A) (emphasis added). As discussed above, Plaintiffs' claims against the Defendants in the present action relate to Defendants' individual joint and several and/or alternative liability for environmental contamination during the periods of their ownership of the real property and/or operation, and Defendants are not in privity with Pacifica Chemical.

While Plaintiffs *could* have joined Defendants in the *Pacifica* action when it was originally filed pursuant to Rule 20, the Federal Rules do not *require* that such claims

---

be brought in a single action. *See, e.g., Ferland v. Braband*, 7 Fed. Appx. 692, 693 (9th Cir. 2001) (finding district court abused discretion by dismissing later-filed action on the ground that plaintiff filed the lawsuit to circumvent a Rule 16 scheduling order in a separate related case, where joinder was permissible under Rule 20); *Atchison, Topeka and Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1073-74 (9th Cir. 1998) (finding district court abused discretion by dismissing later-filed action for perceived violation of scheduling order in related action, where joinder of the defendants in the first action was permissive: "plaintiff retains the option of filing permissive claims in a separate action," so its "procedural strategy [of filing a separate action] cannot be considered abusive.").

Plaintiffs made an appropriate and allowable procedural choice under the Federal Rules to file a new action against jointly and severally liable Defendants, particularly following the veiled threat that Pacifica Chemical would render itself "judgment proof". Elliott Decl. at ¶ 3. Plaintiffs' procedural choice cannot form the basis for dismissal of the present action, *even if* the Court concludes that filing the new action constituted an "end run" around the Court's orders in the *Pacifica* action.[6] "Thus, we join other circuits in holding that district courts have inherent power to control their dockets, but not when its exercise would nullify the procedural choices reserved to parties under the federal rules." *Atchison*, 146 F.3d at 1074.

C.    Objectives of the Doctrine Against Claim Splitting would not be achieved by its application to this case.

As noted by the Court in its Order, the ultimate objective of the doctrine against claim splitting is to "protect the Defendant from being harassed by repetitive actions based on the same claim" and "to promote judicial economy and convenience." *Cook v. C.R. England*, No. CV 12-3515-GW(CWX), 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012) (citing *Clements v. Airport Auth. Of Washoe Cnty.*, 69 F.3d 321, 328

---

[6] This is a purely hypothetical statement; Plaintiffs adamantly deny that they had any intent to circumvent this Court's orders in the *Pacifica* action.

(9th Cir. 1995)). Application of the doctrine here would not meaningfully further either of those two objectives.

First, because Defendants Shaikh and Shah Chemical are not named defendants in the *Pacifica* action, and their individual liability under CERCLA or RCRA is not at issue in that case (nor will either be bound by a judgment against Pacifica Chemical in that case), the instant matter in which their individual liability <u>is</u> at issue is not a repetitive action, nor is it being brought for the purpose of harassing them. Rather, each is jointly and severally liable under CERCLA for their own individual involvement at the Property. Neither is called on to defend themselves in the *Pacifica* action, and indeed, the actions of the Defendants in this case and the time periods of their involvement at the Property are not fully coextensive with those of Pacifica Chemical.

Second, application of the doctrine against claim splitting would not promote judicial economy in this situation. The action against Pacifica Chemical has been stayed for over two years while the parties in that matter progress through multiple rounds of mediation. *Pacifica*, Dkt. 90. As such, very little discovery has taken place, no discovery cutoff has been set, and there is no trial date scheduled. The parties in the *Pacifica* action submitted a Seventh Joint Status Report to the Court on August 14, 2019, indicating that Pacifica Chemical was making some progress in further *investigating* the Site; however, no remediation—nor any responsibility for remediation—has been undertaken thus far. *Pacifica,* Dkt. 118. Although the parties in the *Pacifica* action are intending to return to mediation as early as November 2019 when more is known about the extent of contamination, and while the parties are cautiously optimistic that a final resolution is possible, it is still far from certain that Pacifica Chemical will ultimately accept responsibility for remediating contamination at the Property.

Finally, even if this Court finds that the action against Defendants constitutes impermissible claim splitting, this Court has broad discretion in how to redress the issue. *Adams*, 487 F.3d at 688. Dismissal is not mandatory; rather, the Court has equitable options including consolidating the two actions or staying the present action until

resolution of the first-filed *Pacifica* case. *Id.* Moreover, and in light of the particular facts here, dismissal of the present case would be unnecessarily punitive given Defendants' individual CERCLA and RCRA liability that is not at issue in—and will not be resolved by—the *Pacifica* action, the lack of privity and even potentially direct conflict between Defendants and Pacifica Chemical, and the early stage of litigation of the *Pacifica* matter, which remains stayed without any deadlines set or significant discovery completed.

## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court discharge its Order to Show Cause Why the Action Should Not Be Dismissed for Claim-Splitting. In the alternative, Plaintiffs request that the Court stay the present action or consolidate the related proceedings.

Dated:  October 10, 2019                 **RAINES FELDMAN LLP**

*/s/ John S. Cha*

_____

John S. Cha
Counsel for Plaintiffs

Dated:  October 10, 2019                 **PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Mark Elliot*

_____

Mark Elliot
Counsel for Plaintiffs

---