UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-2123-DMG (AGRx)** | Date | November 14, 2019 |
|---|---|---|---|
| Title | *TC Rich, LLC, et al. v. Hussain M. Shaikh, et al.* | Page | 1 of 6 |

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANT'S MOTIONS TO DISMISS AND STRIKE PLAINTIFFS' SIXTH CLAIM FOR RELIEF [29]**

On June 4, 2019, Plaintiffs Richard Fleischer, Jacqueline Fleischer, TC Rich, LLC, Rifle Freight, Inc., and Fleischer Customs Brokers filed a First Amended Complaint ("FAC") against Defendants Haroon Khan, Hussain M. Shaikh, and Shah Chemical Corporation ("Shah Chemical"). [Doc. # 22.] On August 5, 2019, Shaikh filed a motion to dismiss Plaintiffs' claim against him for violation of the Resource Conservation and Recovery Act ("RCRA") based on lack of subject-matter jurisdiction and failure to state a claim. *See* Def.'s Mot. to Dismiss and to Strike ("MTD") [Doc. # 29]. Shaikh also moves to strike the Plaintiffs' prayer for relief as to Shaikh and as to theories of liability under RCRA that he argues do not apply to him. *Id.*

The motions have been fully briefed. [Doc. ## 29, 32, 39.] Having duly considered the parties' written submissions, the Court **DENIES** Shaikh's motions to dismiss and to strike for the reasons set forth below.

# I.
# JUDICIAL NOTICE

Plaintiffs request that the Court take judicial notice of permits, violation reports, compliance meeting records, and other documents relating to the Property's operation during Defendants' ownership. [Doc. # 33]. Defendant Shaikh, in turn, requests judicial notice of a status report from a separate proceeding Plaintiffs filed against Defendant Shah Chemical's successor corporation, Pacifica Chemical Inc. ("Pacifica"), for similar claims. Def.'s Reply at 2, n.3 [Doc. # 39]; *see TC Rich, LLC, et al. v. Pacifica Chem. Inc., et al.* (No. CV 15-4878 DMG (AGRx)). Because the Court does not need to rely on any of the documents of which Plaintiffs and Shaikh have requested judicial notice in order to decide the pending motions, the Court **DENIES** the requests for judicial notice **as moot**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-2123-DMG (AGRx)** | Date | November 14, 2019 |
| Title | *TC Rich, LLC, et al. v. Hussain M. Shaikh, et al.* | Page | 2 of 6 |

## II.
## FACTUAL BACKGROUND

Plaintiff TC Rich, a California limited liability company owned by Plaintiffs Richard and Jacqueline Fleischer, is the record owner of land and an industrial structure located at 132 W. 132nd Street, Los Angeles, California 90061 ("the Property"). FAC at ¶¶ 9, 16. In 2015, TC Rich became aware through an Environmental Site Assessment that the Property's soil, soil vapor, groundwater, and indoor air were contaminated with tetrachloroethylene (a.k.a. perchloroethylene, or "PCE"). *Id.* at ¶¶ 3, 36. PCE is a hazardous waste listed with the Environmental Protection Agency ("EPA"). 42 C.F.R. § 261.31. Plaintiffs contend that the Property's prior owners, Defendants Shaikh and Khan, contaminated the Property while using it to manufacture and store chemicals for distribution and sale. FAC at ¶¶ 19-25.

From 1979 to 1984, Shaikh owned the Property. *Id.* at ¶ 18. Khan owned the Property from December 1984 to October 1987. *Id.* at ¶ 15. Khan then transferred the Property back to Shaikh on October 26, 1987. *Id.* at ¶ 24; *id.*, Ex. 1 at 16 [Doc. # 22-1].[1] Shaikh sold the Property in August 2003 to Eun Lee.[2] *Id.* at ¶ 26; *id.*, Ex. 1 at 20 [Doc. # 22-1]. Plaintiff TC Rich bought the Property from Lee in 2005 and now uses it for warehouse and distribution purposes. FAC at ¶¶ 9, 17.

From approximately 1980 to 1983, Shah Chemical manufactured fabric softeners, dyes, and light detergents on the Property. *Id.* at ¶ 19. After 1983, Shah Chemical's successor corporation, Pacifica, continued such manufacture for the remainder of Khan's ownership of the Property. *Id.* at ¶ 23. California Secretary of State records establish that Shaikh is the sole shareholder and director of both Shah Chemical and Pacifica. *Id.* at ¶ 14. Plaintiffs allege that wastewater became contaminated with PCE when mixing tanks were rinsed out during the manufacturing process. *Id.* at ¶ 19. Plaintiffs further allege that during the periods Shaikh and Khan owned the Property, hazardous substances were disposed of at the Property. *Id.* at ¶¶ 13, 15. County records indicate that in June 1981, Shah Chemical was issued a notice of violation for discharge of liquid waste from the mixing tanks. *Id.* at ¶ 21. In September 2000, after Pacifica ceased operating, the County issued a notice to Shaikh notifying him he was responsible for the associated industrial wastewater discharge permit as the owner of the Property. *Id.* at ¶ 25.

In early 2015, Plaintiffs discovered PCE in the soil, soil gas, and groundwater at the Property that consultants found "consistent with discharge from Shah Chemical and Pacifica Chemical's operations at the Property during the ownership periods of both Shaikh and Khan." FAC at ¶ 36. Since mid-2015, Pacifica has taken the lead on investigating contamination at the

---

[1] All page references herein are to page numbers inserted by the CM/ECF filing system.

[2] Lee is not named in this action. Plaintiffs state that Lee used the property for garment storage "and/or held the property vacant." FAC at ¶ 26.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-2123-DMG (AGRx)** | Date | November 14, 2019 |
|---|---|---|---|
| Title | *TC Rich, LLC, et al. v. Hussain M. Shaikh, et al.* | Page | 3 of 6 |

Property. *Id.* at ¶ 38. Plaintiffs maintain that neither Pacifica nor Defendants in this action have taken remedial or corrective action to abate the contamination. *Id.* at ¶¶ 39-41.

## III.
## PROCEDURAL BACKGROUND

On February 26, 2019, Plaintiffs served two Notices of Endangerment and Intent to File Suit ("NOE"), one each on Defendants Shaikh and Shah Chemical, asserting Shaikh and Shah Chemical violated the federal Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. section 6972(a)(1)(B). FAC, Ex. 6 at 2-19 [Doc. # 22-6]).

On March 21, 2019, Plaintiffs filed a Complaint against all Defendants alleging violations of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), private nuisance, and trespass. After the 90-day waiting period mandated under the RCRA, Plaintiffs filed their FAC, removing several claims pled in the original Complaint and adding the RCRA claim to seek injunctive relief regarding Defendants' remediation of PCE contamination of the Property. FAC at ¶ 4; MTD at 9.

Shaikh now moves to dismiss the RCRA claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) for Plaintiffs' failure to meet the notice requirements under the RCRA or, alternatively, to dismiss the RCRA claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Shaikh also requests that if either of the Rule 12(b) motions is granted, the Court strike from the FAC certain portions of the Plaintiff's RCRA claim and prayer for relief, under Federal Rule of Civil Procedure 12(f). MTD at 7.

## IV.
## DISCUSSION

### A.   Motion to Dismiss for Failure to Meet Notice Requirements

Shaikh contends that the allegations contained in the Complaint are insufficient on their face to invoke federal jurisdiction. Although Defendant Shaikh characterizes his motion to dismiss for failure to satisfy RCRA notice requirements as one for "lack of subject matter jurisdiction," it is not likely that the defense impacts this Court's subject matter jurisdiction—rather, it is more appropriately a motion to dismiss for failure to state a claim, and the Court will treat it as such.

Before filing a citizen suit under Section 7002(a)(1)(B) of the RCRA, potential plaintiffs are required to give 90 days' notice to potential defendants, the EPA Administrator, and the state where the alleged violation took place. 42 U.S.C. § 6972(b)(2)(A). Notice to defendants must contain: (1) "sufficient information to permit the recipient to identify the specific permit, standard, regulation, condition, requirement, or order which has allegedly been violated"; (2) "the activity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-2123-DMG (AGRx)** | Date | November 14, 2019 |
|---|---|---|---|

| Title | *TC Rich, LLC, et al. v. Hussain M. Shaikh, et al.* | Page | 4 of 6 |
|---|---|---|---|

alleged to constitute a violation"; (3) "the person or persons responsible for the alleged violation"; (4) "the date or dates of the violation"; (5) and "the full name, address, and telephone number of the person giving notice." 40 C.F.R. § 254.3.

Although the Supreme Court has not decided that these notice requirements are "jurisdictional in the strict sense of the term," it held that the notice requirements are "mandatory conditions precedent to commencing suit under the RCRA citizen suit provision; a district court may not disregard these requirements at its discretion." *Hallstrom v. Tillamook County*, 493 U.S. 20, 31 (1989). For RCRA citizen suits, notice must "at a minimum provide sufficient information so that the notified parties could identify and attempt to abate the violation." *City of Imperial Beach v. Int'l. Boundary and Water Comm'n, United States Section*, 356 F. Supp. 3d 1006, 1019 (S.D. Cal. 2018) (quoting *Klamath-Siskiyou Wildlands Ctr. v. MacWhorter*, 797 F.3d 645, 651 (9th Cir. 2015) (alterations omitted). When evaluating the contents of a notice, "[a] court should ask whether 'in practical terms, the notice was sufficiently specific to inform the alleged violator about what it was doing wrong,' so that the violator knew what corrective actions to take." *Id.* (quoting *ONRC Action v. Columbia Plywood, Inc.*, 286 F.3d 1377, 1143 (9th Cir. 2002)).

Here, the NOE addressed to Shaikh was sent 90 days in advance and satisfied all five elements required by regulation. First, notice of the specific RCRA violation was given in the subject line of the letter ("Re: Notice of Endangerment and Intent to File Suit Pursuant to RCRA section 7002(a)(1)(B), 42 U.S.C. [section] 6972(a)(1)(B)") and at the end of the first paragraph ("environmental conditions [on the Property] . . . previously owned by you and occupied by your companies . . . may present an imminent and substantial endangerment to human health or the environment, in violation of RCRA section 7002(a)(1)(B), 42 U.S.C. [section] 6972(a)(1)(B)."). NOE at 11.

Second, the NOE provided notice of specific activities constituting the violation, such as solid and hazardous wasted discharges from Shaikh's property and business, and "contamination from PCE and various detected degradation or 'daughter' compounds." *Id.* at 12.

Third, the NOE pinned responsibility on Shaikh, stating that the present alleged endangerment is caused by Shaikh's "failure to take action to prevent the [volatile organic compounds] groundwater plume from migrating to and further impacting the Property, or to remediate past and continuing waste discharges at the Property," and by discharge of dangerous compounds resulting from Shaikh's companies' "on-site operations . . . includ[ing] the blending of raw materials in mixing tanks and storage of detergents in above-ground storage tanks located in the southeast corner of the building on the Property." *Id.* at 12-13.

Fourth, the NOE approximated the dates of the violations as during Shaikh's ownership of the Property, particularly during Shah Chemical's and Pacifica's operations from 1980 to 1999.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-2123-DMG (AGRx)** | Date | November 14, 2019 |
|---|---|---|---|
| Title | *TC Rich, LLC, et al. v. Hussain M. Shaikh, et al.* | Page | 5 of 6 |

*Id.* at 12-13. The NOE also referred to the dates of specific permits and violations issued. *Id.* at 13.

Fifth, the NOE provided the names and street address for all potential Plaintiffs giving notice and the names, telephone numbers, e-mail addresses, and street addresses of their legal counsel. *Id.* at 17. Though Shaikh argues that the NOE is deficient for failing to include Plaintiffs' telephone numbers, the Court finds the NOE sufficient to provide Shaikh notice of the identity and contact information of the parties alleging the RCRA violation. *See Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 900 (N.D. Cal. 2011) (finding that a notice that contained plaintiffs' counsel's contact information, but not plaintiffs', conveyed sufficient information about plaintiffs' intent to sue).

Because the NOE provided sufficient notice to Shaikh and governmental authorities of impending legal action and potential corrective actions to take, Plaintiffs have satisfied the mandatory conditions precedent to filing an RCRA suit. Shaikh's motion to dismiss for inadequate notice under the RCRA is therefore **DENIED**.

**B.    Motion to Dismiss for Failure to State a Claim**

To survive a Rule 12(b)(6) motion, a pleading must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

Shaikh correctly states that "to survive a motion to dismiss . . . Plaintiffs must plausibly allege that Shaikh has contributed or is contributing to 'the past or present handling, storage, treatment, transportation, or disposal of any solid *or* hazardous waste which may present an imminent and substantial endangerment to health or the environment.'" MTD at 15 (quoting 42 U.S.C. § 6972(a)(1)(B)) (emphasis added). The citizen suit provisions of the RCRA are "expansive," and a citizen suit brought under 42 U.S.C. section 6972(a)(1)(B) "does not require a private plaintiff to show that the defendant's actions violated any *specific* RCRA requirement." *Ecological Rights Found. v. Pacific Gas & Elec. Co.*, 874 F.3d 1083, 1089 (9th Cir. 2017) (emphasis added).

Shaikh argues that the "allegations of the FAC support only a theory of 'disposal' for liability under RCRA against Shaikh," apparently agreeing that the RCRA claim is adequately alleged under one theory of liability. Def.'s Reply at 6. Because Plaintiff's FAC need not allege that Shaikh is liable under any specific theory of liability enumerated in the RCRA, Shaikh has conceded that the FAC adequately alleges an RCRA claim against him.

The Court's review of the FAC confirms that it alleges that Shaikh is a "past or present owner or operator of a treatment, storage, or disposal facility," 42 U.S.C § 6972(a)(1)(B), who exerted "a measure of control over the waste at the time of its disposal or was otherwise actively involved in the waste disposal process," *Hinds Inv., L.P. v. Angioli*, 654 F.3d 846, 852 (9th Cir. 2011). Plaintiffs allege that Shaikh owned the Property in the relevant periods, FAC at ¶¶ 18, 24, 25; hazardous substances were disposed of during Shaikh's ownership of the Property, *id.* at ¶ 14; Shaikh was the sole owner of Shah Chemical and Pacifica, *id.* at ¶ 13; Shaikh was responsible for an industrial waste water permit as owner of the Property, *id.* at ¶ 25; and PCE was detected at the Property "consistent with discharge from Shah Chemical and Pacifica Chemical's operations at the Property," *id.* at ¶ 36. The Court therefore finds that the FAC alleges sufficient facts to state a plausible RCRA claim against Shaikh for improper disposal of hazardous waste and need not address whether the FAC also adequately alleges other theories of liability.

Accordingly, Plaintiffs' RCRA claim against Shaikh may proceed in its entirety, and no portion of the claim or the prayer for relief shall be stricken. As a general matter, motions to strike are disfavored and "'are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation.'" *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1208-09 (C.D. Cal. 2008) (citing *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal.1992)). Shaikh has not shown how striking the words "storage," "treatment," and "transportation" from the quoted portion of the RCRA in the FAC is "redundant, immaterial, impertinent, or scandalous matter" at this early stage of litigation, when evidence supporting other theories of liability may yet arise. Fed. R. Civ. P. 12(f); *see* MTD at 19.

## V.
## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant Shaikh's Motions to Dismiss and to Strike. Defendants shall file their Answer within 15 days from the date of this Order.

**IT IS SO ORDERED.**