Bret A. Stone   SBN 190161  BStone@PaladinLaw.com
Kirk M. Tracy   SBN 288508  KTracy@PaladinLaw.com
PALADIN LAW GROUP® LLP
220 W. Gutierrez Street
Santa Barbara, CA  93101
Telephone:  (805) 898-9700
Facsimile:   (805) 852-2495

Counsel for Defendant Hussain M. Shaikh

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TC RICH, LLC, a California Limited Liability Company, RIFLE FREIGHT, INC., a California corporation, FLEISCHER CUSTOMS BROKERS, a sole proprietorship, RICHARD G. FLEISCHER, an individual, and JACQUELINE FLEISCHER, an individual, <br><br> *Plaintiffs*, <br><br> v. <br><br> HUSSAIN M. SHAIKH, an individual, HAROON KHAN, an individual, and SHAH CHEMICAL CORPORATION, a California corporation, <br><br> *Defendants*. | Case No. 2:19-CV-02123-DMG-AGR <br><br> HUSSAIN M. SHAIKH'S ANSWER TO FIRST AMENDED COMPLAINT <br><br> [Re: ECF No. 22] |

Defendant Hussain M. Shaikh ("Defendant") in response to the First Amended Complaint of TC Rich, LLC, Rifle Freight, Inc., Fleischer Custom Brokers, Richard G. Fleischer, and Jacqueline Fleischer (collectively, "Plaintiffs") ("FAC," ECF No. 22) against him, answers, denies, and alleges as follows:

**DENIAL OF ALLEGATIONS NOT ADMITTED**

Except as expressly admitted herein, Defendant denies each and every



allegation in the FAC, including any allegations that may be deemed to be contained in any heading or caption in the FAC.

**SPECIFIC RESPONSES**

Defendant responds to the numbered paragraphs of the FAC as follows:

**INTRODUCTION**

1. Paragraph 1 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 1, Defendant deny the allegations and legal conclusions set forth therein.

2. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 2 and on that basis denies them.

3. As to paragraph 3, Defendant admits that tetrachloroethane ("PCE") has been detected in soil, soil vapor, groundwater, and indoor air samples at the Property. Defendant denies the remaining allegations and legal conclusions of paragraph 3.

4. Paragraph 4 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 4, Defendant deny the allegations and legal conclusions set forth therein.

5. Paragraph 5 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 5, Defendant deny the allegations and legal conclusions set forth therein.

6. Paragraph 6 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 6, Defendant deny the allegations and legal conclusions set forth therein.

**INTRODUCTION**

7. Paragraph 7 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 7, Defendant deny the allegations and legal conclusions set forth therein.

8. Defendant admits the allegations of paragraph 8.

///

# PARTIES

9. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 9 and on that basis denies them.

10. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 10 and on that basis denies them.

11. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 10 and on that basis denies them.

12. As to paragraph 12, Defendant admits that Shah Chemical Corporation ("Shah"), as a predecessor in interest to Pacifica Chemical Incorporated ("Pacifica"), once operated a business at Property. Defendant denies the remaining allegations and legal conclusions of paragraph 12.

13. As to paragraph 13, Defendant admits that he was the record owner of the Property from approximately August 1979 to December 1984 and again from October 1987 to April 2003. Defendant denies the remaining allegations and legal conclusions of paragraph 13.

14. As to paragraph 14, Defendant admits that he is and was at all relevant times herein the sole shareholder and a director of Pacifica. Defendant also admits that, prior to its dissolution, he was the sole shareholder and a director of Shah. Defendant denies the remaining allegations and legal conclusions of paragraph 14.

15. As to paragraph 15, Defendant admits that Haroon Khan was the record owner of the Property from approximately December 1984 to October 1987. Defendant denies the remaining allegations and legal conclusions of paragraph 15.

# FACTUAL BACKGROUND

## The Property and Shah Chemical's Operations

16. As to paragraph 16, Defendant admits from 1978 to 1999 Pacifica, under various trade and corporate names, used the property for chemical mixing and distribution. Defendant is without sufficient knowledge to either admit or deny the remaining allegations of paragraph 16 and on that basis denies them.

17. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 17 and on that basis denies them.

18. As to paragraph 18, Defendant admits that he was the record owner of the Property from approximately August 1979 to December 1984 and again from October 1987 to April 2003. Defendant denies the remaining allegations and legal conclusions of paragraph 18.

19. As to paragraph 19, Defendant admits that Shah, as a predecessor in interest to Pacifica, once operated a business at Property, during which Shah formulated fabric softeners, dyes, and light detergents. Defendant admits detergents and softeners were blended in mixing tanks before distribution and sale. Defendant admits that wastewater was generated when it rinsed its tanks. Defendant denies the remaining allegations and legal conclusions of paragraph 19.

20. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 20 and on that basis denies them.

21. Defendant admits the allegations of paragraph 21, but denies that the alleged liquid waste was hazardous waste.

22. Defendant admits the allegations of paragraph 22.

23. As to paragraph 23, Defendant admits that from 1978 to 1999 Pacifica, under various trade and corporate names, operated a business at Property, during which Pacifica formulated fabric softeners, dyes, and light detergents. Defendant admits detergents and softeners were blended in mixing tanks before distribution and sale. Defendant admits that nonhazardous wastewater was generated when it rinsed its tanks. Although PCE was never used in any process on the property, Defendant admits that PCE was stored at the Property and that PCE was sold to customers. Defendant denies the remaining allegations and legal conclusions of paragraph 23.

24. Defendant admits the allegations of paragraph 24.

25. Defendant admits the allegations of paragraph 25.

26. As to paragraph 26, Defendant admits that Defendant sold the Property

to an unrelated third party in approximately August 2003. Defendant is without sufficient knowledge to either admit or deny the remaining allegations of paragraph 26 and on that basis denies them.

27. As to paragraph 27, Defendant admits that a clarifier was located at and used on the Property by Pacifica. Defendant denies that the clarifier was located at the Property or used by Shah during Shah's operations at the Property. Defendant is without sufficient knowledge to either admit or deny the remaining allegations of paragraph 27 and on that basis denies them.

**Plaintiff's Purchase of and Appropriate Inquiry into the Property**

28. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 28 and on that basis denies them.

29. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 29 and on that basis denies them.

30. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 30 and on that basis denies them.

31. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 31 and on that basis denies them.

32. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 32 and on that basis denies them.

**Plaintiffs' Discovery of Contamination at the Property**

33. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 33 and on that basis denies them.

34. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 34 and on that basis denies them.

35. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 35 and on that basis denies them.

36. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 36 and on that basis denies them.



37. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 37 and on that basis denies them.

38. As to paragraph 38, Defendant admits that Pacifica has taken the lead in conducting investigations of the contamination at the Property under DTSC's supervision. Defendant denies the remaining allegations and legal conclusions of paragraph 38.

39. As to paragraph 39, Defendant admits that Pacifica has been investigating the contamination since 2015. Defendant denies the remaining allegations and legal conclusions of paragraph 39.

40. As to paragraph 40, Defendant admits that DTSC sent a draft Facility Initiated Corrective Action ("FICA") agreement to Pacifica's counsel and its environmental consultant, for review. Defendant denies the remaining allegations and legal conclusions of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

**FIRST CAUSE OF ACTION**

**(Cost recovery and contribution based on owner liability under the Comprehensive Environmental Response, Compensation, And Liability Act, 42 U.S.C. § 9601, et seq. - Against All Defendants)**

42. In response to paragraph 42 of the FAC, Defendant incorporates by reference and restates its answers to the preceding paragraphs of the FAC as if fully set forth herein.

43. Defendant admits the allegations of paragraph 43.

44. Defendant admits the allegations of paragraph 44.

45. Defendant admits the allegations of paragraph 45.

46. Paragraph 46 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 46, Defendant denies the allegations and legal conclusions set forth therein.

47. Paragraph 47 states a legal conclusion, to which no response is required.

To the extent that it may be determined that a response is required to paragraph 47, Defendant denies the allegations and legal conclusions set forth therein.

48. Paragraph 48 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 48, Defendant denies the allegations and legal conclusions set forth therein.

49. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 49 and on that basis denies them.

50. Defendant admits the allegations of paragraph 50.

51. Paragraph 51 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 51, Defendant denies the allegations and legal conclusions set forth therein.

52. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 52 and on that basis denies them.

**SECOND CAUSE OF ACTION**

**(Cost recovery and contribution based on operator liability under the Comprehensive Environmental Response, Compensation, And Liability Act, 42 U.S.C. § 9601, et seq. - Against Shaikh and Shah Chemical)**

53. In response to paragraph 53 of the FAC, Defendant incorporates by reference and restates its answers to the preceding paragraphs of the FAC as if fully set forth herein.

54. Defendant admits the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 55.

57. Paragraph 57 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 57, Defendant denies the allegations and legal conclusions set forth therein.

58. As to paragraph 58, Defendant admits that he was the record title owner of the Property from August 1979 to December 1984 and again from October 1987



to April 2003. Defendant denies the remaining allegations and legal conclusions of paragraph 58.

59. Paragraph 59 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 59, Defendant denies the allegations and legal conclusions set forth therein.

60. Paragraph 60 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 60, Defendant denies the allegations and legal conclusions set forth therein.

61. Paragraph 61 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 61, Defendant denies the allegations and legal conclusions set forth therein.

62. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 62 and on that basis denies them.

63. Defendant admits the allegations of paragraph 63.

64. Paragraph 64 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 64, Defendant denies the allegations and legal conclusions set forth therein.

## THIRD CAUSE OF ACTION

**(Declaratory Relief – Plaintiffs Against All Defendants)**

65. In response to paragraph 65 of the FAC, Defendant incorporates by reference and restates its answers to the preceding paragraphs of the FAC as if fully set forth herein.

66. Paragraph 66 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 66, Defendant denies the allegations and legal conclusions set forth therein.

67. Paragraph 67 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 68, Defendant denies the allegations and legal conclusions set forth therein.



68. Paragraph 68 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 68, Defendant denies the allegations and legal conclusions set forth therein.

69. Paragraph 69 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 69, Defendant denies the allegations and legal conclusions set forth therein.

70. Paragraph 70 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 70, Defendant denies the allegations and legal conclusions set forth therein.

71. Paragraph 70 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 70, Defendant denies the allegations and legal conclusions set forth therein.

72. Paragraph 72 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 72, Defendant denies the allegations and legal conclusions set forth therein.

## FOURTH CAUSE OF ACTION

**(Continuing Private Nuisance – By TC RICH Against All Defendants)**

73. In response to paragraph 73 of the FAC, Defendant incorporates by reference and restates its answers to the preceding paragraphs of the FAC as if fully set forth herein.

74. Paragraph 74 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 74, Defendant denies the allegations and legal conclusions set forth therein.

75. Paragraph 75 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 75, Defendant denies the allegations and legal conclusions set forth therein.

76. Paragraph 76 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 76,



SHAIKH'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant denies the allegations and legal conclusions set forth therein.

77. Paragraph 77 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 77, Defendant denies the allegations and legal conclusions set forth therein.

78. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 78 and on that basis denies them.

79. Paragraph 79 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 79, Defendant denies the allegations and legal conclusions set forth therein.

80. Paragraph 80 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 80, Defendant denies the allegations and legal conclusions set forth therein.

## FIFTH CAUSE OF ACTION

### (Continuing Trespass – By TC RICH Against All Defendants)

81. In response to paragraph 81 of the FAC, Defendant incorporates by reference and restates its answers to the preceding paragraphs of the FAC as if fully set forth herein.

82. Paragraph 82 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 82, Defendant denies the allegations and legal conclusions set forth therein.

83. Paragraph 83 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 83, Defendant denies the allegations and legal conclusions set forth therein.

84. Paragraph 84 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 84, Defendant denies the allegations and legal conclusions set forth therein.

85. Paragraph 85 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 85,



Defendant denies the allegations and legal conclusions set forth therein.

86. Paragraph 86 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 86, Defendant denies the allegations and legal conclusions set forth therein.

87. Paragraph 87 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 87, Defendant denies the allegations and legal conclusions set forth therein.

88. Paragraph 88 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 88, Defendant denies the allegations and legal conclusions set forth therein.

## SIXTH CAUSE OF ACTION

**(Injunctive Relief Under RCRA § 7002(a)(1)(B) (42 U.S.C. § 6972(a)(1)(B) against Shah Chemical and Shaikh)**

89. In response to paragraph 89 of the FAC, Defendant incorporates by reference and restates its answers to the preceding paragraphs of the FAC as if fully set forth herein.

90. Paragraph 90 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 90, Defendant denies the allegations and legal conclusions set forth therein.

91. Paragraph 91 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 91, Defendant denies the allegations and legal conclusions set forth therein.

92. Paragraph 92 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 92, Defendant denies the allegations and legal conclusions set forth therein.

93. Paragraph 93 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 93, Defendant denies the allegations and legal conclusions set forth therein.



94. Paragraph 94 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 94, Defendant denies the allegations and legal conclusions set forth therein.

95. Paragraph 95 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 95, Defendant denies the allegations and legal conclusions set forth therein.

96. As to paragraph 96, Defendant admits that indoor air quality sampling was conducted at the Property in 2015 and six locations were sampled, which showed indoor air PCE concentrations ranging from 1.6 $ug/m^3$ to 18 $ug/m^3$, with the three highest samples (14, 16, and 18 ug/m3) located near the former clarifier used by Pacifica Chemical. Defendant denies the remaining allegations and legal conclusions of paragraph 96 or is without sufficient knowledge to either admit or deny the remaining allegations of paragraph 96 and on that basis denies them.

97. Paragraph 97 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 97, Defendant denies the allegations and legal conclusions set forth therein.

98. As to paragraph 98, Defendant admits that subsurface sampling at the Property revealed one soil vapor sample showing PCE concentrations of 360,000 $ug/m^3$. Defendant denies the remaining allegations and legal conclusions set forth therein.

99. Paragraph 99 states a legal conclusion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 99, Defendant denies the allegations and legal conclusions set forth therein.

100. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 100 and on that basis denies them.

101. As to paragraph 98, Defendant admits that to date, neither Shaikh nor Shah Chemical has entered into an enforceable agreement with DTSC to perform remediation at the Property. Defendant denies the remaining allegations and legal



conclusions set forth therein.

102. As to paragraph 102, Defendant admits that Pacifica has been investigating the contamination since 2015. Defendant denies the remaining allegations and legal conclusions of paragraph 102.

103. Paragraph 103 states a matter of opinion, to which no response is required. To the extent that it may be determined that a response is required to paragraph 103, Defendant denies the allegations and legal conclusions set forth therein.

104. Defendant is without sufficient knowledge to either admit or deny the allegations of paragraph 104 and on that basis denies them.

## REMAINING PARAGRAPHS

The remaining paragraphs of the FAC contain Plaintiffs' prayer for relief to which no response is required.

## AFFIRMATIVE DEFENSES

Defendant further sets forth the following affirmative defenses to Plaintiffs' FAC. For its separate and affirmative defenses, Defendant alleges as follows, reserving its right to supplement these separate and affirmative defenses following discovery. In setting forth these separate and affirmative defenses, Defendant does not concede that it has the burden of production on any of them.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

1. Each of the claims contained in the FAC fails to state a claim against Defendant for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Third Party Defense)**

2. Defendant is not liable because the damages or injuries alleged in the FAC were caused solely by the acts or omissions of one or more third parties and Defendant exercised due care with respect to all matters concerned.



## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

3. Plaintiffs lack standing to assert any of the claims alleged in the FAC.

## FOURTH AFFIRMATIVE DEFENSE

### (Intervening Acts)

4. The damages or losses alleged in the FAC, if any, were proximately caused by unforeseeable, independent, intervening or superseding events beyond the control and unrelated to any actions or conduct of Defendant. Defendant's actions and conduct, if any, were superseded by the intervening and superseding conduct of others.

## FIFTH AFFIRMATIVE DEFENSE

### (Conformance with Statutes, Regulations, and Industry Standards)

5. All conduct, activities, and omissions of Defendant conformed with and were conducted pursuant to all statutes, regulations and industry standards, according to the state of knowledge existing at the time of Defendant's activities, conduct or omissions.

## SIXTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

6. Plaintiffs are barred from recovery against Defendant by Plaintiffs' failure to mitigate, minimize or avoid any of the alleged damages or losses referred to in the FAC. If there is a finding of liability against Defendant entitling Plaintiffs to recover under an order requiring Defendant to pay such damages or losses, which liability Defendant generally and specifically denies, such recovery must be reduced by the amount attributable to the failure of Plaintiffs to take action to mitigate the alleged damages or losses referred to in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Due Care)

7. At all times relevant hereto and respecting all activities in connection

with the real property identified in the FAC, Defendant acted with due care, complied with all statutory and regulatory requirements, complied with the state of the art, took all required or appropriate precautions and otherwise conducted themselves reasonably under the circumstances, and therefore cannot be held responsible for the harm alleged in the FAC.

## EIGHTH AFFIRMATIVE DEFENSE
### (Cause in Fact)

8. Plaintiffs cannot prove any facts showing that Defendant's conduct or omissions were the cause in fact of the damages or losses alleged in the FAC.

## NINTH AFFIRMATIVE DEFENSE
### (Proximate Cause of Harm)

9. Plaintiffs cannot prove any facts showing that Defendant's conduct or omissions were the proximate cause of the damages or losses alleged in the FAC.

## TENTH AFFIRMATIVE DEFENSE
### (Contribution and Equitable Indemnification)

10. If Defendant is liable to Plaintiffs, which Defendant generally and specifically denies, the principles of contribution and equitable indemnification should be applied to determine the relative degree of fault among all culpable parties so that no party is called upon to bear more than its equitable share of liability.

## ELEVENTH AFFIRMATIVE DEFENSE
### (De Minimus Harm)

11. The contribution to the damages or losses alleged in the FAC by Defendant, if any, was de minimus.

## TWELFTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

12. Plaintiffs failed to exercise ordinary care with regard to the damages or losses alleged in the FAC. Therefore, any injuries or damages sustained by Plaintiffs were proximately caused by the negligence of Plaintiffs. Plaintiffs' recovery, if any,

from Defendant must be diminished in proportion to the amount of negligence attributable to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

13. Plaintiffs have not alleged an adequate basis for the recovery of attorneys' fees and is neither entitled to such recovery, nor is any such recovery authorized by law.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Costs Inconsistent with the National Contingency Plan)

14. The response costs which Plaintiffs seek to recover, if any, were not incurred in a manner consistent with the National Oil and Hazardous Substance Pollution Contingency Plan, 40 C.F.R., Part 300.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Unnecessary Costs of Response)

15. The response costs which Plaintiffs seek to recover, if any, were not necessary.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Act of God)

16. The damages or losses alleged in the FAC, if any, were or may have been proximately caused or contributed to by some independent, unforeseeable and unavoidable natural cause or act of God.

### SEVENTH AFFIRMATIVE DEFENSE
### (Set Off)

17. If the Court enters an order requiring Defendant to pay damages, losses, or costs to Plaintiffs, then Defendant is entitled to a setoff or recoupment against Plaintiffs in an amount reflecting the damages suffered by Defendant as a result of Plaintiffs' responsibility for the damages or losses alleged in the FAC.

///

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Promissory Estoppel)**

18. As a result of the acts, conduct, or omissions of Plaintiffs or their agents, the FAC and each claim against Defendant presented therein is barred by the doctrine of promissory estoppel.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel)**

19. As a result of the acts, conduct, or omissions of Plaintiffs or their agents, the FAC and each claim against Defendant presented therein is barred by the doctrine of equitable estoppel.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

20. On information and belief, the Complaint, and each claim against Defendant presented therein, is barred by the applicable statute of limitations, including, but not limited to, 42 U.S.C. § 9613(g), 28 U.S.C. § 2462, and California Code of Civil Procedure §§ 337(a), 338(a) and (b), 339(l), 343.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Waiver)**

21. As a result of the acts, conduct, or omissions of Plaintiffs or their agents, the FAC and each claim against Defendant presented therein has been waived.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Laches)**

22. Plaintiffs have unreasonably delayed the commencement of this action to the prejudice of Defendant. The FAC and each claim against Defendant presented therein is barred by the doctrine of laches.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

23. The FAC and each claim for relief presented therein against Defendant



is barred by the doctrine of unclean hands.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Vagueness and Uncertainty)**

24. The FAC does not describe the events, acts, omissions, transactions, losses or damages which allegedly form the basis of Defendant's alleged liability for the claims contained in the FAC with sufficient particularity to enable Defendant to determine all defenses that may exist to such allegations. Defendant, therefore, reserves the right to assert additional defenses which may pertain to Defendant once the precise nature of such events, acts, omissions, transactions, issues, or damages is ascertained.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Capacity)**

25. Plaintiffs lack capacity to bring this action.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Res Judicata)**

26. Plaintiffs are barred from recovering on their FAC by the doctrines of res judicata and collateral estoppel, including claim preclusion and issue preclusion.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Insufficient Notice)**

27. Plaintiffs have failed to provide proper notice of their claims as required by RCRA.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Diligent Prosecution)**

28. Plaintiffs' claims are barred by diligent prosecution by DTSC.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Statutory Bar)**

29. Plaintiffs' claims are barred under 42 U.S.C. § 6972(b)(2)(C) due to the acts of DTSC.



## THIRTIETH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

30. This Court lacks subject matter jurisdiction over some or all of the claims asserted by Plaintiffs.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Imminent and Substantial Endangerment)

31. Plaintiffs' RCRA claims are barred to the extent there is no imminent and substantial endangerment to health or the environment at subject Property.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Mootness)

32. Some or all of Plaintiffs' claims are moot.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

33. Plaintiffs' claims are barred under the Primary Jurisdiction doctrine.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Additional and Unstated Defenses)

34. Defendant has insufficient knowledge on which to form a belief as to whether Defendant has additional, as yet unstated, affirmative defenses available. Defendant hereby reserves its right to assert additional defenses in the event that investigation and discovery indicate that such defenses would be appropriate.

WHEREFORE, Defendant prays as follows:

1. That the relief sought by way of the prayer for relief in the FAC be denied in its entirety;

2. That Plaintiffs take nothing by their FAC;

3. That the FAC be dismissed in its entirety;

4. That Defendant be awarded its costs of suit, including attorneys' fees; and

5. For such other relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Defendant hereby demands trial by jury of any and all issues so triable.

Dated: November 27, 2019            PALADIN LAW GROUP® LLP

By:   */s/ Kirk M. Tracy*
Kirk M. Tracy
Counsel for Defendant
Hussain M. Shaikh

