Bret A. Stone  SBN 190161  BStone@PaladinLaw.com
Kirk M. Tracy  SBN 288508  KTracy@PaladinLaw.com
PALADIN LAW GROUP® LLP
220 W. Gutierrez Street
Santa Barbara, CA 93101
Telephone: (805) 898-9700
Facsimile: (805) 852-2495

Counsel for Defendant and Counter-Claimant
Hussain M. Shaikh

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TC RICH, LLC, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>HUSSAIN M. SHAIKH, *et al.*,<br><br>*Defendants*. | Case No. 2:19-CV-02123-DMG-AGR<br><br>HUSSAIN M. SHAIKH'S COUNTERCLAIM |
| HUSSAIN M. SHAIKH,<br><br>*Counter-Claimant*,<br><br>v.<br><br>TC RICH, LLC; RICHARD G. FLEISCHER; and JACQUELINE FLEISCHER,<br><br>*Counter-Defendants*. | |

Defendant and Counter-Claimant Hussain M. Shaikh ("Counter-Claimant") brings this Counterclaim against Plaintiffs and Counter-Defendants TC Rich, LLC, Richard G. Fleischer, and Jacqueline Fleischer (collectively, "Counter-Defendants") and alleges upon knowledge as to its own acts, and upon information and belief as to the acts of all others, as follows:



## NATURE OF THE ACTION

1. Counter-Claimant files this Counterclaim in order to avoid or minimize its alleged liability associated with responding to environmental contamination alleged in the Complaint.

2. The area of contamination for which Counter-Complainant seeks relief includes the property located at 132 West 132nd Street, Los Angeles, (the "Property") and areas to which the contamination has migrated outside the boundaries of the Property (the "Site").

## PARTIES

### *Counter-Claimant*

3. Hussain M. Shaikh is a prior owner of the Property.

### *Counter-Defendants*

4. TC Rich, LLC is the current owner of the Property.

5. Richard G. Fleischer owns and controls TC Rich, LLC.

6. Jacqueline Fleischer owns and controls TC Rich, LLC.

## JURISDICTION, VENUE, AND NOTICE

7. This Court has jurisdiction over the subject matter of Counter-Claimant's First Cause of Action pursuant to section 113 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613.

8. Venue is proper in this Court pursuant to Section CERCLA § 113(b) because the release and damage occurred in this district. 42 U.S.C. § 9613(b).

9. The state law claims alleged in this Counterclaim are related to the federal claims pursuant to 28 U.S.C. § 1367(a) and fall within the Court's supplemental jurisdiction.

## GENERAL ALLEGATIONS

10. The Site has been impacted by the presence of tetrachloroethylene ("PCE") and other hazardous substances.



11. On information and belief, each Counter-Defendant caused or contributed to the past or present handling, storage, treatment, transportation, generation, release, or disposal of hazardous substances, hazardous waste, and/or solid waste in the environment in, at, and around the Site, including soil, land, subsurface strata, air, vapor, groundwater, surface water, and the waters of the state of California, because each Counter-Defendant controlled and/or operated the Site from which hazardous substances, hazardous waste, and/or solid waste were released or otherwise discarded, and failed to exercise due care or to prevent or abate the hazardous substances, hazardous waste, and/or solid waste contamination.

12. On information and belief, once released into the environment, these hazardous substances, hazardous waste, and/or solid wastes have continued to spread and migrate within the environment at the Site, but Counter-Defendants failed to abate this contamination.

13. On information and belief, as a result of Counter-Defendants' failure to abate the contamination, Counter-Claimant has incurred and will incur response costs in order to investigate and remediate the contamination.

14. On information and belief, Counter-Defendants did not make all appropriate inquiry when purchasing the Property, were not passive owners of the Property, and did not take any preventive actions or measures to avoid, prevent, reduce, or mitigate known or foreseeable releases of hazardous substances at the Property.

**FIRST CAUSE OF ACTION**
**(Contribution – CERCLA § 113(f))**
**(Against All Counter-Defendants)**

15. Counter-Claimant realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 14, inclusive, as though set forth in full herein.

16. Counter-Defendants are the current owners of the Property. Counter-Defendants are thereby jointly and severally liable under section 107(a) of CERCLA

§ 107(a), 42 U.S.C. § 9607(a).

17. The Site is a "facility," as that term is defined in CERCLA § 101(9), 42 U.S.C. § 9601(9).

18. Counter-Defendants are each a "person" as that term is defined in CERCLA § 101(21), 42 U.S.C. § 9601(21).

19. Counter-Defendants have alleged that a "release" or threatened release of a "hazardous substance," as those terms are defined in CERCLA §§ 101(22), (14), 42 U.S.C. §§ 9601(22), (14), has occurred at the Site.

20. Counter-Defendants are each a "covered person" under CERCLA § 107(a) each of Counter-Defendants are the current owners of the Property, within the meaning of CERCLA § 107(a)(1).

21. Pursuant to CERCLA § 113(f), Counter-Claimant is entitled to contribution from any other person who is liable or potentially liable under CERCLA for any amount that Counter-Claimant is found liable for costs incurred responding to the alleged releases or threatened releases of hazardous substances at the Site. If Counter-Claimant is in the future held liable to Counter-Defendants, then it is entitled to contribution from Counter-Defendants for some or all of any amounts for which the Estates are held liable and are required to pay.

22. Counter-Claimant gave notice of this Counterclaim to the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency, as required by CERCLA § 113(*l*), 42 U.S.C. § 9613(*l*).

**SECOND CAUSE OF ACTION**
**(Declaratory Relief – CERCLA § 113(g))**
**(Against All Counter-Defendants)**

23. Counter-Claimant realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 22, inclusive, as though set forth in full herein.

24. Pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f), Counter-Claimant

is entitled to contribution from any other person who is liable or potentially liable under CERCLA for any amount for which Counter-Claimant is held responsible in responding to the presence of hazardous substances at the Site, and to the actual or threatened release of such hazardous substances.

25. Accordingly, an actual legal controversy exists between Counter-Claimant, on the one hand, and Counter-Defendants, on the other hand. Counter-Claimant contends that it is entitled to indemnification and contribution based on the above-described threatened or actual liability. Counter-Claimant is informed and believes that Counter-Defendants contend otherwise.

26. Counter-Claimant desires and is entitled to a declaration of the parties' respective rights and duties pursuant to 28 U.S.C. § 2201, *et seq.*, CERCLA § 113 (f) and (g), 42 U.S.C. § 9613 (f) and (g). No adequate or speedy remedy exists for Counter-Claimant in the absence of such a judicial declaration. Accordingly, Counter-Claimant hereby requests a declaration from the Court setting forth Counter-Claimant's and Counter-Defendants' liability for past, present and future response, removal and remediation costs, and other penalties and/or damages imposed on Counter-Claimant in connection with the Site.

**THIRD CAUSE OF ACTION**
**(Contribution Under the HSAA – Cal. Health & Saf. Code § 25363(d))**
**(Against All Counter-Defendants)**

27. Counter-Claimant realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 26, inclusive, as though set forth in full herein.

28. The California Hazardous Substance Account Act ("HSAA"), California Health & Safety Code § 25300 *et seq.*, provides for an action by parties who have been held liable for removal or remedial action costs under the HSAA. Pursuant to the HSAA, such parties may seek contribution or indemnity for those costs from any person who is a "responsible party" under Health & Safety Code § 25323.5.

29. Counter-Defendants are each a "person" within the meaning of HSAA, California Health & Safety Code § 25319, and a "responsible party" or "liable person" within the meaning of the HSAA, California Health & Safety Code § 25323.5.

30. Counter-Defendants are liable to Counter-Claimant pursuant to California Health & Safety Code § 25363(d) in contribution or indemnity, to the extent that Counter-Claimant is are held liable or responsible for any costs pursuant to or otherwise recoverable under the HSAA.

31. Counter-Claimant gave notice of this Counterclaim to the Director of the California Department of Toxic Substances Control, as required by section 25363(d) of the Health & Safety Code.

**FOURTH CAUSE OF ACTION**
**(Declaratory Relief:  Equitable Indemnity/Contribution)**
**(Against All Counter-Defendants)**

32. Counter-Claimant realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 31, inclusive, as though set forth in full herein.

33. An actual controversy has arisen and now exists between Counter-Claimant and Counter-Defendants in that Counter-Claimant contends, and, on information and belief, Counter-Defendants deny, the following:

(a) That, as between Counter-Claimant and Counter Defendants, responsibility, if any, for damages arising from or relating to the alleged contamination of the Site rests entirely or partially on Counter-Defendants; and

(b) That, as a result, Counter-Defendants are obligated to partially or fully indemnify Counter-Claimant for any sums that Counter-Claimant may be compelled to pay as the result of any damages, judgment, or other awards recovered against Counter-Claimant as a result of such alleged contamination.

34. Counter-Claimant desires a judicial determination of the respective rights and duties of Counter-Claimant and Counter-Defendants of the comparative



Case 2:19-cv-02123-DMG-AGR Document 46 Filed 11/27/19 Page 7 of 7 Page ID #:396

liability of Counter-Claimant and Counter-Defendants for these damages, and a declaration of Counter-Defendants' responsibility for equitable indemnity to Counter-Claimant for any sums that Counter-Claimant may be compelled to pay and for which Counter-Defendants are determined to be responsible, entirely or in part.

35. Such a declaration is necessary and appropriate at this time so that Counter-Claimant may ascertain its rights and duties, if any, with respect to Counter-Defendants' and other persons' present and future claims for damages. Furthermore, Counter-Claimant's and Counter Defendants' claims arise out of the same transaction (*i.e.*, the alleged contamination of the Site) and determination of both in one proceeding is necessary and appropriate in order to avoid a multiplicity of actions.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Claimant respectfully requests that judgment be entered in its favor for the following:

1. For contribution under CERCLA and the HSAA, according to proof;

2. For a judicial declaration under CERCLA and the HSAA that Counter-Defendants are liable for each of their equitable shares of all present and future response costs and other damages allegedly incurred in connection with the Site, according to proof;

3. For all costs of suit herein;

4. For such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Counter-Claimant hereby demands trial by jury of any and all issues so triable.

Dated: November 27, 2019   PALADIN LAW GROUP® LLP

By: */s/ Kirk M. Tracy*
Kirk M. Tracy
Counsel for Defendant and Counter-Claimant Hussain M. Shaikh



-7-   2:19-CV-02123-DMG-AGR
SHAIKH'S COUNTERCLAIM