JOHN S. CHA (SBN 129115)
jcha@raineslaw.com
RAINES FELDMAN LLP
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
Telephone: (310) 440-4100
Facsimile: (424) 239-1613

MARK E. ELLIOTT (SBN 157759)
mark.elliott@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone:   (213) 488-7100
Facsimile:   (213) 629-1033

Attorneys for Plaintiffs and Counter-Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSAIN M. SHAIKH,<br><br>*Counter-Claimant,*<br><br>v.<br><br>TC RICH, LLC, a California limited liability company, RICHARD G. FLEISCHER, an individual, and JACQUELINE FLEISCHER,<br><br>*Counter-Defendants.* | Case No. 2:19-CV-02123-DMG (AGRx)<br><br>**COUNTER-DEFENDANTS TC RICH, LLC, RICHARD G. FLEISCHER, AND JACQUELINE FLEISCHER'S ANSWER TO HUSSAIN M. SHAIKH'S COUNTERCLAIM**<br><br><br><br>First Amended Complaint: 06/04/2019<br>Counterclaim:            11/27/2019 |

TC Rich, LLC, Richard G. Fleischer, and Jacqueline Fleischer ("Counter-Defendants"), in response to Hussain M. Shaikh's Counterclaim against them, answer, deny, and allege as follows:

## DENIAL OF ALLEGATIONS NOT ADMITTED

Except as expressly admitted, Counter-Defendants deny each and every allegation in the Counterclaim, including any allegations that may be deemed to be contained in any caption headings.

## SPECIFIC RESPONSES

Counter-Defendants respond to the numbered paragraphs of the Counterclaim as follows:

## NATURE OF THE ACTION

1.     Paragraph 1 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 1, Counter-Defendants deny the allegations and legal conclusions set forth therein.

2.     Counter-Defendants admit that the area of contamination for which Counter-Claimant seeks relief includes the property located at 132 West 132 Street, Los Angeles, (the "Property").  Counter-Defendants are without sufficient knowledge to either admit or deny the remainder of paragraph 2 regarding the area outside the boundaries of the Property (the "Site") and, on that basis, denies them.

## PARTIES

### *Counter-Claimant*

3.     Counter-Defendants admit the allegations contained in paragraph 3.

### *Counter-Defendants*

4.     Counter-Defendants admit the allegations contained in paragraph 4.

5.     Paragraph 5 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 5, Counter-Defendants deny the allegations and legal conclusions set

forth therein but admit that Richard G. Fleischer is the managing member of TC Rich, LLC.

6.     Paragraph 6 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 6, Counter-Defendants deny the allegations and legal conclusions set forth therein but admit that Jacqueline Fleischer is a member of TC Rich, LLC.

## JURISDICTION, VENUE, AND NOTICE

7.     Paragraph 7 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 7, Counter-Defendants deny the allegations and legal conclusions set forth therein.

8.     Paragraph 8 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 8, Counter-Defendants deny the allegations and legal conclusions set forth therein.

9.     Paragraph 9 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 9, Counter-Defendants deny the allegations and legal conclusions set forth therein.

## GENERAL ALLEGATIONS

10.     Counter-Defendants are informed and believe, and on that basis allege, that the Property is contaminated with PCE, among other things, and that the persons responsible for the contamination includes Counter-Claimant.

11.     Counter-Defendants do not have the responsibility to admit or deny Counter-Claimant's information and belief, and on that basis deny the allegations contained in paragraph 11.

12.     Counter-Defendants do not have the responsibility to admit or deny Counter-Claimant's information and belief, and on that basis deny the allegations

1  contained in paragraph 12.

2       13.    Counter-Defendants do not have the responsibility to admit or deny

3  Counter-Claimant's information and belief, and on that basis deny the allegations

4  contained in paragraph 13.

5       14.    Counter-Defendants do not have the responsibility to admit or deny

6  Counter-Claimant's information and belief, and on that basis deny the allegations

7  contained in paragraph 14.

8                      **FIRST CAUSE OF ACTION**

9                   **(Contribution—CERCLA § 113(f))**

10                  **(Against All Counter-Defendants)**

11      15.    Counter-Defendants incorporate by reference and restate their answers

12  to the preceding paragraphs as if fully set forth herein.

13      16.    Paragraph 16 states a legal conclusion to which a response is not

14  required.  To the extent it may be determined that a response is required to

15  paragraph 16, Counter-Defendants deny the allegations and legal conclusions set

16  forth therein.

17      17.    Paragraph 17 states a legal conclusion to which a response is not

18  required.  To the extent it may be determined that a response is required to

19  paragraph 17, Counter-Defendants deny the allegations and legal conclusions set

20  forth therein.

21      18.    Paragraph 18 states a legal conclusion to which a response is not

22  required.  To the extent it may be determined that a response is required to

23  paragraph 18, Counter-Defendants deny the allegations and legal conclusions set

24  forth therein.

25      19.    Counter-Defendants admit the allegations contained in paragraph 19.

26      20.    Paragraph 20 states a legal conclusion to which a response is not

27  required.  To the extent it may be determined that a response is required to

28  paragraph 20, Counter-Defendants deny the allegations and legal conclusions set

forth therein.

21.   Paragraph 21 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 21, Counter-Defendants deny the allegations and legal conclusions set forth therein.

22.   Paragraph 22 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 22, Counter-Defendants deny the allegations and legal conclusions set forth therein.

## SECOND CAUSE OF ACTION

### (Declaratory Relief—CERCLA § 113(g))

### (Against All Counter-Defendants)

23.   Counter-Defendants incorporate by reference and restate their answers to the preceding paragraphs as if fully set forth herein.

24.   Paragraph 24 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 24, Counter-Defendants deny the allegations and legal conclusions set forth therein.

25.   Paragraph 25 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 25, Counter-Defendants deny the allegations and legal conclusions set forth therein.

26.   Paragraph 26 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 26, Counter-Defendants deny the allegations and legal conclusions set forth therein.

///

**THIRD CAUSE OF ACTION**

**(Contribution Under the HSAA—Cal. Health & Saf. Code § 25363(d))**

**(Against All Counter-Defendants)**

27.    Counter-Defendants incorporate by reference and restate their answers to the preceding paragraphs as if fully set forth herein.

28.    Paragraph 28 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 28, Counter-Defendants deny the allegations and legal conclusions set forth therein.

29.    Paragraph 29 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 29, Counter-Defendants deny the allegations and legal conclusions set forth therein.

30.    Paragraph 30 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 30, Counter-Defendants deny the allegations and legal conclusions set forth therein.

31.    Counter-Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 31 and, on that basis, deny them.

**FOURTH CAUSE OF ACTION**

**(Declaratory Relief: Equitable Indemnity/Contribution)**

**(Against All Counter-Defendants)**

32.    Counter-Defendants incorporate by reference and restate their answers to the preceding paragraphs as if fully set forth herein.

33.    Paragraph 33 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 33, Counter-Defendants deny the allegations and legal conclusions set forth therein.

    a.   Counter-Defendants deny paragraph 33(a), which states that, as between Counter-Claimant and Counter-Defendants, responsibility, if any, for damages arising from or relating to the alleged contamination of the Site rests entirely or partially on Counter-Defendants;

    b.   Counter-Defendants deny paragraph 33(b), which states that Counter-Defendants are obligated to partially or fully indemnify Counter-Claimant for any sums that Counter-Claimant may be compelled to pay as the result of any damages, judgment, or other awards recovered against Counter-Claimant as a result of such alleged contamination.

34.    Paragraph 34 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 34, Counter-Defendants deny the allegations and legal conclusions set forth therein.

35.    Paragraph 35 states a legal conclusion to which a response is not required.  To the extent it may be determined that a response is required to paragraph 35, Counter-Defendants deny the allegations and legal conclusions set forth therein.

## REMAINING PARAGRAPHS

The remaining paragraphs of the Counterclaim contain Counter-Claimant's prayer for relief to which no response is required.

## AFFIRMATIVE DEFENSES

Counter-Defendants further set forth the following affirmative defenses to the Counterclaim.  For its separate and affirmative defenses, Counter-Defendants allege as follows, reserving its right to supplement these separate affirmative defenses following discovery.  In setting forth these separate and affirmative defenses, Counter-Defendants do not concede that they have the burden of production on any of them.

///

TC RICH, et al. v. Hussain M. Shaikh, et al.
USDC Case No. 2:19-CV-02123-DMG (AGRx)

6

COUNTER-DEFENDANTS' ANSWER TO
COUNTERCLAIM

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

1.      Each of the claims contained in the Counterclaim fails to state a claim against Counter-Defendants for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Third Party Defense)

2.      Counter-Defendants are not liable because the damages or injuries alleged in the Counterclaim were caused solely by the acts or omissions of one or more third parties, and Counter-Defendants exercised due care with respect to all matters concerned.  Counter-Defendants are therefore not liable because they constitute innocent landowners because they purchased the Property without knowledge of contamination and had no reason to know about the contamination.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

3.      Counter-Claimants lack standing to assert any of the claims alleged in the Counterclaim.

## FOURTH AFFIRMATIVE DEFENSE

### (Intervening Acts)

4.      The damages or losses alleged in the Counterclaim, if any, were proximately caused by unforeseeable, independent, intervening or superseding events beyond the control and unrelated to any actions or conduct of Counter-Defendants. Counter-Defendants' actions and conduct, if any, were superseded by the intervening and superseding conduct of others.

## FIFTH AFFIRMATIVE DEFENSE

### (Conformance with Statutes, Regulations, and Industry Standards)

5.      All conduct, activities, and omissions of Counter-Defendants conformed with and were conducted pursuant to all statutes, regulations and industry standards, according to the state of knowledge existing at the time of

Counter-Defendants' activities, conduct or omissions.

## SIXTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

6.      Counter-Claimant is barred from recovery against Counter-Defendants by Counter-Claimant's failure to mitigate, minimize or avoid any of the alleged damages or losses referred to in the Counterclaim. If there is a finding of liability against Counter-Defendants entitling Counter-Claimant to recover under an order requiring Counter-Defendants to pay such damages or losses, which liability Counter-Defendants generally and specifically deny, such recovery must be reduced by the amount attributable to the failure of Counter-Claimant to take action to mitigate the alleged damages or losses referred to in the Counterclaim.

## SEVENTH AFFIRMATIVE DEFENSE

### (Due Care)

7.      At all times relevant hereto and respecting all activities in connection with the real property identified in the Counterclaim, Counter-Defendants acted with due care, complied with all statutory and regulatory requirements, complied with the state of the art, took all required or appropriate precautions and otherwise conducted themselves reasonably under the circumstances, and therefore cannot be held responsible for the harm alleged in the Counterclaim.

## EIGHTH AFFIRMATIVE DEFENSE

### (Cause in Fact)

8.      Counter-Claimant cannot prove any facts showing that Counter-Defendants' conduct or omissions were the cause in fact of the damages or losses alleged in the Counterclaim.

## NINTH AFFIRMATIVE DEFENSE

### (Proximate Cause of Harm)

9.      Counter-Claimant cannot prove any facts showing that Counter-Defendants' conduct or omissions were the proximate cause of the damages or

losses alleged in the Counterclaim.

## TENTH AFFIRMATIVE DEFENSE
### (Contribution and Equitable Indemnification)

10.     If Counter-Defendants are liable to Counter-Claimant, which Counter-Defendants generally and specifically deny, the principles of contribution and equitable indemnification should be applied to determine the relative degree of fault among all culpable parties so that no party is called upon to bear more than its equitable share of liability.

## ELEVENTH AFFIRMATIVE DEFENSE
### (De Minimus Harm)

11.     The contribution to the damages or losses alleged in the Counterclaim by Counter-Defendants, if any, was de minimus.

## TWELFTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

12.     Counter-Claimant failed to exercise ordinary care with regard to the damages or losses alleged in the Counterclaim. Therefore, any injuries or damages sustained by Counter-Claimant were proximately caused by the negligence of Counter-Claimant. Counter-Claimant's recovery, if any, from Counter-Defendant must be diminished in proportion to the amount of negligence attributable to Counter-Claimant.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

13.     Counter-Claimant has not alleged an adequate basis for the recovery of attorneys' fees and is not entitled to such recovery and any such recovery is not authorized by law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Costs Inconsistent with the National Contingency Plan)

14.     The response costs Counter-Claimant seeks to recover, if any, were not

incurred in a manner consistent with the National Oil and Hazardous Substance Pollution Contingency Plan, 40 C.F.R., Part 300.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Unnecessary Costs of Response)

15.    The response costs Counter-Claimant seeks to recover, if any, were not necessary.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Act of God)

16.    The damages or losses alleged in the Counterclaim, if any, were or may have been proximately caused or contributed to by some independent, unforeseeable and unavoidable natural cause or act of God.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Set Off)

17.    If the Court enters an order requiring Counter-Defendants to pay damages, losses, or costs to Counter-Claimant, then Counter-Defendants are entitled to a setoff or recoupment against Counter-Claimant in an amount reflecting the damages suffered by Counter-Defendants as a result of Counter-Claimant's responsibility for the damages or losses alleged in the Counterclaim.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Promissory Estoppel)

18.    As a result of the acts, conduct, or omissions of Counter-Claimant or its agents, the Counterclaim and each claim against Counter-Defendants is barred by the doctrine of promissory estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

19.    As a result of the acts, conduct, or omissions of Counter-Claimant or its agents, the Counterclaim and each claim against Counter-Defendants is barred by the doctrine of equitable estoppel.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWENTIETH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

20.     On information and belief, the Counterclaim, and each claim against Counter-Defendants, is barred by the applicable statute of limitations, including, but not limited to, 42 U.S.C. § 9613(g), 28 U.S.C. § 2462, and California Code of Civil Procedure §§ 337(a), 338(a) and (b), 339(l), 343.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Waiver)

21.     As a result of the acts, conduct, or omissions of Counter-Claimant or its agents, the Counterclaim and each claim against Counter-Defendants has been waived.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Laches)

22.     Counter-Claimant has unreasonably delayed the commencement of this action to the prejudice of Counter-Defendants. The Counterclaim and each claim against Counter-Defendants is barred by the doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

23.     The Counterclaim and each claim for relief against Counter-Defendants is barred by the doctrine of unclean hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Vagueness and Uncertainty)

24.     The Counterclaim does not describe the events, acts, omissions, transactions, losses or damages which allegedly form the basis of Counter-Defendants' alleged liability for the claims contained in the Counterclaim with sufficient particularity to enable Counter-Defendants to determine all defenses that may exist to such allegations. Counter-Defendants, therefore, reserve the right to assert additional defenses which may pertain to Counter-Defendants once the

precise nature of such events, acts, omissions, transactions, issues, or damages is ascertained.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

## (Lack of Capacity)

25.     Counter-Claimant lacks capacity to bring this action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

## (Res Judicata)

26.     Counter-Claimant is barred from recovering on his Counterclaim by the doctrines of res judicata and collateral estoppel, including claim preclusion and issue preclusion.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

## (Insufficient Notice)

27.     Counter-Claimant has failed to provide proper notice of his claims as required by CERCLA.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

## (Diligent Prosecution)

28.     Counter-Claimant's claims are barred by diligent prosecution by the DTSC.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

## (Statutory Bar)

29.     Counter-Claimant's claims are barred under 42 U.S.C. § 6972(b)(2)(C) due to the acts of the DTSC.

## THIRTIETH AFFIRMATIVE DEFENSE

## (Lack of Subject Matter Jurisdiction)

30.     This Court lacks subject matter jurisdiction over some or all of the claims asserted by Counter-Claimant.

///

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Mootness)**

31.    Some or all of Counter-Claimant's claims are moot.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Primary Jurisdiction)**

32.    Counter-Claimant's claims are barred under the Primary Jurisdiction doctrine.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Additional and Unstated Defenses)**

33.    Counter-Defendants have insufficient knowledge on which to form a belief as to whether they have additional, as yet unstated, affirmative defenses available.  Counter-Defendants hereby reserve their right to assert additional defenses if investigation and discovery indicate that such defenses would be appropriate.

WHEREFORE, Counter-Defendants pray as follows:

1.    That the relief sought by the Counterclaim be denied in its entirety;

2.    That Counter-Claimant take nothing by his Counterclaim;

3.    That the Counterclaim be dismissed in its entirety;

4.    That Counter-Defendants be awarded their costs of suit, including attorneys' fees; and

5.    For such other relief as the Court deems just and proper.

///

**JURY TRIAL DEMAND**

Counter-Defendants object to Counter-Claimant's demand for trial by jury since all causes of action in the Counterclaim are equitable and therefore not subject to a jury trial.

Dated: December 18, 2019             RAINES FELDMAN LLP


By: _____
                                              John S. Cha


                                       *Attorney for Counter-Defendants*
                                       TC RICH, LLC,
                                       RICHARD G. FLEISCHER, AND
                                       JACQUELINE FLEISCHER