Bret A. Stone   SBN 190161 BStone@PaladinLaw.com
Kirk M. Tracy   SBN 288508 KTracy@PaladinLaw.com
PALADIN LAW GROUP® LLP
220 W. Gutierrez Street
Santa Barbara, CA 93101
Telephone:  (805) 898-9700
Facsimile:   (805) 852-2495

Counsel for Defendant and Counter-Claimant
Hussain M. Shaikh

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TC RICH, LLC, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> HUSSAIN M. SHAIKH, *et al.*, <br><br> *Defendants*. | Case No. 2:19-CV-02123-DMG-AGR <br><br> NOTICE OF MOTION AND MOTION BY HUSSAIN M. SHAIKH PARTIAL SUMMARY JUDGMENT <br><br> Hearing: <br> February 19, 2021 <br> 9:30 a.m. <br> Courtroom 8C, 8th Floor <br><br> Judge Dolly M. Gee <br><br> Action filed: March 21, 2019 <br> Trial date: June 1, 2021 |
| HUSSAIN M. SHAIKH, <br><br> *Counter-Claimant*, <br><br> v. <br><br> TC RICH, LLC; RICHARD G. FLEISCHER; and JACQUELINE FLEISCHER, <br><br> *Counter-Defendants*. | |



NOTICE OF MOTION AND MOTION BY SHAIKH FOR PARTIAL SUMMARY JUDGMENT

# NOTICE OF MOTION

TO THE PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on February 19, 2021 at 9:30 a.m., or at such other time as this matter may be heard before Judge Gee in Courtroom 8C of this Court, located, at 350 West 1st Street, Los Angeles, California 90012, Defendant and Counter-Claimant Hussain M. Shaikh ("Shaikh") will move this Court for partial summary judgment on its first (failure to state a claim), thirty-first (no imminent and substantial endangerment), and thirty-second (mootness) affirmative defenses to Plaintiffs TC Rich, LLC ("TC Rich"), Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer's (collectively, "Plaintiffs") sixth cause of action in their First Amended Complaint for injunctive relief under the Resource Conservation & Recovery Act ("RCRA") § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), *see* ECF No. 22, and for partial summary judgment against Counter-Defendants TC Rich, Richard G. Fleischer, and Jacqueline Fleischer (collectively, "Counter-Defendants") on Shaikh's first and third counterclaims for (1) Contribution under CERCLA § 113(f) and (2) Contribution under California Health & Safety Code § 25363(d) ("HSAA"), *see* ECF No. 46, and Counter-Defendant's second affirmative defense (third party defense), pursuant to Federal Rule of Civil Procedure 56.

The motion is made on the ground that there is no genuine dispute as to any material fact and that Shaikh is entitled as a matter of law to partial summary judgment from the Court as follows:

(1) That the Resource Conservation & Recovery Act ("RCRA") § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), injunctive relief claims against Shaikh are barred by the doctrine of mootness due to lack of redressability because there is no remedy Shaikh could be ordered to take to reduce or eliminate any risk that is not already being undertaken by Murex under DTSC supervision and there is no evidence of inadequate response to the contamination, nor is there any evidence that DTSC has neglected its duties in oversight of the response actions.



(2) That the RCRA injunctive relief claims against Shaikh are barred for failure to state a claim because the conditions at the site do not present an imminent and substantial endangerment, nor "may" they, pursuant to the Resource Conservation & Recovery Act ("RCRA") § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), nor is there evidence that they ever have.

(3) That Counter-Defendants are liable to Shaikh for past response costs incurred pursuant to the Comprehensive Environmental Response, Compensation & Liability Act ("CERCLA") § 113(f), 42 U.S.C. § 9613(f).

(4) That Counter-Defendants are liable to Shaikh for past response costs incurred pursuant to the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), Cal. Health & Safety Code § 25363(d).

(5) That Counter-Defendants' Third Party Defense to Shaikh's CERCLA § 113(f) claim is invalid because Counter-Defendants had reason to know of the contamination, did not conduct all appropriate inquiries, and did not exercise due care with respect to the contamination.

(6) That Counter-Defendants' Third Party Defense to Shaikh's HSAA § 25363(d) claim is invalid because Counter-Defendants had reason to know of the contamination, did not conduct all appropriate inquiries, and did not exercise due care with respect to the contamination.

The motion seeks partial summary judgment only. Shaikh will litigate the specific items of cost recovery at a later date.

The motion seeks in the alternative—if the Court declines to grant all the relief requested by the motion—partial summary judgment on each material fact in support of the motion that is not genuinely in dispute and, thereafter, the Court's treatment of such facts as established in the case. *See* Fed. R. Civ. P. 56(g). Specifically, Shaikh seeks partial summary judgment on each element of each claim listed above and each element of each defense to those claims for which there is no genuine dispute, so that this case can proceed with as many issues resolved as possible.



The motion is supported by this Notice of Motion, the Memorandum of Points and Authorities, the Declarations of Kirk Tracy and Anthony Brown, the Statement of Uncontroverted Facts, and the Proposed Order filed herewith, and all records on file with the Court for this case, and such other evidence and oral argument as may be presented at the hearing on the motion.

Pursuant to Local Rule 7-3, on November 11, 2020, counsel for Shaikh met and conferred with counsel for Plaintiffs and thoroughly discussed the substance of this motion, but were unable to reach a resolution which would eliminate the necessity for a hearing. This motion thus follows that conference of counsel pursuant to L.R. 7-3.

Dated: January 22, 2021     PALADIN LAW GROUP® LLP

By: */s/ Kirk M. Tracy*
Kirk M. Tracy
Counsel for Defendant and Counter-Claimant Hussain M. Shaikh