RAINES FELDMAN LLP
JOHN S. CHA, ESQ. (SBN 129115)
JCHA@RAINESLAW.COM
1800 AVENUE OF THE STARS, 12TH FLOOR
LOS ANGELES, CA 90067
TELEPHONE: (310) 440-4100
FACSIMILE: (424) 239-1613

PILLSBURY WINTHROP SHAW PITTMAN LLP
MARK E. ELLIOTT (SBN 157759)
mark.elliott@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone:     213.488.7100
Facsimile:     213.629.1033

Attorneys for Plaintiffs
TC RICH, LLC, Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TC RICH, LLC, a California Limited Liability Company, RIFLE FREIGHT, INC., a California corporation, FLEISCHER CUSTOMS BROKERS, a sole proprietorship, RICHARD G. FLEISCHER, an individual, and JACQUELINE FLEISCHER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> HUSSAIN M. SHAIKH, an individual, HAROON KHAN, an individual, and SHAH CHEMICAL CORPORATION, a California Corporation. <br><br> Defendants. | Case No. 2:19-CV-02123-DMG-AGR <br><br> **PLAINTIFFS' STATEMENT OF GENUINE DISPUTES IN SUPPORT OF OPPOSITION TO DEFENDANT SHAIKH'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> [Filed concurrently with Opposition to Shaikh's Motion for Partial Summary Judgment, Declarations of Mark E. Elliott, Vanessa Layne, Suzi Rosen, and David Chamberlin, and Proposed Order] <br><br> Courtroom: 8C <br> Judge: Hon. Dolly M. Gee <br> Date: February 19, 2021 <br> Time: 3:00 p.m. |

Pursuant to the Federal Rules of Civil Procedure, Rule 56, and Local Rule 56-2, Plaintiffs TC Rich, LLC ("TC Rich"), Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer (together, the "Fleischers") (collectively "Plaintiffs") submit this Separate Statement of Genuine Disputes in Support of their Opposition to Defendant Hussain M. Shaikh's ("Shaikh") Motion for Partial Summary Judgment against Plaintiffs TC Rich and the Fleischers.

**ISSUE 1:** Partial Summary Judgment cannot be granted as to Shaikh's thirty-second affirmative defense, mootness, as to Plaintiffs' sixth cause of action for injunctive relief under RCRA § 7002(a)(1)(B).

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| 1. There is no remedy Shaikh could be ordered to take to reduce or eliminate any risk that is not already being undertaken by Murex under DTSC supervision. | • No actual remediation has been performed at the Property, nor has any removal or other protective action been taken to ameliorate or otherwise reduce the elevated PCE indoor air and soil vapor concentrations. ECF 61-3 at 16 (Plaintiffs' Separate Statement of Uncontroverted Facts in Support of Plaintiffs' Motion for Partial Summary Judgment ("SSUF")) 87;[1] Declaration of Vanessa Layne in Support of Plaintiffs' Opposition ("Layne Decl."), ¶ 6.<br><br>• Despite having been approached by the agency to do so, neither Shaikh nor his companies have agreed to enter into a voluntary Facility Initiated Corrective |

---

[1] All references to "SSUF" herein incorporate by reference Plaintiffs' Separate Statement of Uncontroverted Facts (ECF 61-3) in support of Plaintiffs' Motion for Partial Summary Judgment, filed January 22, 2021. Each reference to the SSUF refers to the numbered fact in the SSUF and corresponding evidence referenced therein.

-2-

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| • Brown Decl. ¶¶ 31-32 (summary of Murex's work to date), 40-55 (detailed review of Murex's work since 2015), 78-79 (reasonableness of Murex's work under DTSC supervision), 80 ("DTSC has been '*very impressed by the work done*', considers the work performed by Murex '*a model as to how investigations at a contaminated site should be performed*', and has '*no concerns*' about the work performed"), 92-119 (very unlikely that there are any exposure pathways to PCE contamination at the Site through groundwater, soil, or soil vapor); 121-133 (summary of these opinions). | Action ("FICA") with DTSC to guarantee their performance of the cleanup, nor has any unilateral order been issued by DTSC. ECF 61-3 at 16 (SSUF 88); Layne Decl., ¶ 7; Declaration of Mark E. Elliott in Support of Plaintiffs' Opposition ("Elliott Decl."), ¶¶ 10-11; Declaration of David Chamberlin in Support of Plaintiffs' Opposition ("Chamberlin Decl."), ¶ 9.<br><br>• Murex's work has been slow-paced, has failed to comply consistently with DTSC's requirements, and has been subject to critical feedback from DTSC. Layne Decl., ¶¶ 4-6.<br><br>• PCE contamination at the site has numerous potential exposure pathways constituting an imminent and substantial endangerment to health or the environment. Chamberlin Decl., ¶¶ 3-7. In addition, Brown's conclusion that there are no exposure pathways is contradicted by his statement that there may be a risk of dermal exposure during subsurface construction (Brown Decl., ¶ 104). The basis for Brown's opinion is also undermined by the invalidity of Murex's 2020 indoor air sampling results. (See evidentiary objections.) |

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| • ECF No. 22 ("FAC"), at ¶¶ 38 ("Since mid-2015, Shaikh's company, Pacifica Chemical, has taken the lead in conducting investigations of the contamination at the Property under DTSC's supervision."), 39 ("Pacifica Chemical has been investigating the contamination since 2015 . . . ."). | • Undisputed, but not material to the disputed legal conclusion stated above. Shaikh's parenthetical reference to Paragraph 39 of the FAC misstates the contents of the document and actually contradicts Shaikh's legal conclusion: "Although Pacifica Chemical has been investigating the contamination since 2015, <u>no actual remediation has been performed at the Property, nor has any removal or other protective action been taken to ameliorate or otherwise reduce the high PCE indoor air and soil vapor concentrations</u>." (Emphasis added.) |
| • ECF No. 22-6, at 16-17 (Feb. 26, 2019, Notice of Endangerment ("NOE") letter to Shaikh, stating Murex has conducted numerous response activities to address the VOCs at the Property). | • Plaintiffs do not dispute that Murex has conducted investigatory activities at the Property; however, no actual remedial work has been performed to date. ECF 61-3 at 16 (SSUF 87); Layne Decl., ¶ 6; Chamberlin Decl., ¶ 3. |
| • *TC Rich v. Pacifica* (C.D. Cal. No. 2:15-cv-04878-DMG-AGP) ("*TC Rich v. Pacifica*"), ECF No. 103 (Feb. 28, 2019 Further Joint Status Report), at 3:6-13 (immediately prior to filing of the present matter against Shaikh, Pacifica was requesting to perform a Pilot Test despite the lack of a finalized | • Undisputed, but not relevant. The fact that Pacifica Chemical has agreed to undertake some investigatory work to date does not mean Shaikh or Pacifica Chemical will fund complete remediation of the site conditions that may constitute an imminent and substantial endangerment at the Property. Layne Decl., ¶ 6 |

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| Facility Initiated Corrective Action Agreement with DTSC). | (remediation to cost $2.9-5M); ECF 61-1 at 2.[2] |
| • *TC Rich v. Pacifica*, ECF No. 96, at 2:16-3:5 (Oct. 19, 2018 Joint Status Report, discussing status of environmental investigation). | • Undisputed, but not relevant. The fact that Pacifica Chemical has agreed to undertake some investigatory work to date does not mean Shaikh or Pacifica Chemical will fund complete remediation. |
| • *TC Rich v. Pacifica*, ECF No. 89, at 3:17-4:17 (June 30, 2017 Stipulation to Stay Litigation, discussing Pacifica's insurer's agreement to pay $940,000 for Murex to perform remedial activities to complete a Removal Action Workplan). | • Undisputed, but mischaracterizes the facts. Pacifica has agreed to pay up to the *limit* of this $940,000 of insurance funds for a $2.5-5M cleanup. Layne Decl., ¶ 8; ECF 61-1 at 2. Accordingly, Shaikh could be ordered to or commit to reducing or eliminating the risk posed by contamination at the Property by completing a full remediation, as opposed to $940,000 of a remediation. |
| • Decl. of Kirk M. Tracy in Supp. of Shaikh's Mot. For Partial Summ. J. ("Tracy Decl."), *filed herewith*, at ¶ 11 & Ex. 10 ("Plaintiffs' Depo."), at 11:10-12:8 (single deposition of Richard Fleischer and Jacqueline Fleischer for all Plaintiffs); 65:16-68:16 (Murex's work at the Property and the lack of any identified hazardous conditions) | • Undisputed that Richard Fleischer and Jacqueline Fleischer were deposed as persons most knowledgeable on behalf of Plaintiffs, but this is not relevant to the legal conclusion stated here. Disputed to the extent Shaikh is suggesting the Fleischers have personal knowledge as to the sufficiency Murex's work or can testify as to hazardous conditions |

---

[2] *See also* ECF 98 at 3, a Joint Status Report filed in related case, *TC Rich et al. v. Pacifica et al.*, No. CV 15-4878 DMG (AGRx)

-5-

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| • Tracy Decl., Ex. 7, at interrogatory resp. no. 9 (list of work performed by Murex). | at the Property. *See* Fed. R. Evid. 701.<br><br>• Undisputed that certain work has been performed by Murex to date. |
| **2.** There is no evidence of inadequate response to the contamination, nor is there any evidence that DTSC has neglected its duties in oversight of the response actions.<br><br>*See* Fact 1, *supra*. | • *See* response to Fact 1, *supra*. |

**ISSUE 2:** Partial Summary Judgment cannot be granted as to Shaikh's first affirmative defense, failure to state a claim, or Shaikh's thirty-first affirmative defense, no imminent and substantial endangerment, as to Plaintiffs' sixth cause of action for injunctive relief under RCRA § 7002(a)(1)(B).

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| **3.** The hazardous waste contamination at 132 W. 132nd Street ("Property") does not "present an imminent and substantial endangerment," nor "may" it.<br><br>• *See* Fact 1, *supra*. | • Disputed. PCE contamination at the site currently has numerous potential exposure pathways constituting an imminent and substantial endangerment to health or the environment. Chamberlin Decl., ¶¶ 3-7. In addition, Murex's work has been slow-paced, has failed to comply consistently with DTSC's requirements, and has been subject to critical feedback from DTSC. Layne Decl., ¶¶ 4-6. DTSC itself has stated in official correspondence, "*DTSC has determined that site conditions pose a threat to human health and* |

-6-

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| | *the environment.*" Chamberlin Decl., ¶ 3; Declaration of Mark E. Elliott in Support of Plaintiffs' Motion for Partial Summary Judgment, ¶ 25, Ex. 23. |
| • Brown Decl. ¶¶ 48-49 (work completed or in progress prior to June 2019), 125 (indoor air samples beginning in 2015 were at "acceptable levels"), 126-129 (effectiveness of Murex's activities prior to and including 2019) | • Disputed. Indoor air samples collected in 2015 were not at "acceptable levels;" no such conclusion can be reached. These sample results are invalid due to the conditions in place at the time of sampling. Layne Decl., ¶ 3. In addition, this fact is disputed as to the "effectiveness" of Murex's activities, as no actual remediation has been performed to date. ECF 61-3 at 16 (SSUF 87); Layne Decl., ¶ 6. |
| • ECF No. 22 ("FAC"), at ¶¶ 38 ("Since mid-2015, Shaikh's company, Pacifica Chemical, has taken the lead in conducting investigations of the contamination at the Property under DTSC's supervision."), 39 ("Pacifica Chemical has been investigating the contamination since 2015 . . . ."). | • Undisputed that Pacifica Chemical, through Murex's work, has been conducting <u>investigatory</u> work at the Property; however, disputed that it can be inferred from this fact that hazardous waste at the Property does or may not "present an imminent and substantial endangerment." Chamberlin Decl., ¶¶ 3-7. |
| • ECF No. 22-6, at 16-17 (Feb. 26, 2019, Notice of Endangerment ("NOE") letter to Shaikh, stating Murex has conducted numerous response activities to address the VOCs at the Property). | • See above. |
| • *TC Rich v. Pacifica* (C.D. Cal. No. 2:15-cv-04878-DMG-AGP), ECF No. 103 (Feb. 28, 2019 Further | • Undisputed, but not material to the issues in this case. The fact that Pacifica Chemical has agreed to |

-7-

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| Joint Status Report), at 3:6-13 (immediately prior to filing of the present matter against Shaikh, Pacifica was requesting to perform a Pilot Test despite the lack of a finalized Facility Initiated Corrective Action Agreement with DTSC). | undertake some investigatory work to date does not mean Shaikh or Pacifica Chemical will fund complete remediation of the site conditions that may constitute an imminent and substantial endangerment at the Property. |
| • *TC Rich v. Pacifica*, ECF No. 96, at 2:16-3:5 (Oct. 19, 2018 Joint Status Report, discussing status of environmental investigation). | • See above. |
| • *TC Rich v. Pacifica*, ECF No. 89, at 3:17-4:17 (June 30, 2017 Stipulation to Stay Litigation, discussing Pacifica's insurer's agreement to pay $940,000 for Murex to perform remedial activities to complete a Removal Action Workplan). | • Undisputed, but mischaracterizes facts. Pacifica has agreed to pay up to the *limit* of this $940,000 of insurance funds for a $2.5-5M cleanup. *See* Layne Decl., ¶ 8; ECF 61-1 at 2. The fact that Pacifica Chemical has agreed to undertake some investigatory work to date does not mean Shaikh or Pacifica Chemical will fund complete remediation of the site conditions that may constitute an imminent and substantial endangerment at the Property. |
| • Tracy Decl., Ex. 7, at interrogatory resp. no. 9 (list of work performed by Murex). | • Undisputed, but not material to the issues in this case. The fact that Pacifica Chemical has agreed to undertake some investigatory work to date does not mean Shaikh or Pacifica Chemical will fund complete remediation of the site conditions that may constitute an imminent and substantial endangerment at the Property. |

-8-

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| • Plaintiffs' Depo., at 65:16-68:16 (Murex's work at the Property and the lack of any identified hazardous conditions) | • Disputed. The Fleischers' testimony as to the sufficiency of Murex's work and presence of hazardous conditions is not "rationally based on the witness's perception" and is "not based on scientific, technical or other specialized knowledge." *See* Fed. R. Evid. 701. |
| **4.** There is no evidence of inadequate response to the contamination, nor is there any evidence that DTSC has neglected its duties in oversight of the response actions. *See* Fact 1, *supra*. | • *See* response to Fact 1, *supra*. |

**ISSUE 3:** Partial Summary Judgment should not be granted as to Shaikh's first cause of action for contribution CERCLA § 113(f)(3)(B).

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| **5.** The Property constitutes a "facility."<br><br>• FAC ¶¶ 1-3 (hazardous substance contamination at and release from the Property), 11 (disposal of toxic or hazardous substances at the Property), 22 (PCE is a hazardous substance currently present in groundwater, soil, and soil gas at the Property).<br><br>• ECF No. 51 ("Answer to Shaikh's Counterclaim"), at ¶ 10 (admitting the Property is contaminated with | • Undisputed |

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| PCE and other hazardous substances).<br><br>• ECF No. 22-6 (NOE), at 12 (stating there is PCE and other contamination at and emanating from the Property).<br><br>• ECF No. 22-6 (NOE), at 16 (discussion of detections of PCE at the property in 2015).<br><br>• Plaintiffs' Depo., at 28:6-9 (PCE contamination at the Property).<br><br>• Brown Decl. ¶¶ 60-61 (evidence of PCE released at the Property). | |
| **6.** PCE is a "hazardous substance."<br><br>• FAC, at ¶¶ 1-3 (hazardous substance contamination at and release from the Property), 11 (disposal of toxic or hazardous substances at the Property), 22 (PCE is a hazardous substance currently present in groundwater, soil, and soil gas at the Property).<br><br>• ECF No. 22-6 (NOE), at 13 (PCE is a "hazardous waste").<br><br>• Brown Decl. ¶ 17 (PCE is a hazardous substance under CERCAL). | • Undisputed. |
| **7.** There was a "release" of PCE at or from the 132 W 132nd Street facility.<br><br>• ECF No. 22 ("FAC"), at ¶¶ 1-3 (hazardous substance contamination at and release from the Property), 11 (disposal of toxic | • Undisputed. |

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| or hazardous substances at the Property).<br><br>• ECF No. 22-6 (NOE), at 12 (stating there is PCE and other contamination at and emanating from the Property), 17 (alleging discharges of contaminants at the Property).<br><br>• Brown Decl. ¶¶ 60-61 (evidence of PCE released at the Property). | |
| 8. The release has caused the incurrence of "necessary costs of response" that are "consistent with the [National Contingency Plan ("NCP")]."<br><br>• Brown Decl. ¶¶ 60-61 (evidence of PCE released at the Property), ¶¶ 31-32 (summary of Murex's work to date in response the PCE at the Property), 82-91 (Murex's work is consistent with an NCP-compliant response up to this point). | • Undisputed, but not relevant as to response costs incurred to date, which were not paid for by Shaikh. ECF 61-3 at 16 (SSUF 89).<br><br>• Disputed that the evidence cited supports the proposition that certain costs incurred are consistent with the NCP. Anthony Brown's testimony states only that Murex's work has been "generally consistent" with just two elements of "NCP/CERCLA/HSAA." |
| 9. TC Rich is a "liable person" or "responsible party" under CERCLA, because it is the owner of the facility.<br><br>• FAC ¶¶ 2, 9 (TC Rich is the current owner of the Property).<br><br>• ECF No. 51 ("Answer to Shaikh's Counterclaim"), at ¶ 4 (admitting | • Disputed, as TC Rich is subject to the Third Party Defense under CERCLA, 42 U.S.C. § 9607(b)(3). For supporting facts, see generally Declaration of Suzi Rosen in Support of Plaintiffs' Opposition ("Rosen Decl."), ¶¶ 14-49.<br><br>• Undisputed that TC Rich is the current owner of the Property. |

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| TC Rich is the current owner of the Property) (see ECF No. 46, Shaikh's Counterclaims, at ¶ 4). | |
| **10.** Richard Fleischer is a "liable person" or "responsible party" under CERCLA, because he is a current owner or operator of the facility. | • Disputed. Richard Fleischer does not own or operate any facility at the Property. ECF 61-3 at 9 (SSUF 43). None of the facts proffered by Shaikh establish that Mr. Fleischer is a current owner or operator, or is otherwise a "liable person" or "responsible party" under CERCLA. |
| • FAC ¶ 9 (Richard Fleischer and Jacqueline Fleischer are the only members of TC Rich). | • Undisputed, but not material to the disputed legal conclusion stated above. |
| • FAC ¶ 10 (Richard Fleischer and Jacqueline Fleischer own and control the other plaintiffs, which are tenants at the Property). | • Disputed to the extent Shaikh misrepresents Plaintiffs' allegations in the FAC or suggests the Fleischers are liable under CERCLA. |
| • Answer to Shaikh's Counterclaim, at ¶ 5 (Richard Fleischer is managing member of TC Rich). | • Undisputed, but not material to the disputed legal conclusion stated above. |
| • Plaintiffs' Depo. at 12:14-16, 15:23-16:5; 12:21-13:3; 13:15-18; 20:9-12; 13:4-6, 13:19-23; 23:7-19, 24:3-8; 32:16-33:2; 21:9-11; 33:6-34:3; 14:4-10, 30:20-33:5; 94:5-96:19; 100:4-22, 103:17-20, 107:7-21 (Fleischers' various entities and their control over them) | • Disputed to the extent Shaikh misrepresents Plaintiffs' deposition testimony or suggests the Fleischers are liable under CERCLA. |
| **11.** Jacqueline Fleischer is a "liable person" or "responsible party" under | • Disputed. Jacqueline Fleischer does not own or operate any facility at the Property. ECF 61-3 at 9 (SSUF 43). None of the facts |

-12-

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| CERCLA, because she is a current owner or operator of the facility. | proffered by Shaikh establish that Mr. Fleischer is a current owner or operator, or is otherwise a "liable person" or "responsible party" under CERCLA. |
| • FAC ¶ 9 (Richard Fleischer and Jacqueline Fleischer are the only members of TC Rich). | • Undisputed, but not material to the disputed legal conclusion stated above. |
| • FAC ¶ 10 (Richard Fleischer and Jacqueline Fleischer own and control the other plaintiffs, which are tenants at the Property). | • Disputed to the extent Shaikh misrepresents Plaintiffs' allegations in the FAC or suggests the Fleischers are liable under CERCLA. |
| • Answer to Shaikh's Counterclaim, at ¶ 6 (Jacqueline Fleischer is a member of TC Rich). | • Undisputed, but not material to the disputed legal conclusion stated above. |
| • Brown Decl. ¶ 30 (Richard and Jackie Fleischer named as the applicant points of contact on TC Rich's Request for Agency Oversight Application to DTSC) | • Undisputed, but not material to the disputed legal conclusion stated above. |
| • Plaintiffs' Depo. at 12:14-16, 15:23-16:5; 12:21-13:3; 13:15-18; 20:9-12; 13:4-6, 13:19-23; 23:7-19, 24:3-8; 32:16-33:2; 21:9-11; 33:6-34:3; 14:4-10, 30:20-33:5; 94:5-96:19; 100:4-22, 103:17-20, 107:7-21 (Fleischers' various entities and their control over them) | • Disputed to the extent Shaikh misrepresents Plaintiffs' deposition testimony or suggests the Fleischers are liable under CERCLA. |
| 12. Shaikh gave notice of its counterclaims to the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency. | • Undisputed. |

-13-

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| Tracy Decl. ¶ 3, Exh. 2. | |

**ISSUE 4:** Partial Summary Judgment should not be granted as to Shaikh's third cause of action for contribution or indemnification under HSAA.

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| 13. The Property constitutes a "facility." *See* Fact 5, *supra*. | • Undisputed. |
| 14. PCE is a "hazardous substance." *See* Fact 6, *supra*. | • Undisputed. |
| 15. There was a "release" of PCE at or from the 132 W 132nd Street facility. *See* Fact 7, *supra*. | • Undisputed. |
| 16. The release(s) caused the incurrence of removal or remedial action (response) costs, in accordance with the HSAA or CERCLA. *See* Fact 8, *supra*. | • Undisputed. *See* response to Fact 8, *supra*. |
| 17. TC Rich is a "liable person" or "responsible party" under the HSAA. *See* Fact 9, *supra*. | • Disputed. *See* response to Fact 9, *supra*. |
| 18. Richard Fleischer is a "liable person" or "responsible party" under the HSAA. *See* Fact 10, *supra*. | • Disputed. *See* response to Fact 10, *supra*. |
| 19. Jacqueline Fleischer is a "liable person" or "responsible party" under the HSAA. *See* Fact 11, *supra*. | • Disputed. *See* response to Fact 11, *supra*. |

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| 20. Shaikh gave DTSC notice of the commencement of this action.<br><br>Tracy Decl. ¶ 4 & Exh. 3. | • Undisputed. |

**ISSUE 5:** Partial Summary Judgment should not be granted in favor of Shaikh as to Counter-Defendants' Third Party Defense to Shaikh's CERCLA and HSAA claims.

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| 21. Counter-Defendants cannot prove they did not have reason to know about the contamination prior to their acquisition of the Property | • Disputed. See, generally, Rosen Decl. ¶¶ 14-31, 32-39, 46-49. |
| • Brown Decl. ¶¶ 35 (2005 Phase I noted the PCE tank but failed to identify it as a "recognized environmental condition (REC)"), 36-38 (2005 Aqua Science investigation failed to investigate area of the PCE tank as compared to the more appropriate 2015 investigations), 67-68 (same). | • See Rosen Decl. ¶¶ 14-31, 32-39, 46-49. |
| • Tracy Decl., Ex. 1 (A/E West 2005 Phase I) at Bates number TCR000016 (re PCE storage and resale), TCR000033 (notice of Pacifica's use of the former clarifier and recommendation that a closure report be completed). | • Undisputed, but not material to the disputed legal conclusion stated above. Rosen Decl. ¶¶ 14-31, 32-39, 46-49. |
| • Plaintiffs' Depo. at 50:13-51:11 (knowledge of Pacifica's past use of the property), 35:4-37:6, 50:13-51:19 (Plaintiffs investigation limited to what the bank told them | • Misstates testimony as it concerns the Fleischers' investigation of the Property. The Fleischers were not asked whether they *only* did what the bank asked. Plaintiff also |

-15-

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| to do and the corresponding environmental reports). | testified to physically observing the Property. These citations are also immaterial to the disputed legal conclusion stated above. See, generally, Rosen Decl. ¶¶ 14-31, 32-39, 46-49. |
| • Tracy Decl., ¶ 5 & Ex. 4, at response no. 11 (TC Rich admitted it knew the Property had been occupied by a chemical supply company) | • Undisputed, but not material to the disputed legal conclusion stated above. See, generally, Rosen Decl. ¶¶ 14-31, 32-39, 46-49. |
| **22.** Counter-Defendants did not perform "all appropriate inquiries"<br><br>• *See* Fact 21, *supra*.<br><br>• Brown Decl. ¶¶ 62-77 (explaining all the shortcomings of Plaintiffs' 2005 investigation and failure, therefore, to satisfy the all appropriate inquiries standard), 120 (same).<br><br>• Tracy Decl., Ex. 6, at 31:20-23, 33:15-22, 42:2-22 (Plaintiffs' *lender* performed a limited environmental assessment), 31:20-23, 33:15-22, 42:2-22 (A/E West was hired by Canada Life and the loan broker, Dwyer-Curlett, and was not working on behalf of Plaintiffs and in fact did not even know who TC Rich was).<br><br>• Tracy Decl., Ex. 1, at Bates number TCR0000007 (scope of the Phase I report clearly indicates it is only for Dwyer-Curlett), TCR0000034 ("This Report is for | • Disputed. *See* Rosen Decl. ¶¶ 14-31, 32-39, 46-49.<br><br>• *See* response to Fact 21.<br><br>• Disputed. Plaintiffs' 2005 investigation satisfied the "all appropriate inquiries" standard. See Rosen Decl. Rosen Decl. ¶¶ 14-31, 32-39, 46-49.<br><br>• Undisputed, but not material to the disputed legal conclusion stated above. See Rosen Decl. ¶¶ 14-31, 32-39, 46-49.<br><br>• Undisputed, but not material to the disputed legal conclusion stated above. See Rosen Decl. ¶¶ 14-31, 32-39, 46-49. |

| Shaikh's Claimed Uncontroverted Facts and Supporting Evidence | Plaintiffs' Disputed Facts and Supporting Evidence |
|---|---|
| the exclusive use of and may be relied upon by Canada Life Insurance Company of America and Dwyer-Curlett & Company."). | |
| • Tracy Decl., Ex. 7, at response no. 1 (all appropriate inquiries by TC Rich limited to review of the 2005 A/E West report and the 2005 Aqua Science Report), Ex. 8, at response no. 1 (same for R. Fleischer), Ex. 9, at response no. 1 (same for J. Fleischer). | • Undisputed, but not material to the disputed legal conclusion stated above. See Rosen Decl. ¶¶ 14-31, 32-39, 46-49. |
| • Tracy Decl. ¶ 12 & Ex. 11, at 71:2-72:11. (Aqua Science testified at its deposition that its investigation was *not sufficient to test the property for contamination* because it failed to test the entire Property and did not investigate the area that housed a 2,000-gallon tank of PCE). | • This citation is to the Deposition of Kenneth Williams Lederman of A/E West Consultants, Inc.—Not Aqua Science. Additionally, page 71:2-72:11 of the deposition transcript does not state what Shaikh claims it does. It does not pertain to Aqua Science's investigation or failure to investigate the area that housed the PCE storage tank. |
| • Indeed, Plaintiffs' own Complaint in *TC Rich v. Pacifica* admits that A/E West and Aqua Science negligently conducted its investigations. (*TC Rich v. Pacifica*, ECF No. 1, at ¶¶ 95–96.) | • Undisputed, but not material to the disputed legal conclusion stated above. See Rosen Decl. ¶¶ 14-31, 32-39, 46-49. |
| 23. Counter-Defendants failed to exercise "due care" with respect to the contamination. | • Disputed. See Rosen Decl. ¶¶ 14-31, 40-45, 46-49. |
| • Tracy Decl. ¶ 6 & Ex. 5, at response no. 4 (TC Rich's interrogatory responses claim that by forgoing the use of PCE or | • Undisputed, but not material to the disputed legal conclusion stated above. See Rosen Decl. ¶¶ 14-31, 40-45, 46-49. |

-17-

| **Shaikh's Claimed Uncontroverted Facts and Supporting Evidence** | **Plaintiffs' Disputed Facts and Supporting Evidence** |
|---|---|
| other volatile organic compounds, TC Rich is "taking all preventative actions or measures to avoid, prevent, reduce, or mitigate known or foreseeable releases . . . " as well as granting Pacifica access to conduct environmental investigations). | |

Dated: January 29, 2021         RAINES FELDMAN LLP

By: */s/ John S. Cha*
         JOHN S. CHA


PILLSBURY WINTHROP SHAW PITTMAN LLP


By:         /s/ Mark E. Elliot
         MARK E. ELLIOTT

Attorneys for Plaintiffs
TC RICH, LLC, Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer

-18-