1  RAINES FELDMAN LLP
2  JOHN S. CHA, ESQ. (SBN 129115)
   jcha@raineslaw.com
3  1800 Avenue of the Stars, 12th Floor
4  Los Angeles, CA 90067
   Telephone:  (310) 440-4100
5  Facsimile:   (424) 239-1613

6
   PILLSBURY WINTHROP SHAW PITTMAN LLP
7  MARK E. ELLIOTT (SBN 157759)
8  mark.elliott@pillsburylaw.com
   725 South Figueroa Street, Suite 2800
9  Los Angeles, CA 90017-5406
   Telephone:  (213) 488-7100
10 Facsimile:   (213) 629-1033

11
   Attorneys for Plaintiffs
12 TC RICH, LLC, Rifle Freight, Inc., Fleischer
13 Customs Brokers, Richard G. Fleischer, and
   Jacqueline Fleischer
14

15
                    **UNITED STATES DISTRICT COURT**
16
                    **CENTRAL DISTRICT OF CALIFORNIA**
17

| | |
|---|---|
| TC RICH, LLC, a California Limited Liability Company, RIFLE FREIGHT, INC., a California corporation, FLEISCHER CUSTOMS BROKERS, a sole proprietorship, RICHARD G. FLEISCHER, an individual, and JACQUELINE FLEISCHER, an individual,<br><br>            Plaintiffs,<br><br>      v.<br><br>HUSSAIN M. SHAIKH, an individual, HAROON KHAN, an individual, and SHAH CHEMICAL CORPORATION, a California Corporation.<br><br>            Defendants. | Case No.: 2:19-CV-02123-DMG-AGR<br><br>**[PROPOSED] ORDER DENYING SHAIKH'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST PLAINTIFFS**<br><br>Courtroom: 8C<br>Judge: Hon. Dolly M. Gee<br>Date:    February 19, 2021<br>Time:    3:00 p.m.<br><br>First Amended Complaint: 06/04/2019 |

*TC RICH v. Shaikh, et al.*                                                                    **[PROPOSED] ORDER**

# [PROPOSED] ORDER

The Motion by Defendant Hussain M. Shaikh ("Shaikh") for Partial Summary Judgment ("Motion") against Plaintiffs TC Rich, LLC ("TC Rich"), Rifle Freight, Inc., Fleischer Customs Brokers, Richard G. Fleischer, and Jacqueline Fleischer (together, the "Fleischers") (collectively, "Plaintiffs") was heard before this Court to determine whether there are any triable issues of material fact with regard to the claims alleged in the First Amended Complaint ("FAC") filed by Plaintiffs against Defendant Hussain M. Shaikh ("Shaikh") (ECF 22) and Shaikh's Counterclaim against the TC Rich and the Fleischers (ECF 46).

After reviewing the motion, opposition, submissions, and applicable law, the Court finds that there are genuine disputes as to many of the material facts proffered by Shaikh in his Motion. Therefore, pursuant to the Federal Rules of Civil Procedure, Rule 56, this Court cannot find that Shaikh is entitled as a matter of law to partial summary judgment on Plaintiffs' Resource Recovery and Conservation Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), claim against Shaikh, or on Shaikh's Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613, counterclaim against Plaintiffs.

For the reasons stated, the Court DENIES Shaikh's motion for partial summary judgment and finds:

1. Shaikh has failed to demonstrate, as a matter of law, that Plaintiffs' RCRA claim, under 42 U.S.C. § 6972(a)(1)(B), is moot. Absent any injunction or enforceable order or agreement mandating Shaikh's full-scale remediation of the Property, Plaintiffs' RCRA claim is redressable.

2. Shaikh has failed to demonstrate, as a matter of law, that Plaintiffs' RCRA claim should be dismissed. In particular, Plaintiffs have raised a genuine dispute as to whether there may be an "imminent and substantial endangerment to health or the environment" posed by site conditions at the Property, which were caused solely by Shaikh's historic operations. *See* 42 U.S.C. § 6972(a)(1)(B).

3. Shaikh has also failed to establish, as a matter of law, that TC Rich and the Fleischers are statutorily liable parties under CERCLA. *See* 42 U.S.C. § 9607(a)(1). Plaintiffs have raised a genuine dispute supporting the inference that TC Rich had no reason to know the Property was contaminated at the time of purchase, TC Rich met the standard at the time for conducting all appropriate inquiries prior to acquisition, and Plaintiffs exercised due care with respect to the hazardous substances once the contamination was discovered. 42 U.S.C. § 9607(b)(3). With respect to the Fleischers, Shaikh has failed to articulate a theory upon which the Fleischers could be statutorily liable under 42 U.S.C. § 9607(a)(1). Even if Shaikh had successfully articulated such a theory, the record before the Court supports a reasonable inference that the Flesichers are neither directly nor derivatively liable as current owners or operators of the Property under CERCLA. *See United States v. Bestfoods*, 524 U.S. 51, 62, 66 (1998).

**IT IS HEREBY ORDERED** that the Motion for Partial Summary Judgment is **DENIED**.

IT IS SO ORDERED.

Dated: _____, 2021       _____
                                                                Judge Dolly M. Gee